UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NO. 22-CR-96 (CKK) |
| LAUREN HANDY, | : | |
| | : | |
| JONATHAN DARNELL, | : | |
| | : | |
| JAY SMITH (aka JUANITO PICHARDO), | : | |
| | : | |
| PAULETTE HARLOW, | : | |
| | : | |
| JEAN MARSHALL, | : | |
| | : | |
| JOHN HINSHAW, | : | |
| | : | |
| HEATHER IDONI, | : | |
| | : | |
| WILLIAM GOODMAN, and | : | |
| | : | |
| JOAN BELL, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The Defendants in this case are charged with a conspiracy against rights for their forceful efforts to obstruct access to reproductive health services clinic in the District of Columbia.  The discovery in this case is unusually sensitive and includes reports of interviews of medical clinic staff and patient-victims, and clinic surveillance and body-worn camera footage that depict the faces of clinic staff and patient-victims.  Accordingly, the Government moves for the attached proposed protective order to establish reasonable controls on the use of the discovery in this case. Defendants John Hinshaw, Heather Idoni, and Jean Marshall do not object to the Government's proposed order.  Defendants Joan Bell, William Goodman, and Lauren Handy object to certain

of its provisions. Defendants Jay Smith, Jonathan Darnel, and Paulette Harlow have not taken a position on it.

## BACKGROUND

On March 30, 2022, a federal grand jury in the District of Columbia returned a two-count indictment charging the Defendants with a conspiracy against rights, in violation of 18 U.S.C. § 241, and a violation of the Freedom of Access to Clinic Entrances Act, in violation of 18 U.S.C. § 248. ECF No. 1. According to the indictment, the Defendants planned and worked together to create a blockade at a reproductive health clinic. Several Defendants traveled to the District from out of state to participate in the pre-planned blockade. Defendants Handy, Smith, Harlow, Marshall, Hinshaw, Idoni, Goodman, and Bell forcefully entered the clinic and used their bodies, chairs, and chains to prevent the clinic from providing, and patients from obtaining, reproductive health services. Defendant Darnel live-streamed the obstructive activity on Facebook.

Because the Defendants are alleged to have committed the charged conduct at a medical facility to obstruct fellow citizen's access to reproductive health services, the discovery in this case is unusually sensitive. It includes reports of interviews with clinic staff and patient-victims; footage from the clinic's surveillance cameras and body-worn cameras of responding Metropolitan Police Department officers, which depicts the faces of clinic staff and patient-victims; grand jury materials; search warrant returns; and detailed private information of the co-defendants.

The Government circulated a proposed protective order to all Defendants. Following discussions with counsel to Defendants Handy and Goodman, the Government agreed to modify two provisions of its original proposal, and those modifications are included in the attached, proposed protective order. Ex. 1. Two points of disagreement remain.

First, the Government believes that the protective order in this case should apply to all discovery it produces—except for that which is also publicly available or already in the Defendants' possession—because of real and far-reaching privacy concerns.   Defendants Handy and Goodman submit "that the protective order should cover only discovery materials that contain information raising privacy concerns, not all discovery."

Second, the Government proposes that the protective order provide that the defense not disclose the discovery in this case "directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons")."   Defendants Handy, Goodman, and Bell request that the protective order "permit defense counsel to authorize the viewing of the materials by any person where doing so reasonably can be expected to further the investigation of the defendant's case and the preparation of the defense."

## APPLICABLE LAW

Under Federal Rule of Criminal Procedure 16, the Government must provide to defendants documents and information material to preparing a defense.   Fed. R. Crim. P. 16(a).   Rule 16 also provides that for good cause, courts may grant appropriate relief regarding discovery, including by entering protective orders.   *Id*. at 16(d)(1); *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) ("a 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.") (quoting *Alderman v. United States*, 394 U.S. 165, 185, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)).   In cases with a large amount of sensitive discovery, protective orders over all of the discovery can be appropriate.   *See United States v. Bulger*, 238 F.R.D. 46, 52 n.11 (D.

Mass. 2012) ("Blanket protective orders expedite the flow of discovery and avoid the time consuming, inefficient process of a document by document review." (internal quotation marks omitted)); *see also United States v. Johnson*, 314 F. Supp. 3d 248, 252 (D.D.C. 2018) (noting that some courts that enter blanket protection orders do not require a particularized showing in support of the order (citing *Bulger*, 238 F.R.D. at 52)).

The proponent of a protective order must establish good cause based on a particularized, specific showing. *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). "In determining whether good cause exists, courts have considered whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm." *Id*. In weighing victim and witness needs for the protective order against prejudice to defendants, "the Court considers two factors—the nature and circumstances of the alleged crime and the Defendant's criminal history." *Id.*

## ARGUMENT

In this case, a broad protective order is necessary and appropriate to protect the highly sensitive privacy interests of the witnesses and victims of the charged crime. With respect to the two provisions of the Government's proposed order to which Defendants Bell, Goodman, and Handy object, the witness and victims' need for privacy outweighs any prejudice to the Defendants or the public.

First, the protective order should cover all of the discovery in this case. The discovery is unusually sensitive, consisting of FBI interview reports of witnesses and vulnerable victims, and similar investigative documents; camera footage of the charged conduct inside a medical facility; grand jury material; and sensitive material belonging to co-defendants, such as social media search

warrant returns and arrest reports.   *See Dixon*, 355 FR.Supp.3d at 4-5 (acknowledging strong privacy interest of victims and witnesses on body-worn camera footage). The nature and circumstances of the crime support a protective order governing all discovery, as the Defendants are charged with intentionally interfering with the rights of fellow citizens. The witnesses and victims have significant privacy interest to protect, given their vulnerability derived from an association with the medical clinic where the offense occurred.   The criminal history of Defendants Handy, Bell and Goodman, as well as the other defendants, also weigh in support of a broad protective order to protect the victims of and witnesses to their crimes. *Id.* (Contrasting the need for a protective order when defendants have criminal histories with that of a first-time offender).   Many of the defendants have prior convictions relating to state and local charges, such as trespassing, and harassment.   Indeed, Defendants Handy, Bell and Goodman, have been arrested since charges were first brought in this case.

Furthermore, it is unclear how the application of the protective order to all the materials in the case would prejudice the Defendants by limiting the materials' use to the preparation of a defense. The defendants have no right to try this case in the court of public opinion through dissemination of selected evidence. *See, e.g., United States v. Cudd*, 534 F. Supp. 3d 48, 56 (D.D.C. 2021) ("The Court's priority is to ensure fair criminal trials to the Government… not cater to parties' interests in selective disclosures to the media. The Court is mindful that pretrial publicity of discovery in this case may injure other defendants, witnesses, and third parties whose personal information was collected in the Government's investigation.").

Second, because of the sensitive nature of the discovery materials in this case, it is important to restrict the materials to the defense and potential witnesses.   The Defendant's proposed broader language—"with any person reasonably can be expected to further the

investigation of the defendant's case and the preparation of the defense"—could be interpreted to

be so broad as to include supporters and associates of the Defendants who have nothing to do with

the case.   The Government's concern that the discovery materials could be used improperly is

heightened by the fact that two of the Defendants who requesting this broader language refused,

in their initial appearance in this District, to promise to abide by the Court's conditions of release,[1]

and that after her initial appearance, Defendant Handy held a press conference in which she made

unfounded accusations about the clinic where the criminal conduct alleged in the indictment took

place.[2]  Where discovery information is particularly sensitive, as is the case here, Courts regularly

restrict its use to the defense team. *See United States v. Concord Mgmt. & Consulting LLC*, 404 F.

Supp. 3d 67, 77 (D.D.C. 2019) (collecting cases); *see also United States v. Johnson*, 191 F. Supp.

---

[1] Tr. 4/5/22 at 44, 48:

THE COURTROOM DEPUTY: Ms. Bell, do you solemnly swear to abide by the conditions of your release as set forth by this Court, so help you God?

DEFENDANT BELL: I do not. As God as my witness, I cannot swear to such an evil condition.

THE COURT: Understood.

DEFENDANT BELL: I pray for babies and save babies. I will not swear to that.

THE COURT: All right.  Ms. Bell, and you understand my position, that I'm ordering you to do so. So, again, you'll have a choice to make.

DEFENDANT BELL: I understand.

…

THE COURTROOM DEPUTY: Mr. Goodman, do you solemnly swear to abide by the conditions of your release as set forth by this Court, so help you God?

DEFENDANT GOODMAN: As with Ms. Joan Bell, I cannot agree to an unjust release. Although I fully understand, but to stay away from a place killing people is not something I can agree to. But I do understand fully what the Judge has said and I understand the conditions.

[2] *See* Lauren Handy Claims to Have Actually Had 115 Fetuses, https://www.washingtonian.com/2022/04/05/lauren-handy-claims-she-actually-had-115-fetuses-in-her-apartment/

3d 363, 374 (MD. Pa. 2016) ("[G]iven the sensitive nature of the covered documents, Defendants'

'just trust us' approach is simply inadequate as a matter of law.").

## **CONCLUSION**

Good cause exists for the Government's proposed protective order, and the Government

respectfully requests that the Court grant it.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar #481052

By: */s/ Elizabeth Aloi*
Molly Gaston
Elizabeth Aloi
Assistant United States Attorneys
VA Bar Number 78506 (Gaston)
DC Bar Number 1015864 (Aloi)
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7803 (Gaston)
(202) 252-7212 (Aloi)
Molly.Gaston@usdoj.gov
Elizabeth.Aloi@usdoj.gov

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

By: */s/ Sanjay Patel*
Sanjay Patel
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE, 7.121
Washington, D.C. 20530
IL Bar. No. 6272840
(202) 307-6188