UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LAUREN HANDY, *et al.*,<br>Defendants. | Criminal Action No. 22-096 (CKK) |

**ORDER**
(May 31, 2022)

Pending before the Court is the Government's [52] Motion for Protective Order ("Motion"). The Motion indicates that Defendants Bell, Handy, and Goodman object to the Motion. Defendants Handy and Goodman subsequently withdrew their opposition. ECF No. 69 (Handy); ECF No. 76 (Goodman). Defendant Marshall filed a "Memorandum in Opposition to the Government's Motion for Protective Order" in which she represented that she opposed the Motion, but made no argument against the Motion. ECF No. 70. Accordingly, all Defendants but Defendants Bell and Marshall oppose the Motion. No Defendant has filed an opposition explaining their objections to the Motion.

Federal Rule of Criminal Procedure 16(d) permits the Court to, upon a showing of good cause, "deny, restrict, or defer discovery . . . or grant other appropriate relief." Such relief may include a protective order. *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019) (TNM). To determine whether good cause exists, the Court looks to: (1) whether disclosure of the public disclosure of materials would pose a hazard to others; (2) whether any defendant would be prejudiced by a protective order; and (3) whether the public's interest in disclosure outweighs the possible harm. *Id.* at 5. "Among the considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the

1

protection of information vital to national security." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

Only two provisions of the proposed protective order are at issue. First, Defendants Bell and Marshall object to a protective order that covers all discovery, not just discovery which raises privacy concerns. *See* Mot. at 3. Second, Defendants Bell and Marshall request that the protective order "permit defense counsel to authorize the viewing of the materials by any person where doing so reasonably can be expected to further the investigation of the defendant's case and the preparation of the defense." *See id.*

First, the Court agrees that privacy interests may well attach to all discovery in this case, as Defendants are charged with interfering with the provision of health services to patients at a health clinic. *See* Indictment, ECF No. 1, at 5-7 (describing conduct charged). The Court is concerned that an order permitting the public disclosure of much of the discovery in this case may lead to the dissemination of that information in the court of public opinion, particularly where Defendant Bell refused to swear to abide by the terms of her release and where Defendant Handy has held at least one press conference related to this case. *See id.* at 6 & ns. 1-2. In other words, given much of the discovery in this case will likely include medical appointments for private medical procedures and the provision of those procedures, the Court concludes that a protective order is necessary to prevent "the disclosure of materials [that] would pose a hazard to others." *See Dixon*, 355 F. Supp. 3d at 4. Second, the Court agrees that the language preferred by Defendants Bell and Marshall "could be interpreted to be so broad as to include supporters and associates of the Defendants who have nothing to do with the case." *Id.* Without any further legal argument or factual representations from Defendants Bell or Marshall, the Court is therefore inclined to agree that it should restrict all discovery to each Defendant's defense team.

3

*See United States v. Johnson*, 191 F. Supp. 3d 363, 374 (M.D. Pa. 2016).  In sum, the Court finds that good cause exists for the proposed protective order in this case.

      Accordingly, it is hereby

      **ORDERED**, that the Government's [42] Motion for Protective Order is **GRANTED**.

      **SO ORDERED**.

Date:  May 31, 2022

                                                            /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge