# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | Case No.: 22-CR-96 (CKK) |
| **LAUREN HANDY, et al.** ) | |
| ) | |
| Defendants ) | |

## DEFENDANTS' RESPONSE TO GOVERNMENT'S PROPOSED SCHEDULE

COME NOW defendants, through their respective counsel, and jointly respond to the Government's proposed schedule:

1. Various defense counsel will be in trial during the first half of 2023, such that a trial may need to take place in June of 2023, at the earliest.

2. The government's proposed schedule does not make any provision for the presentation of expert witnesses, but the defense contemplates possibly calling such witnesses. Defendants propose that any expert designation be due by January 3, 2023, and that any responsive expert designation be due by January 20, 2023.

3. Because of the trial date that will need to be set, likely in mid-2023, some of the dates proposed by the government may need to be adjusted.

4. Most importantly, perhaps, the defendants ask that this Court try them together, rather than in two groups. This would result in a significant reduction in the amount of work the Court and the government would need to undertake. Moreover, counsel for Joan Bell, Stephen F. Brennwald, personally spoke with the leadership of the U.S. Marshal's Office at our courthouse, and was informed that a trial of nine "out-of-custody" defendants is entirely possible, logistically.

The Marshal's office assigns one marshal for each non-incarcerated defendant at a trial, "plus one." Thus, ten marshals would be needed for this trial. In criminal cases where defendants are incarcerated, the Marshal's office assigns two marshals for each defendant, such that a five co-defendant trial would require ten marshals, the same number required here. Thus, this trial would be no different, from that standpoint, than a five co-defendant trial involving incarcerated defendants.

The Marshal's office indicated that the defendants could simply sit side-by-side in the front left row of the courtroom (or on whichever side their counsel are sitting), and some could possibly sit behind their counsel during trial. Because, again, this proposal would avoid the necessity to hold two fairly lengthy proceedings, and because defendants wish to be tried together, defendants suggest that there should not be separate trial groupings for the defendants.

The government has indicated that it "takes no position at this time" on the defendants' proposal to hold one trial for all defendants.

        Respectfully submitted,

        *Martin A. Cannon*

        _____
        Martin A. Cannon, NE Bar No. 18769
        Senior Trial Counsel
        Thomas More Society
        16983 370th Street
        Carson, Iowa 51525-4121
        Tel. 402-690-1484
        Mcannonlaw@gmail.com

        *Stephen F. Brennwald*

        _____
        Stephen F. Brennwald, Bar No. 398319
        Brennwald & Robertson, LLP
        922 Pennsylvania Avenue, S.E.
        Washington, D.C. 20003
        (301) 928-7727
        sfbrennwald@cs.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was sent, by ECF, this 5th day of August, 2022, to all counsel of record in this case.

                                           *Stephen F. Brennwald*

                                           _____

                                           Stephen F. Brennwald