UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case Number: 22-CR-096-CKK |
| | : | |
| WILLIAM GOODMAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT WILLIAM GOODMAN'S REPLY TO THE GOVERNMENT'S REQUEST FOR MODIFICATION OF THE PRETRIAL RELEASE ORDER**

Comes now William Goodman, through counsel, and objects to the Government's request for modification to the conditions of his release set by this Court in its pretrial release Order.

*Procedural and Factual Background*

On March 30, 2022, a federal grand jury in the District of Columbia returned a two-count indictment charging the codefendants with conspiracy against rights, in violation of 18 U.S.C. § 241, and a violation of the Freedom of Access to Clinic Entrances Act, in violation of 18 U.S.C. § 248. (ECF No. 1). The codefendants were released, subject to various conditions pending trial. (*See* ECF Nos. 12-13, 29, 32-33, 35, 37, 39, 41). Those conditions did not include an order prohibiting contact with any codefendant. *Id*. On October 14, 2022, the Government sought and obtained a superseding indictment adding Defendant Geraghty to the case. (ECF No. 113). Defendant Geraghty had his initial appearance and was released subject to the condition <u>that he did not contact his codefendants, or other individuals present at the reproductive health clinic where the crime took place</u>. (ECF No. 128).

On October 31st, 2022, Defendant Herb Geraghty, through counsel, filed a Motion for Review of the Release Conditions. (ECF 132). The Government filed a response on November 4th, 2022 (ECF 133) in which the Government suddenly requests that <u>all Defendants</u> conditions of release be modified such that "any contact by and between the Defendants should be limited, and

1

they should be prohibited from discussing this case or similar anti-abortion crimes." (ECF No. 133 p.4). Defendant Goodman objects to this unnecessary, unwarranted and unlawful request for modification by the Government of Defendant Goodman's pretrial release conditions and joins in the arguments of all codefendants who also object.

### *Applicable Law*

18 U.S.C. § 3142(c) & (f), and the First Amendment to the Constitution of the United States of America which states that: "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

### *Discussion*

When his Court set the pre-trial conditions of release for Mr. Goodman, to reasonably assure his appearance, and to protect the community, it had all the facts, and it knew the law. Presumably, when setting his conditions or release, this Court recognized that Mr. Goodman has long standing relationships with his codefendants, that he is homeless, and that he relies on the good nature of many of his codefendants to give him lodging when he travels to their states.  More importantly, this Court must have recognized that Mr. Goodman would need to meet and confer with his codefendants regarding his case, and with their counsels.  Restricting his access, and what he could discuss, would not only be impractical, but also an unjust and unnecessary violation of his First Amendment right to speech and his right to assist counsel in the preparation of his defense.  In addition, Mr. Goodman's right of association is a "basic constitutional freedom,"[1] that is "closely allied to freedom of speech and a right which, like free speech, lies at the foundation of a free society." [2]  "An individual's freedom to speak, to worship, and to petition the government for the redress of grievances could not be vigorously protected from interference by the State unless a

---

1  *Kusper v. Pontikes*, 94 S.Ct. 303, at 307 (1973).

2  *Shelton v. Tucker,* 81 S.Ct. 247, at 251 (1960).

2

correlative freedom to engage in group effort toward those ends were not also guaranteed."[3] Considering these rights, and recognizing that governmental action affecting these rights is subject to the closest scrutiny,"[4] this Court set conditions consistent with the facts of this case, and the law, that did not include restricting Defendant Goodman's contact with his codefendants, or his discussing the case or anti-abortion activities with his codefendants, because such conditions, in addition to being quite chilling, were unnecessary, unwarranted, and unlawful.

### *Conclusion*

"The Government bears the burden of proving the risk of danger to the community by clear and convincing evidence.[5]"  Since the detention hearing, nothing has changed, i.e., not the facts or the law, and nothing in the Governments' superseding Indictment, or Motion, present additional facts that support its request for these further restrictions on Defendant Goodman's constitutional rights. Defendant Goodman prays this Court deny the Government's request for modification of Defendant Goodman's pre-trial release conditions, and for such other and further relief this Court deems proper.

Respectfully submitted,

*H. J. Walsh III*
Howard J. Walsh III, Esq. #486193
7101 Wisconsin Ave, #1200
Bethesda, MD 20814
240-277-6477
Hwalshesq@gmail.com

---

[3] *Roberts v. United States Jaycees*, 468 U.S. 609, at 622, 104 S.Ct. 3244 (1984).

[4] *NAACP v. Alabama*, 78 S.Ct. 1170-1171 (1958).

[5] 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 22nd day of November 2022 which will send a notification of such filing (NEF) to all counsel of record.

_H. J. Walsh III_
Howard J. Walsh III, Esq