CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.  20001

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:22-cr-00096 |
| | ) | |
| vs. | ) | |
| | ) | |
| **LAUREN HANDY,** | ) | |
| **JONATHAN DARNEL,** | ) | |
| **JAY SMITH,** | ) | |
| **PAULA HARLOW,** | ) | |
| **JEAN MARSHALL,** | ) | |
| **JOHN HINSHAW,** | ) | |
| **HEATHER IDONI,** | ) | |
| **WILLIAM GOODMAN,** | ) | |
| **JOAN BELL, and** | ) | |
| **HERB GERAGHTY,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LAUREN HANDY'S OBJECTION TO MODIFICATION OF BOND**

The pertinent statute has two purposes: Appearance in court and safety of persons. The government does not suggest here that appearance in court is a concern. Rather, it argues that since the defendants have intentionally committed a crime and communicated with one another in the process, they are a danger to persons unless they are prohibited from associating. This over applies the governing statute and doesn't follow from the facts alleged.

**1. It over applies the governing statute.**

The mere possibility of a repeat event seems to be the government's concern, but that is already addressed in the existing order: The defendant is currently released on the condition that she commit no crimes under any existing law.

**2. It doesn't follow from the facts alleged.**

Taking as true the allegations in the indictment, what does it tell us about the defendants? They could have gone into the clinic and set it on fire or done other damage. They could have even shot the employees. They presumably know this would have been more effective at stopping abortions that day and for a much longer period thereafter. But they didn't even try to do these things. **They object to harming people. Their primary approach is passivity.** Taking the hyperbole in the

government's motion with the grain of salt it deserves, the upshot of the charge here is that they went into a clinic where morally important events occur **and sat down**.

Passivity in forcing attention to an important truth was a hallmark of Reverend Martin Luther King's activism, for which we honor him with a federal holiday. It is hardly dangerous.

### 3. The government has the burden.

The evidence and argument the government presents here would apply to every case it prosecutes, with few exceptions. But a standard case is covered by the standard bond conditions set forth in subparagraph (b) of the statute. Before the statute will permit bond conditions beyond those, under subparagraph (c), it repeatedly requires the court to make <u>additional</u> determinations in support of it. The court must make affirmative findings of fact. This places the burden on the government. But the government argues only supposition from the allegations in the indictment.

### Conclusion

For the foregoing reasons, the government's motion should be denied.

Defendant Lauren Handy, by

<u>/s/ Martin A. Cannon</u>
Martin A. Cannon,   NE #18769
Senior Trial Counsel
Thomas More Society
16983  370TH Street
Carson, Iowa 51525-4121
402-690-1484 Direct

*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire
Blerina Jasari, Esquire
Boyle & Jasari
1050 Connecticut Ave, Suite 500
Washington, D.C., 20036
Email: dboyle@dennisboylelegal.com
          bjasari@dennisboylelegal.com
Phone: (202) 430-1900