UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAUREN HANDY, *et al.*,<br><br>Defendants. | Criminal Action No. 22-096 (CKK) |

**ORDER**
(December 6, 2022)

This matter is before the Court on Defendant Herb Geraghty's [132] Motion to Modify Conditions of Release and the Government's [133] opposition thereto. Defendant Geraghty has been released on personal recognizance pending trial, subject to, among other conditions of release, the following: supervision by the Pretrial Services Agency for the District of Columbia, a limitation on domestic and international travel, mandatory mental health treatment, and a bar on entering reproductive health clinics under certain circumstances. Order Setting Conditions of Release, ECF No. 128 at 2-3. In addition, however, to these conditions—shared with his nine co-defendants—he must also "avoid all contact, directly or indirectly, with . . . [his] co-defendants." *See id.* at 2. Defendant Geraghty requests the Court remove this specific condition. In opposition, the Government further requests that the Court apply this condition to all defendants in this case.

Federal law permits a court to set only those "combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Although the Court need not hold a hearing to modify conditions of release, the inquiry is nevertheless fact-bound and tailored to each specific case. *See United States v. Anderson*, 384 F. Supp. 2d 32, 34 (D.D.C. 2005).

1

Defendants are charged by indictment with concocting a scheme to unlawfully enter and occupy a reproductive health clinic in the District of Columbia under false pretenses and for political purposes. *See* ECF No. 113 at 4-5. Doing so, according to the indictment, led to the injury of clinic staff and deprived patients of their right to access healthcare guaranteed by federal law. *Id.* at 3. The conspiracy, however, was not particularly furtive and largely in line with Defendants' prior and more peaceful acts of civil disobedience at other reproductive health clinics throughout the country. *E.g.*, Pretrial Violation Report, ECF No. 135 at 2 (sealed); Pretrial Violation Report, ECF No. 112 at 2 (sealed).

Although felonious, the acts alleged here are not of the sort that normally require no-contact conditions among co-defendants. Such a condition is generally reserved for conspiracies that have achieved particularly violent ends or conspirators who will likely destroy evidence or otherwise obstruct justice absent such a condition. *See, e.g.*, *United States v. Gulkarov*, 22-CR-20 (PGG), 2022 WL 205252, at *3-4 (S.D.N.Y. Jan. 24, 2022) (obstruction of justice); *United States v. Martinez*, 4:21-cr-107-SMR-HCA, 2021 WL 4169789, at *1 (S.D. Iowa Sept. 13, 2021) (drug conspiracy; collecting cases). In opposition, the Government fails to explain why, without such a condition, any of the Defendants would endanger a member of the public or fail to appear. Without such a showing, the Court cannot find that Defendant Geraghty's no-contact restriction complies with statutory requirements. That said, should any of the Defendants be charged with conspiring with each other to commit similar crimes during the pendency of this case, the Court may revisit this condition in the future.

Accordingly, it is hereby

**ORDERED**, that Defendant Geraghty's [132] Motion to Modify Conditions of Release is **GRANTED**. It is further

**ORDERED**, that Defendant Geraghty's [128] Conditions of Release are **MODIFIED** as follows.  The words "co-defendants or" in paragraph 7(g) are deleted, such that paragraph 7(g) now reads:  "avoid all contact, directly or indirectly, with anyone present at The Clinic at the time of the charged offense."

**SO ORDERED**.

**Dated:** December 6, 2022

                                                          /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge