IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 22-CR-96 (CKK) |
| | : |
| LAUREN HANDY, | : |
| Defendant. | : |

**DEFENDANT LAUREN HANDY'S RESPONSE TO MOTION
TO ADMIT RULE 404(b0 EVIDENCE OF OTHER ACTS**

Defendant Lauren Handy ("Ms. Handy"), by and through undersigned counsel, respectfully requests that the Government's Motion seeking to admit rule 404(b) evidence of other acts be denied. In support of this motion, Ms. Handy presents the following points and authorities:

**I.   BACKGROUND**

In a Superseding Indictment, Ms. Handy was charged with several offenses related to the events on October 7, 2020, to October 22, 2020. Trial in this case is set to commence on August 9, 2023. On April 7, 2023, the government filed a motion to admit rule 404(b) evidence of other acts. The government stated that it seeks to introduce information regarding Ms. Handy's prior acts because it believes that the prior acts will be relevant to show knowledge, motive, criminal intent, and absence of mistake in connection with the charges in the Superseding Indictment.

The government asserts four prior to four prior acts by Ms. Handy that it seeks to introduce in her trial. First, on January 30, 2021, Ms. Handy and Co-Defendant Darnel allegedly participated in a planned reproductive health clinic invasion located in Maryland. This alleged invasion was said to be motivated by anti-abortion beliefs. Second, on November 16, 2021, Ms.

Handy and Co-Defendants Darnel and Bell allegedly trespassed into a Virginia reproductive health clinic.  Third, Ms. Handy allegedly trespassed into a District of Columbia health care clinic on May 26, 2018.  Lastly, the government seeks to introduce evidence of Ms. Handy trespassing into a "victim clinic" on March 19, 2019.  No further information was provided regarding the location of this prior act.

**II.     LEGAL STANDARD**

"Evidence of any other crime, wrong, or act" is inadmissible to "prove a person's character in order to prove that on a particular occasion the person acted in accordance with their character." Fed. R. Evid. 404(b)(1).  This prohibition "codifies the common law tradition" of prohibiting the government from seeking convictions based on propensity evidence. *United States v. Thomas*, 2020 WL 122985 *1, at *5 (D.D.C. Jan. 10, 2020) (citing *Michelson v. United States*, 335 U.S. 469, 475 (1948)).  The assessment of 404(b) evidence by a Court involves a two-step process. *See United States v. Hsia*, 2000 WL 195028 *1, at *2 (D.D.C. Feb. 2, 2000) (citing *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994)).

The first step involves assessing whether such evidence is being admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(2); *cf. United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010); *United States v. Pettiford*, 517 F.3d 584, 588–89 (D.C. Cir. 2008).

The second step involves assessing whether evidence which has a proper purpose under Rule 404(b), should still be excluded under Rule 403 because the probative value is outweighed by unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *Hsia*, 2000 WL 195028 at *2 (citing *United States v. Clarke*, 24 F.3d at 264)).  The "analytical method" under Rule 403

balancing asks the District Court "to take account of the full evidentiary context of the case". *Thomas*, 2020 WL 122985, at *6 (quoting *Old Chief v. United States*, 519 U.S. 172, 182 (1997)).

To seek admission of evidence under Rule 404(b), the government must provide reasonable notice in writing including an articulation of what purpose the government intends to offer the evidence and the reasoning which supports the purpose. *Id.* at 404(b)(2)-(3).

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose. This amendment makes clear what notice is required.

Committee Notes on Rules – 2020 Amendment, https://www.law.cornell.edu/rules/fre/rule_404.

### III. ARGUMENT

#### A. The Prior Offenses Identified by the Government Are Not Relevant.

"A primary requirement when seeking to establish knowledge or intent with prior bad acts is that the evidence must meet a threshold level of similarity to be admissible." *United States v. Williams*, No. 20-121, 2020 WL 7318006, at *5 (D.D.C. Dec. 10, 2020).  Here, the government is offering evidence of other, unrelated bad acts that suggest nothing more than a tendency or propensity to engage in criminality, which is inadmissible under 404(b). *See United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016).  The evidence in these prior acts do not assist the government in proving any element of the alleged charges in Ms. Handy's current indictment.  Furthermore, the prior acts the government seeks to offer as evidence in this case have no apparent bearing on the knowledge, motive, criminal intent, or absence of mistake in connection with the charges stemming from the defendant's conduct in October of 2020.  The

prior conduct mentioned in the government's motion did not occur at the same time period of Ms. Handy's charges in her current Indictment. *See United States v. Wilkins*, 538 F. Supp. 3d 49, 77 (D.D.C. 2021) (holding defendant's prior conduct was admissible because it fell within the time period he was charged with the offenses in the Superseding Indictment.). Additionally, most of these offenses occurred in areas located outside the District of Columbia.

Evidence of Ms. Handy's prior acts should not be permitted.

### B.     The Prior Offenses' Probative Value is Outweighed by Unfair Prejudice

If the Court finds that the first step in the two-step analysis is met, the Court should still preclude the prior offenses from being offered at trial because any probative value they may offer is far outweighed by the unfair prejudice they will have on Ms. Handy.

Evidence of Ms. Handy's prior offenses should still be excluded under Rule 403 because when considering the full evidentiary context of the case, the prior offenses do not offer any probative value, but rather will create unfair prejudice, confuse the issue, mislead the jury, and create an undue delay. Fed. R. Evid. 403; *Hsia*, 2000 WL 195028 at *2 (citing *United States v. Clarke*, 24 F.3d at 264)). The only reason to present Ms. Handy's prior offenses is to prove Ms. Handy acted in accordance with her character, which is inadmissible pursuant to Fed. R. Evid. 404(b)(1).  Ms. Handy conduct on January 30, 2021; November 16, 2021; May 26, 2018; and March 19, 2019, provide no necessary evidence at trial.  This evidence would lead to bias toward Ms. Handy and depict a series of past actions which she is not being put on trial for before this Court.  These acts will create unjust bias toward Ms. Handy and the prejudice she would face would far overweigh any probative value these acts have in showing Ms. Handy's intent or motive in October of 2020.

## IV.     CONCLUSION

WHEREFORE, based upon the foregoing, Defendant Lauren Handy respectfully requests that this Honorable Court deny the government's motion to admit rule 404(b) evidence of other acts.

Respectfully submitted,

/s/ Dennis E. Boyle
Dennis E. Boyle
Blerina Jasari
Boyle & Jasari
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@dennisboylelegal.com
bjasari@dennisboylelegal.com
Telephone: (202) 430-1900

*Counsel for Defendant Lauren Handy*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April 2023, I electronically filed the foregoing document with the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Dennis E. Boyle
Dennis E. Boyle