IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| v. | ) | Crim. No.22cr96 |
|  | ) | Hon. Colleen Kollar-Kotelly |
| HERB GERAGHTY, | ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Comes now Defendant Herb Geraghty and hereby adopts the Motion to Dismiss of co-defendant Idoni (Doc 215) and replies to the government's Response in Opposition thereto (Doc 223).

**Vindictive Prosecution**

Congress has accorded misdemeanor status to a first time FACE[1] offense. The government's choice to charge the defendants in this case with a conspiracy carrying a 10 year maximum sentence, improperly promises punishment grossly exceeding that decreed by Congress for the crime subject of the supposed conspiracy. *United States v. D'Antoni*, 874 F. 3d 1214, 1221 (7th Cir. 1989). Beyond subverting the intent of Congress, this charging decision penalizes Defendant for a political opinion – his opposition to abortion.

> " 'Of course, a prosecutor's discretion is "subject to constitutional constraints.' *United States v. Batchelder,* 442 U.S. 114, 125 (1979). One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, *Bolling v. Sharpe,* 347 U.S. 497, 500 (1954), is that the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification,' *Oyler v. Boles,* 368 U.S. 448, 456 (1962). A defendant may demonstrate that the administration of a criminal law is 'directed so exclusively against a particular class of persons ... with a mind so unequal and oppressive' that the system of prosecution amounts to 'a practical denial' of equal protection of the law. *Yick Wo v. Hopkins,*

---

[1] Freedom of Access to Clinic Entrance Act, 18 U.S.C. Sec. 248.

118 U.S. 356, 373 (1886).

*United States v. Armstrong*, 517 U.S. 456, 464–65 (1996)(citations omitted).

**Restriction of Free Speech**

As described in Defendant Geraghty's Reply consequent to co-defendant Handy's MTD (Doc 196), subsequent Supreme Court decisions have deprived FACE of its Commerce Clause underpinning.[2]  Absent Commerce Clause authority, there is no enforceable statute and thus no need to examine its effect on constitutionally protected speech.  Even assuming, however, the survival of FACE's Commerce Clause justification, the statute as applied here impermissibly restricts constitutionally expressive conduct.

> "The First Amendment prohibits the enactment of laws 'abridging the freedom of speech.' "

*Reed v. Town of Gilbert, Arizona*, 576 U.S. 155, 163 (2015).

The Supreme Court has defined with particularity the category of conduct that enjoys First Amendment protection.

> "Conduct constitutes protected expression if "it evinces an intent to convey a particularized message ... and the likelihood is great that the message would be understood by those [to whom it is addressed].

*Texas v. Johnson,* 491 U.S. 397, 404 (1989).

The D.C. Circuit has acknowledged that an abortion clinic protest "might have expressive value."  *Terry v. Reno*, 101 F. 3d 1412, 1419 (D.C. Cir. 1996).

The conduct attributed to Defendant undeniably meets the Supreme Court's description of protected expression.  Like a considered public relations campaign, the conduct of which Defendant stands accused comprises the personal conveyance of political speech, opposition to

---

[2] See *United States v. Morrison*, 529 U.S. 598 (2000), and *Gonzalez v. Raich*, 545 U.S. 1 (2005).

abortion, to its most consequential audience – potential immediate consumers of abortion services.

The legislative history of FACE is bereft of any cognizable reference to protests or other disruptions at abortion clinics by other than opponents of the procedure. In function, therefore, FACE restricts speech intended for the specific purpose of opposing abortion. A statute that "regulates speech based on its function or purpose," *Reed,* 576 U.S. at 165-66, can "be justified only if the government proves that [the statute] is narrowly tailored to serve a compelling government interest." *Reed,* 576 U.S at 163.

FACE, broad enough practically to preclude any face-to-face interaction between abortion opponent and imminent abortion recipient, cannot be said to be "narrowly tailored."

The Supreme Court has removed the "compelling government interest' undergirding FACE by denuding access to abortion of its erstwhile status as a constitutional right. *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022).

The DC Circuit in *Terry* turned away a pre-*Dobbs* and pre-*Reed* challenge to FACE as exceeding the government's authority under the Commerce Clause and impermissibly restricting speech. As referenced above, intervening decisions of the Supreme Court have undermined *Terry's* Commerce Clause holding. Post *Dobbs* and *Reed*, FACE cannot survive the *Terry* test for restriction of free expression.

> "Congress may regulate conduct with expressive content without running afoul of the First Amendment if the legislation 'furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.'

*Terry*, 101 F. 3d at 1419 (quoting *United States v. O'Brien*, 391 U.S. 367, 377 (1968)).

The inquiry begins and ends with consideration of the first requirement of *Terry's* test. *Dobbs* has obliterated the government's "important or substantial" interest in protecting access to abortion. In the context of this case, morever, neither the second nor third components of *Terry's* test are met by FACE either.

The government's stated interest is hardly "unrelated" to its suppression of Defendant's free expression. Rather, the government's wish to preserve access to abortion is the only reason for its suppression of Defendant's expression which, in turn, is solely intended to frustrate that interest.

As such, the suppression of Defendant's free expression can hardly be called "incidental." Rather, it quells expression exclusively intended to oppose the gravamen of the very government interest in question, abortion. Nor can the suppression be described as "no greater than is essential to the furtherance of that interest." The practical effect of FACE utterly precludes any face-to-face appeal by Defendant to those most intimately invested in his chosen issue – imminent abortion recipients.

## Conclusion

The indictment constitutes a vindictive transgression of protected speech and should be dismissed.

Respectfully Submitted,

HERB GERAGHTY
By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642

E-mail: john@johnckiyonagaa.com

Counsel for the Defendant

<u>Certificate of Electronic Service</u>

  I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

          _____/s/_____
          John C. Kiyonaga

E-mail: john@johnckiyonagaa.com

Counsel for the Defendant

<u>Certificate of Electronic Service</u>

I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

_____/s/_____
John C. Kiyonaga