**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA** :
:
**v.** : **CRIMINAL NO. 22-CR-96 (CKK)**
:
**LAUREN HANDY,** :
**JONATHAN DARNEL,** :
**PAULA "PAULETTE" HARLOW,** :
**JEAN MARSHALL,** :
**JOHN HINSHAW,** :
**HEATHER IDONI,** :
**WILLIAM GOODMAN,** :
**JOAN BELL, and** :
**HERB GERAGHTY,** :
:
**Defendants.** :

**GOVERNMENT'S REPLY IN SUPPORT OF ITS OMNIBUS MOTION IN LIMINE**

The Government submits the following reply in support of its omnibus motion in limine. Because the Government thoroughly briefed the issues, the United States will not restate its arguments. Rather, the Government's reply can be distilled to address Defendant Handy's following flawed arguments: 1) that the Defendants should be permitted to invite the jury to nullify; 2) that the Defendants should be permitted to assert a First Amendment defense; and 3) that the Defendants should be permitted to cross-examine Patient A about the specific type of reproductive health care she obtained at the victim clinic.

As set forth below, Defendant Handy's opposition to the Government's motions in limine should be rejected.

**I. The Defendants should not be permitted to invite the jury to nullify.**

Defendant Handy seemingly makes three arguments opposing the Government's motion in limine to preclude statements encouraging jury nullification: first, the Government has not

identified what it means by "collateral consequences of conviction" in seeking preclusion of statements regarding punishment; second, certain statements and arguments concerning governmental abuses that invite nullification are relevant to witness credibility; and third, nullification is an inherent power a jury may exercise. Defendant Handy ignores the law of this Circuit requiring trial courts to prevent defendants from encouraging jury nullification. The Government's motion, on the other hand, cites the law supporting its request and identifies with specificity ways it anticipates the Defendants may attempt to improperly invite the jury to nullify.

The D.C. Circuit has been clear that trial courts have a duty to prevent criminal defendants from making arguments or offering evidence designed to encourage jury nullification. *United States v. Wilkerson*, 966 F.3d 828, 834 (D.C. Cir. 2020) ("a 'jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant 'guilty."'""; *United States v. Gorham*, 523 F.2d 1088, 1097 (D.C. Cir. 1975) (jury nullification "undermines the very basis of our legal system"); *United States v. Dougherty*, 473 F.2d 1113, 11136 (D.C. Cir. 1972). The Government submits the following reply to Defendant Handy's three jury nullification arguments.

*A. Statements regarding collateral consequences of conviction*

Although Defendant Handy agrees with the Government that evidence or argument related to potential punishment that follows any conviction should not be presented to any jury, she argues that the Government "fail[ed] to cite any precedent defining 'collateral consequences of conviction' or holding that exclusion of 'collateral consequences of conviction' is appropriate." (ECF No. 259, at p. 4). It is obvious that collateral consequences of conviction beyond punishment can include any other detrimental impact, such as limitations on employment, gun ownership, voting rights, familial life, and standing in the community. *See, e.g.*, *United States v. Sutton*, 2022 WL 13940371, at *18 (D.D.C. Oct. 23, 2022) (Testimony and argument of potential consequences

of prosecution are not relevant, inappropriate for consideration by a jury, invited jury nullification, and distracted from issues at trial). The Defendants should be barred from introducing evidence of or arguing the collateral consequences of conviction because it is not relevant to the jury's determination of guilt. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("[E]vidence which has the effect of inspiring sympathy for the defendant or for the victim. . . is prejudicial and inadmissible when otherwise irrelevant."). Therefore, any evidence or arguments related to punishment or collateral consequences of conviction should be prohibited.

*B. Statements concerning selective prosecution, governmental vindictiveness, overreach, overcharging, or abuses by the Department of Justice*

Defendant Handy also argues that the Government's motion in limine to preclude reference to, or arguments concerning prosecutorial discretion, "selective or vindictive prosecution . . . governmental overreach, overcharging, or other abuse" should be denied because such matters constitute appropriate areas for cross-examination of Government witnesses. (ECF No. 259, at pp. 5-6). It is well settled that issues of vindictive or selective prosecution are legal matters for the Court, and not theories of defense for the jury. *Sutton*, 2022 WL 13940371, at *18; *United States v. Safavian*, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008) (citations omitted). If this Court denies the Defendants' pending motion to dismiss the superseding indictment on this (and other) issues (ECF Nos. 159, 197, 215), the Defendants must be precluded from cross-examining any Government witness on these issues.

Defendant Handy's argument that she should be permitted to cross-examine Government witnesses about prosecutorial abuses because it goes to the witness's credibility is wrong because the Government has broad discretion as to whom to prosecute. *Wayte v. United States*, 470 598, 607 (1985) (citations omitted). Her claims of governmental abuse are "not . . . defense[s] on the merits to the criminal charge itself, but . . . independent assertion[s] that the prosecutor has []

brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Because the Defendants raised these issues in their pending motion to dismiss, which are questions of law for the court to determine, all evidence or argument concerning governmental abuses must be excluded at trial. *Safavian*, 2008 WL 5255537, at *1. These are not permissible defense theories that can be presented to a jury. *Id*.

Defendant Handy's reliance on *Savafavian* is misplaced because the court in that case was informed "from colloquies" not stated in the opinion that cross-examination of an FBI case agent "may" go to witness credibility. *Id*. In this case, it is not anticipated that the Government will call any witness, who determined what charges to present to the grand jury. Defendant Handy has made no such showing here, and cross-examination of any Government witness on selective or vindictive prosecution, overreach, or governmental abuse is improper. These are not available defenses that any Defendant can present to a jury. Accordingly, her argument should be rejected.

*C. Statements, evidence, or argument that invites jury nullification*

Defendant Handy further argues that a jury should be permitted to exercise its inherent power to nullify, which shows that Defendant Handy intends the thrust of her defense at trial be designed to induce jury nullification.[1] However, any questions related to topics that invite nullification are not relevant in this case, and no Defendant should be permitted to make any statement inviting jury nullification. *See Bell*, 506 F.2d at 164-65.

Defendant Handy argues that the "evidence the government seeks to exclude as supposedly 'encouraging jury nullification' could be offered for other, legitimate purposes;" and identifies that legitimate purpose as the jury's "prerogative" to nullify. (ECF No. 259, at pp. 7, 15). She then

[1] For example, within the last day the following was tweeted on accounts previously associated with Defendants Handy and Geraghty: "Jury nullification is a concrete, practical way that jurors can assert their values, and express their moral disagreement with unjust laws and punishment by refusing to convict someone who is charged with a crime."

relies on lengthy citations from *Dogherty* and *U.S. v. Polizzi* (an Eastern District of New York district court opinion) to erroneously argues that the Defendants are entitled to present evidence that would allow jury nullification. However, the law in this Circuit is clear that criminal defendants are prohibited from making arguments or offering evidence designed to encourage jury nullification. *Dogherty*, 47 F.2d at 1133-34.

Defendant Handy further argues that the Defendants are permitted to present evidence of an alleged legal conflict between the Supreme Court's *Dobbs* decision and the FACE Act. (ECF No. 259, at p. 16). She states "[f]ederal prosecution under a federal statute that has lost its constitutional basis may strike a reasonable jury as improper." *Id.*, at 16. Without identifying any admissible evidence or stating how she intends to present such evidence or arguments on the issue, Defendant Handy believes that she can present a defense on this legal issue because "a jury could reasonably perceive a conflict between [the Constitution] and the lesser FACE act (sic) whose constitutional underpinnings do not exist and whose denial of [due process and equal protection] is patent." *Id*. This is flatly incorrect. No Defendant can present evidence or arguments to a jury on a legal issue that is squarely left to the Court for resolution. *See United States v. Clarke*, 628 F.Supp.2d 1, 14 (D.D.C. May 8, 2009) ("[T]here is no right to present evidence to the jury on questions that are reserved for the court to resolve, including legal questions.") (citing *United States v. Anton*, 546 F.3d 1355, 1357-58 (11th Cir. 2008). And, no Defendant can invite, encourage, or ask a jury to exercise its power to nullify. *See*, *e.g.*, *Dogherty*, 473 F.2d at 1136-37 (holding that a jury must not be informed by a judge on its nullification power in order to prevent a "lawless jury.").

Therefore, this Court should prohibit the Defendants from any attempts to nullify or otherwise make impermissible statements or arguments that would invite jury nullification..

## II. Any First Amendment defense is not relevant to the issue of the Defendants' intent and motive; such a defense should be barred at trial.

Defendant Handy further argues that the Defendants should be permitted to assert a First Amendment defense at trial because it is a relevant to their "intent to engage in First Amendment activity." (ECF No. 259, at 18). However, such a First Amendment defense is unavailable because it is irrelevant and unavailable as a matter of law. The Defendants have been charged with violations based upon conduct that is not protected by the First Amendment, and every court that has addressed this very issue has concluded that the FACE Act does not violate the First Amendment.

The Defendants' intent to engage in First Amendment activity is not relevant to the FACE Act charge in Count Two of the superseding indictment, which charges the Defendants with using force, threats, and physical obstructions with intent to injure, intimidate, or interfere with the victims (or attempt to do so). (ECF No. 113 (superseding indictment) at ⁋ 38). Every appeals court that has addressed this issue, including the D.C. Circuit, has held that the FACE Act does not violate the First Amendment. *See Terry v. Reno*, 101 F.3d 1412, 1419-20 (D.C. Cir. 1996); *Norton v. Ashcroft*, 298 F.3d 547, 556 (6th Cir. 2002); *United States v. Gregg*, 226 F.3d 253, 264-66 (3d Cir. 2000); *United States v. Weslin*, 156 F.3d 292, 296 (2d Cir. 1998); *United States v. Bird*, 124 F.3d 667, 678-84 (5th Cir. 1997); *United States v. Soderna*, 82 F.3d 1370, 1373-74 (7th Cir. 1996); *United States v. Dinwiddie*, 76 F.3d 913, 919 (8th Cir. 1996); *United States v. Wilson*, 73 F.3d 675, 680 (7th Cir. 1995); *Cheffer v. Reno*, 55 F.3d 1517, 1520 (11th Cir. 1995); *American Life League, Inc. v. Reno*, 47 F.3d 642, 647 (4th Cir. 1995). Because the FACE Act was written to be viewpoint neutral, the Defendants cannot assert a First Amendment defense. They have been charged with a FACE Act violation because of their conduct, and not because of their speech.

Moreover, the Defendants have filed motions to dismiss the indictment arguing (among

other things) that the FACE Act, as applied, is unconstitutional. (*See* ECF Nos. 159, 197, 215). Although this issue is currently pending resolution with this Court, at least one other trial court has recently found that criminal enforcement of the FACE Act did not regulate speech; it only prohibited certain conduct. *United States v. Houck*, 2023 WL 144117, at *4 (E.D.Pa Jan. 10, 2023). Because the Defendants in this case have not been charged for their views, but rather engaging in prohibited conduct, they cannot assert a First Amendment defense at trial. *See*, *e.g.*, *United States v. Zeese*, 437 F.Supp.3d 86, 94 n.3 (D.D.C. Feb. 4, 2020) ("Were [the defendants] to seek to raise a First Amendment defense at trial, presentation of such a defense to the factfinder would be precluded by the Court's legal conclusion in denying the motion to dismiss that § 118 is constitutional as applied to the defendants.") (citing *United States v. Matthews*, 209 F.3d 338, 341 n.1 (4th Cir. 2000) (stating that the defendants' ability to raise a First Amendment defense to the jury rises and falls with their as-applied First Amendment challenge to the charge)).

Accordingly, the Defendants should be precluded from asserting a First Amendment defense at trial.

**III. The Defendants should be precluded from cross-examining Patient A about the specific reproductive health service she obtained.**

Lastly, Count Two of the superseding indictment requires the Government to prove that the Defendants acted as they did "because Patient A was obtaining . . . reproductive health services." (ECF No. 113 (superseding indictment), at ⁋ 38. The Government will offer evidence that the Clinic only offers reproductive health care, which will establish the necessary FACE Act element. Cross-examination of Patient A by any Defendant about the nature of the specific services she sought is not relevant to the jury's inquiry into this element of the FACE Act violation as alleged in the superseding indictment.

This Court may prohibit cross-examination to protect witnesses from harassment or undue

embarrassment, and that goes beyond matters testified to on direct examination. Fed.R.Evid. 611(a)(3) and (b). The Government will not elicit testimony from any witness concerning the specific reproductive health care that Patient A sought or obtained. Any cross-examination beyond the general nature of the services Patient A was obtaining would be irrelevant, outside the scope of direct exam, and harassing. Accordingly, the Government requests an order precluding any Defendant from encroaching on Patient A's privacy through cross-examination.

## IV. Conclusion.

For the foregoing reasons, the Government requests that the Court grant its omnibus motion in limine.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section
Civil Rights Division
4 Constitution Square
150 M St. NE, 7.121
Washington, D.C. 20530
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB Jr.
NY Bar No. 2367670
Assistant United States Attorney
Email: John.D.Crabb@usdoj.gov

REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorney
601 D Street, NW
Washington, DC 20001
Email: Rebecca.Ross2@usdoj.gov

**CERTIFICATE OF SERVICE**

      SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the Government's reply in support of its omnibus motion in limine has been electronically filed and accordingly served upon attorney for the defendant.

DATED: June 30, 2023                            */s/ Sanjay H. Patel*
                                                                             Sanjay H. Patel