UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **LAUREN HANDY, et al.** | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The government hereby submits the following proposed *voir dire* questions.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
john.d.crabb@usdoj.gov

1

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1.      The defendants have been charged in an indictment.  An indictment is just the formal way of informing a defendant of the nature of the charges against him/her.  You are not to consider the indictment as indication of guilt.  In a criminal trial, every defendant is presumed to be innocent; this presumption remains with him or her throughout the trial, unless and until he or she is proven guilty beyond a reasonable doubt.  The burden of proving him or her guilty beyond a reasonable doubt rests with the government, the prosecutor, and the burden never shifts during the course of a trial; a defendant need not prove his or her innocence, produce any evidence, or testify.  Those principles of law will underlie the trial of this case.  Do you feel that you would be unable to follow those principles of law if selected as a juror in this trial?

2.      If it should come to pass, after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law – if you are then persuaded by the trial itself that any of the defendants are guilty of either of the charges beyond a reasonable doubt, then it would be your duty to vote guilty.  Do you feel that you would be unable to carry out that duty?

3.      On the other hand, if after you have heard all the evidence, the arguments of the lawyers, and my instructions in the law – if you then have a reasonable doubt as to any of the defendants' guilt of either of the charges, then you must vote not guilty as to that defendant and that charge.  Do you feel that you could not carry out this responsibility?

4.      This case arises from an incident that occurred on October 22, 2020, at the Washington Surgi-clinic, 2112 F Street, N.W., Washington, D.C., and the case involves the delivery of

reproductive health services.  Do you know anything about the facts and circumstances of this case?  Do you work or live in the area of 2112 F Street, N.W.?

5.      The government is represented by [Assistant United States Attorney John Crabb and Trial Attorney Sanjay Patel from the United States Attorney's Office and the Department of Justice's Civil Rights Division, respectively] [Trial Attorney Sanjay Patel and Assistant United States Attorney Rebecca Rose from the Department of Justice's Civil Rights Division and the United States Attorney's Office, respectively] .  Do you know either of these prosecutors?  Have you ever worked for or otherwise dealt with either the United States Attorney's Office or the Civil Rights Division?

6.      The defendants are [Lauren Handy, John Hinshaw, Heather Idoni, William Goodman, and Herb Geraghty] [Jonathan Darnel, Paula "Paulette" Harlow, Jean Marshall, and Joan Bell].  Do you know any of them?

7.      [Ms. Handy is represented by Martin Cannon and Dennis Boyle; Mr. Hinshaw is represented by Alfred Guillaume; Ms. Idoni is represented by Robert Dunn; Mr. Goodman is represented by Howard Walsh; and Mr. Geraghty is represented by John Kiyonaga.] [[Mr. Darnel is represented by Brian Chavez-Ochoa; Ms. Harlow is represented by Allen Orenberg; Ms. Marshall is represented by John Machado; and Ms. Bell is represented by Stephen Brennwald.] Do you know any of these attorneys?

8.      The government will call a number of witnesses to testify during the trial.  The defense may also, but is not required to call witnesses. [Mr. Crabb] [Mr. Patel] will now read a list of names

of witnesses who you may hear from and of people who you may hear about during the trial. The defense will do the same [if they wish.] Not all of these individuals will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses in this case. Do you know any of the people just announced?

9. Do you know any other member of the panel, for example from work, school, socially, prior jury service, or your neighborhood?

10. In this case law enforcement officers and agents will testify. Would you be inclined to give greater or lesser weight to the testimony of a law enforcement officer or agent simply because they are an agent or officer?

11. Are you, a family member, or a friend employed in law enforcement? Law enforcement includes MPD and other local law enforcement agencies, and the FBI and other federal law enforcement agencies.

12. Have you, a family member, or a friend, had an experience with law enforcement that may affect your ability to be fair in a criminal trial?

13. Are you, a family member, or a friend employed by the court, including the United States District Court and the D.C. Superior Court?

14. Are you a lawyer or have you studied law?

15. Are you, a family member, or friend now or previously employed by a criminal defense lawyer?

16.     Have you ever served on a grand jury?

17.     Have you ever served as a juror in a criminal case?

18.     Have you, a family member, or a friend been the victim of, a witness to, or accursed of a crime?

19.     This matter involves the delivery of reproductive health care services – including abortion. Do you have any personal, political, moral, or religious opinions or beliefs regarding the issue of reproductive health care that would make it difficult for you to serve on this jury? Would you be able to put aside any personal views that you may have and decide this case based solely on the facts and law presented at trial?

20.     Do you, a family member, or a close friend belong to any group or organization or do you contribute money to any group or organization that advocates regarding any aspect of reproductive health care?

21.     Have you, a family member, or a close friend ever participated in any protest, march, or rally regarding reproductive health care?

22.     Do you have any religious, social, or moral beliefs, which would affect your ability to sit in judgment in a criminal case?

23.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Is there any reason you would not be able to accept and follow the Court's instructions regarding the law?

24. The presentation of evidence in this trial may last about ten days; the length of deliberations is determined by the jury itself. Do you have any important matter to attend to in the next fifteen business days which would create a conflict if you were selected to serve on the jury in this case?

25. Are you presently taking any medication which might cause drowsiness, or experiencing any other physical or mental conditions which might in any way affect your ability to give your full attention to this case?

26. Do you know any other reason, not already discussed, why it would be difficult for you to serve as a juror in this case and render a fair and impartial verdict, based solely on the evidence presented?

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's proposed voir dire questions has been filed and served upon all parties listed on the Electronic Case Filing (ECF) System and is available for viewing and downloading from the ECF system.

DATE: July 7, 2023.

*s/ John Crabb Jr.*
JOHN CRABB Jr.
Assistant United States Attorney