**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **LAUREN HANDY,** | : | |
| **JONATHAN DARNEL,** | : | |
| **PAULA "PAULETTE" HARLOW,** | : | |
| **JEAN MARSHALL,** | : | |
| **JOHN HINSHAW,** | : | |
| **HEATHER IDONI,** | : | |
| **WILLIAM GOODMAN,** | : | |
| **JOAN BELL, and** | : | |
| **HERB GERAGHTY,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The government respectfully requests that the Court instruct the jury as follows and use

the attached verdict forms:

## I.   PRELIMINARY INSTRUCTIONS.

### Instruction 1.102 PRELIMINARY INSTRUCTION BEFORE TRIAL[1]

Before we begin the trial, I want to explain some of the legal rules that will be important

in this trial.   I want to emphasize that these remarks are not meant to be a substitute for the detailed

instructions that I will give at the end of the trial just before you start your deliberations. These

preliminary instructions are intended to give you a sense of what will be going on in the courtroom

and what your responsibilities as jurors will be.

---

[1]        Unless otherwise indicated, these instructions are derived from the Criminal Jury Instructions for the District of Columbia (the "Redbook") 5th Edition, 2021 Release.

**Instruction 1.107 PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen of you sitting in the jury box.  Only twelve of you will retire to deliberate in this matter.  Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108 A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

**Resume Instruction 1.102**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

In summary, the indictment charges the defendants with offenses related to an incident that occurred on October 22, 2020, at the Washington Surgi-Clinic, located at 2112 F Street, N.W., Washington, D.C.  The indictment alleges that the defendants interfered with the delivery of

reproductive health services.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because s/he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendants committed the offenses with which they have been charged.   The defendants has been charged with two offenses:   Count 1 of the indictment charges a violation of 18 U.S.C. § 241: Conspiracy Against Rights, which makes it unlawful for anyone to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured to him by the laws of the United States. Count 2 charges a violation of 18 U.S.C. § 248, Clinic Access Obstruction, which makes it unlawful for anyone by force or threat of force or by physical obstruction, to intentionally injure, intimidate or interfere with or attempt to injure, intimidate or interfere with any person because that person is or has been obtaining or providing reproductive health services.

To prove a Conspiracy Against Rights, the government must prove beyond a reasonable doubt each of the elements of this offense.   The elements of a Conspiracy Against Rights are:   (1) that two or more persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate the patients and employees of the Clinic; (2) the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and (3) at the time the defendant joined in the agreement or understanding, the defendant intended to hinder, interfere with, or prevent the patients and

3

employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services.

To prove Clinic Access Obstruction, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of Conspiracy Against Rights are:  (1) the defendant used force or a physical obstruction; (2) the defendant intentionally injured, intimidated, or interfered with Patient A or the employees of the Clinic, or the defendant attempted to do so; and (3) the defendant acted as he or she did because Patient A was obtaining, or the Clinic was providing, reproductive health services.  Reproductive health services means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

I will give you detailed instructions at the conclusion of the trial as to what each of these offenses charged in this case requires the government to prove beyond a reasonable doubt.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him/her guilty of that offense.   On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant."   When I mention the "government," I am referring to [Assistant United States Attorney John Crabb and Trial Attorney Sanjay Patel] [Trial Attorney Sanjay Patel and Assistant United States Attorney Rebecca Ross].   When I mention the defendant or the defense, I am referring either to the defendant or his/her attorney: [Ms. Handy is represented by Martin Cannon and Dennis Boyle; Mr. Hinshaw is represented by Alfred Guillaume; Ms. Idoni is represented by Robert Dunn; Mr. Goodman is represented by Howard Walsh; and Mr. Geraghty is represented by John Kiyonaga] [Mr. Darnel is represented by Brian Chavez-Ochoa; Ms. Harlow is represented by Allen Orenberg; Ms. Marshall is represented by John Machado; and Ms. Bell is represented by Stephen Brennwald].

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendants may make opening statements immediately after the government's opening statement or they may wait until the beginning of their individual cases, or they may choose not to make an opening statement at all.   You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendants may present evidence, but s/he is not required to do so. The law does not require a defendant to prove

his/her innocence or to produce any evidence. If the defense does put on evidence, their attorney will call witnesses to the stand and ask questions on direct examination, one of the prosecutors will cross-examine, and the defendant's attorney may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you

6

will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

**INSERT:   Instruction 1.105 NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**RESUME Instruction 1.102**

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have

implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's

responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the

courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it

with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## II.     Final Instructions.

### Instruction 2.100 FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

### Instruction 2.101 FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

### Instruction 2.102 FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility

12

or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.103 JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction 2.104 EVIDENCE IN THE CASE--JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence [the facts of which I took judicial notice] [the facts and testimony stipulated to by the parties].

[I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through

undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the **facts, however, you** are not required to accept any fact that is judicially noted.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to what testimony [name of witness] would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.]

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.105 STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106 INDICTMENT OR INFORMATION NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of any defendant's guilt or draw any inference of guilt from it.

**Instruction 2.107 BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of

innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which a defendant is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

**Instruction 2.108 REASONABLE DOUBT (U.S. District Court version)[2]**

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that.   It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.   There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.   The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty.   If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.   If on the other hand, you

---

2        *See United States v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993) (finding no error when trial court used Federal Judicial Center's Pattern Instruction 28 for "reasonable doubt," noting that Redbook instruction is not mandatory; approving use of phrases "firmly convinced" and "real possibility of innocence" and suggesting that a court need not give any instruction defining "reasonable doubt").

think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.110 NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the

nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2.111 NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 2.112 INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.   Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Instruction 2.200 CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified. You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and

18

any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.207 POLICE OFFICER'S TESTIMONY**

A law enforcement agent or a police officer's testimony should be evaluated by you just as any other evidence in the case.   In evaluating the agent's or officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is an agent or a police officer

**Instruction 2.208 RIGHT OF DEFENDANT NOT TO TESTIFY (AS APPROPRIATE)**

Every defendant in a criminal case has an absolute right not to testify. [Name of defendant] has chosen to exercise this right. You must not hold this decision against him/her, and it would be improper for you to speculate as to the reason or reasons for his/her decision. You must not assume

the defendant is guilty because he/she chose not to testify.

**Instruction 2.209 DEFENDANT AS WITNESS (AS APPROPRIATE)**

A defendant has a right to become a witness in his/her own behalf. His/Her testimony should not be disbelieved merely because s/he is the defendant. In evaluating his/her testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**[Instruction 2.210 FALSE OR INCONSISTENT STATEMENT BY DEFENDANT]**

**[**You have heard evidence that [name of defendant] made statements in explanation of his/her actions that may have been false or inconsistent. It is up to you to decide whether s/he made the statements, and whether they were, in fact, false or inconsistent. If you find s/he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his/her feelings of guilt, which you may, in turn, consider as tending to show actual guilt.

On the other hand, you may also consider that s/he may have given such statements for reasons [unrelated to this case or] consistent with his/her innocence.

If you find that [name of defendant] made a false or inconsistent statement in explanation of his/her actions, you should give the testimony as much weight as in your judgment it deserves.**]**

**Instruction 2.305 STATEMENTS OF THE DEFENDANT—SUBSTANTIVE EVIDENCE**

You have heard evidence that [name of defendant] made statements to the police about the crime charged.   You should consider all the circumstances, including whether the police recorded the statement, in deciding whether s/he made the statement.   If you find that he/she did make the statement, you must decide how much weight to give the statement. For example, you may

consider whether s/he made the statement voluntarily and understood what s/he was saying. You may consider whether s/he was forced, threatened, or pressured, either physically or psychologically, and whether s/he was promised any reward or benefit for making the statement. You may consider all the conversations between him/her and the police. You may consider whether the police warned him/her of his/her rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the police recorded some or all of the conversations.

You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

**Instruction 2.307 MOTIVE**

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

**[Instruction 2.308 EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY]**

[Identify evidence/statement admitted only against a particular defendant] was admitted only with respect to [name of particular defendant], and it was not admitted against [name(s) of other defendant(s)]. You may consider such evidence only with respect [name of defendant]. You must not consider it in any way in your deliberations with respect to [names of other defendant(s)].

**[OTHER ACTS EVIDENCE INSTRUCTION TO BE PROVIDED AFTER COURT'S RULING ON GOVERNMENT'S OTHER ACTS MOTION]**

**Instruction 3.101 PROOF OF STATE OF MIND**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing

what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by a defendant, and all other facts and circumstances received in evidence which indicate his/her intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

**Instruction 3.103 "ON OR ABOUT" – PROOF OF**

The indictment charges that the offenses of Conspiracy Against Rights and Clinic Access Obstruction were committed "on or about" October 7 and 22, 2020, and October 22, 2020, respectively.   The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**COUNT ONE**[3]

The defendants have been charged in Count One with Conspiracy Against Rights, which is a separate charge from the Clinic Access Obstruction violation charged in Count Two.   You should consider each count separately.

First, I will explain to you the elements of the offense of Conspiracy Against Rights. It is against the law to agree with someone to commit a crime. That is a conspiracy. More specifically, it is against the law to agree with someone to injure, oppress, threaten, or intimidate any person in the District of Columbia in the free exercise or enjoyment of any right or privilege secured to him or her by laws of the United States. The indictment in this case charges the defendant with conspiring and agreeing to injure, oppress, threaten, and intimidate patients and employees of a women's reproductive health clinic in the District of Columbia. To prove a Conspiracy Against Rights, the government is not required to prove that the objective was achieved; that is, the government is not required to prove that the defendant succeeded in injuring, oppressing, threatening, and intimidating patients and employees of a women's reproductive health clinic in the

---

[3]        This instruction is based on the following:   Eighth Circuit Model Jury Instructions, No. 6.18.241 (Conspiracy to Deprive a Person of Civil Rights (18 U.S.C. § 241) (2022 ed.); Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.11 (18 U.S.C. § 241 elements) (2019 ed.); Pattern Federal Criminal Jury Instructions of the Seventh Circuit, 18 U.S.C. § 241 (elements) (2020 ed.); *United States v. Ehrlichman*, 546 F.2d 910, 918-22 (D.C. Cir. 1976) (discussing the intent element of a Section 241 conspiracy) (*citing Anderson v. United States*, 417 U.S. 211 (1974)); *United States v. Scott*, 979 F.3d 986, 990 (2d Cir. 2020) ("Section 241 makes it unlawful for 'two or more persons [to] conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States."); *and generally* 2 Fed. Jury Prac. & Instr. § 31:04, 05, 06, 08,   (6th ed.); *United States v. Vega*, 826 F.3d 514, 524 (D.C. Cir. 2016) (citing with approval, instruction, in drug conspiracy case, that the "Government was required to demonstrate that [the defendants] 'intentionally joined in that agreement,'" and the instruction that the government must prove "a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives."); *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) ("[S]ince a conspiracy is by nature secret, the jury may infer the existence of the agreement through either direct or circumstantial evidence."); *United States v. Gatling*, 96 F.3d 1511, 1518 (D.C. Cir. 1996) ("In order to prove that an agreement [sufficient to support a conspiracy against civil rights] existed, the government need only show that the conspirators agreed on the essential nature of the plan, not that they agreed on the details of their criminal scheme.").

District of Columbia. Instead, to prove the offense of Conspiracy Against Rights, the government must prove each of the following three elements beyond a reasonable doubt:

First:        That two or more persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate the patients and employees of the Clinic;

Second:       The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

Third:        At the time the defendant joined in the agreement or understanding, the defendant intended to hinder, interfere with, or prevent the patients and employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services.

I will now explain each of these elements in more detail.

The first element of Count One requires the government to prove beyond a reasonable doubt that at some point from on or about October 7 and 22, 2020, an agreement existed between two or more people to injure, oppress, threaten, or intimidate the patients and employees of the Clinic.   This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details.   On the other hand, merely because people get together and talk about common interests or do similar things, does not necessarily show that an agreement exists.   It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to injure, oppress, threaten, or intimidate the patients and employees of the Clinic.   The words "injure," "oppress," "threaten," and

24

"intimidate" are not used in any technical sense, but instead cover any conduct intended to harm, frighten, punish, or prevent the free action of other persons. So the first thing that must be shown is the existence of an agreement to injure, oppress, threaten, or intimidate the patients and employees of the Clinic.

The second element of Count One requires the government to prove beyond a reasonable doubt that the defendant voluntarily and intentionally joined in the agreement or understanding – that is the conspiracy – either at the time it was first reached or at some later time while it was still in effect.   You must consider each defendant separately in this regard.

It is not necessary to find that the defendant agreed to all the details of the crime or knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. The defendant, however, need not know that the object of the conspiracy violated any particular law or any law at all.   Instead, the defendant must enter an agreement to perform acts which are in fact illegal.   Even if a defendant is not part of the agreement at the very start, he can become a member of the conspiracy later if the government proves that he or she intentionally joined in the agreement.

The government is not required to prove that any alleged conspirator committed an act in furtherance of the conspiracy.   The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.[4]

---

[4]     Section 241 does not provide for the commission of an overt act, so the government is not required to prove

25

Different people may become a member of a conspiracy at different times.   But mere presence at the scene of the agreement of the crime, or merely being with the other participants does not show that a defendant knowingly joined in that agreement.   Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself without more, does not make the defendant part of the conspiracy.

Some of the people who may have been involved in these events are not on trial.   This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.   Nor is there any requirement that the names of the other conspirators be known.   An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.   Whether they are named or not does not matter.

A conspiracy can be proved indirectly, by facts and circumstances which lead to a conclusion that a conspiracy existed.   But it is up to the government to prove such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all of the alleged participants.   In deciding whether the defendant became a member of the conspiracy, you may consider only the acts and statements of this particular defendant.   So the second thing the government has got to prove is that the defendant joined the conspiracy.

---

that one was committed.   *Whitfield v. United States*, 543 U.S. 209, 213 (2005) ("[W]here Congress had omitted from the relevant conspiracy provision any language expressly requiring an overt act, the Court would not read such a requirement into the statute."); *United States v. Shabani*, 513 U.S. 10, 13-14 (1994) ("absent contrary indications, Congress intends to adopt the common law definition of statutory terms. . . . We have consistently held that the common law understanding of conspiracy 'does not make the doing of any act other than the act of conspiring a condition of liability.'").

The third element of Count One requires the government to prove that the defendant's purpose or intent in joining the conspiracy was to use force and physical obstruction to hinder, interfere with, or prevent the patients and employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services.[5]   I will later define for you the term "reproductive health services."

You are instructed that the right to obtain and seek to obtain, and to provide and seek to provide reproductive health services is one secured by the laws of the United States.[6]   Keep in mind that Count One of the indictment charges a conspiracy to commit the offense of depriving a person in the enjoyment of their civil rights, and not that that offense was committed.

The government is not required to prove that the defendant knew this right was secured by the laws of the United States.[7]   To meet this element, you need only find that the purpose of the conspiracy was to violate a protected right.   This element can be met even if the conspirators were also motivated by some other emotion, so long as a purpose of the conspiracy was to deprive the

---

[5]     *Anderson v. United States*, 417 U.S. 211, 223 (1974) ("It is established that since the gravamen of the offense under § 241 is conspiracy, the prosecution must show that the offender acted with a specific intent to interfere with the federal rights in question."); *United States v. Price*, 383 U.S. 787, 806 n.20 (1966) (requiring specific intent be proven in a § 241 case and noting that there is "no basis for distinction" between § 241 and § 242 with respect to the specific intent requirement).

[6]     *See United States v. Kozminski*, 487 U.S. 931, 947 (1988) (A right has been "secured" by the laws of the United States when the right has been "made specific either by the express terms of the federal constitution or laws or by decisions interpreting them."); *United States v. Johnson*, 390 U.S. 563, 566 (1968) (finding that Section 201 of the Civil Rights Act of 1964 created a right enforceable under Section 241).

[7]     *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.12 (18 U.S.C. § 242) ("To find that the defendant was acting willfully, it is not necessary for you to find that the defendant knew of a specific Constitutional provision or federal law that his [her] conduct violated.") (2019 ed.); *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993) (holding that the "defendant need not have been thinking about the law to have acted in reckless disregard of federal rights.").

Clinic's patients and employees from exercising their reproductive health rights free from being subjected to the use of force, threats of force, or physical obstructions.[8]

In summary, a conspiracy is a kind of partnership in crime.   For the defendant to convicted of the crime of Conspiracy Against Rights, the government must prove three things beyond a reasonable doubt: first, that two or more persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate the patients and employees of the Clinic; second, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and third, at the time the defendant joined in the agreement or understanding, the defendant intended to hinder, interfere with, or prevent the patients and employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services.

**COUNT TWO**[9]

Count Two charges the defendant with Clinic Access Obstruction.   The elements of this offense, each of which the government must prove beyond a reasonable doubt, are that:

First:        The defendant used force or a physical obstruction;

---

[8]      *United States v. Johnstone*, 107 F.3d 200, 209 (3d Cir. 1997) (approving instruction: "Nor does it matter that a defendant may have also been motivated by hatred, anger or revenge, or some other emotion, provided that the specific intent which I have described to you is present.").

[9]      This instruction is based on the following.   *United States v. Mahoney*, 247 F.3d 279, 282-83 (D.C. Cir. 2001) (elements); *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) ("[P]arsing this language, a violation of the Act has three elements. The first element is the use or threat of force or physical obstruction of a clinic . . .   The Act's second element is that the obstruction intentionally injure, intimidate or interfere with or attempt to injure, intimidate or interfere with persons . . . . [T]he Act's third element . . .   requires that the defendant's actions be taken because . . . the interfered-with person is or has been, or in order to intimidate such person or any other person or class of persons from, obtaining or providing reproductive health services.") (internal quotations, citations, and alteration omitted); *United States v. Retta*, 840 F.Supp.2d 262, 264 (D.D.C. Jan. 10, 2012) ("The [FACE Act] provides penalties for and remedies against an individual who "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been . . . obtaining or providing reproductive health services.").

Second:        The defendant intentionally injured, intimidated, or interfered with

Patient A or the employees of the Clinic, or the defendant attempted

to do so; and

Third:        The defendant acted as he or she did because Patient A was obtaining, or

the Clinic was providing, reproductive health services.

The first element of the Clinic Access Obstruction violation charged in Count Two requires the government to prove beyond a reasonable doubt that the defendant used force or a physical obstruction.   The term force includes the exercise and application of physical power, or any physical force sufficient to injure a person.   In common usage, force means power and violence exerted upon or against a person or property.   The term physical obstruction is defined as rendering impassable an entrance to or exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.[10]

The second element of the Clinic Access Obstruction violation charged in Count Two requires the government to prove either that the defendant intentionally injured, intimidated, or interfered with Patient A or the employees of the Clinic; or that the defendant attempted to do so. The word injure has no technical meaning; it is to be understood in its ordinary meaning.   The term intimidate means to place a person in reasonable apprehension of bodily harm to themself or another.   The term interfere with means to restrict a person's freedom of movement.[11]

---

[10]        *See Stokeling v. United States*, 139 S. Ct. 544, 551 (2019) (quoting dictionaries to explain that force means "power, violence, or pressure directed against a person or thing or unlawful violence threatened or committed against persons or property.") (internal quotations, citations, and alterations omitted); *United States v. Mahoney*, 247 F.3d 279, 282-83 (D.C. Cir. 2001) ("[P]hysical obstruction" is defined as "rendering impassable ingress to or egress from a facility that provides reproductive health services . . . or rendering passage to or from such a facility . . . unreasonably difficult or hazardous.").

[11]        *See United States v. Dillard*, 795 F.3d 1191, 1198 (10th Cir. 2015) ("The statute defines 'intimidate' to mean

The third element of the Clinic Access Obstruction violation charged in Count Two requires the government to prove that the defendant acted as they did because Patient A was obtaining, or the Clinic employees were providing, reproductive health services.   Reproductive health services means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.   A provider of reproductive health services includes any staff member who is an integral part of a business where reproductive health services are provided.   If you find that the Clinic employees were working as staff members of a facility providing reproductive health services, then you may find that they provide reproductive health care.[12]

So long as Patient A's status as a reproductive health services patient, or the Clinic employees' roles as reproductive health services providers was one cause of the defendant's conduct, that is enough to satisfy the third element.   Patient A's status as a reproductive health services patient, or the Clinic employees' roles as reproductive health services providers need not be the sole cause or even the primary cause of the defendant's conduct.   Therefore, you may find that the third element has been met, even if you find that the defendant also had other reasons for doing what he or she did.   The government is not required to prove that the fact that Patient A's status as a reproductive health care patient, or the Clinic employees' role as reproductive health care providers was the sole motivation for the defendant's actions.

---

'to place a person in reasonable apprehension of bodily harm to him—or herself or to another."); *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) ("The Act defines interfere with as to restrict a person's freedom of movement.") (internal quotations and citations omitted).

[12]      18 U.S.C. § 248(e)(5) (defining "reproductive health services").

**THEORIES OF LIABILITY**

I will now explain to you the different theories of liability.

**A.      Instruction 3.102 WILLFULLY CAUSING AN ACT TO BE DONE 18 U.S.C. § 2(b)**

You may find a defendant guilty of the crime charged in Count Two of the indictment without finding that s/he personally committed each of the acts constituting the offense or was personally present at the commission of the offense.   A defendant is responsible for an act which s/he willfully causes to be done if the act would be criminal if performed by him/her directly or by another.   To "cause" an act to be done means to bring it about. You may convict any of the defendant of the offense charged in Count Two of the indictment if you find that the government has proved beyond a reasonable doubt each element of that offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

**B.      CO-CONSPIRATOR LIABILITY**[13]

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy.   The illegal actions of this conspirator in committing this other crime may be attributed to other individuals who are then members of the conspiracy.   Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven a particular defendant guilty of conspiracy beyond a reasonable doubt, as charged in Count One of the indictment, you may also find that defendant guilty of the crime alleged in Count Two of the Indictment, provided you find that the

---

[13]      This instruction is based on the following.   2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.), 2 Fed. Jury Prac. & Instr. § 31:10 (6th ed.); *see also Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946); *United States v. Long*, 905 F.2d 1572, 1577 n.8 (D.C. Cir. 1990) ("a Defendant involved in a conspiracy . . . can be punished as a principal based on the rule of vicarious liability for coconspirators").   The D.C. Circuit has explained Pinkerton liability this way:

> Pinkerton thus holds that a conspirator can be found guilty of a substantive offense based upon acts of his coconspirator so long as the act was done in furtherance of the conspiracy, was within the scope of the unlawful project, and could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement. *United States v. Moreno*, 588 F.2d 490, 493 (5th Cir. 1979), *cert. denied*, 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 666 (1979), is to the same effect. Once the conspiracy and the Defendant's knowing participation in it have been established beyond a reasonable doubt, the Defendant will be vicariously liable for the substantive acts committed in furtherance of the conspiracy by his coconspirators. *United States v. Michel*, 588 F.2d 986, 999 (5th Cir. 1979), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979). State courts follow the same principle:

>> If one procures or conspires with another to commit a crime, he is guilty of everything done by his confederates which follows incidentally in the execution of the common design as one of its probable and natural consequences, even though it was not intended as a part of the original plan.

*State v. Hurst*, 153 Minn. 525, 193 N.W. 680 (1922).

*United States v. Sampol*, 636 F.2d 621, 676 (D.C. Cir. 1980).

essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that

One: The substantive offense was committed by a member of the conspiracy as detailed in Count One of the Indictment;

Two: The substantive crime was committed during the existence or life of and in furtherance of the goals or objectives of the conspiracy detailed in Count One of the Indictment; and

Three: At the time that this offense was committed, the particular defendant was a member of the conspiracy detailed in Count One of the Indictment.

## C. Aiding and Abetting[14]

A defendant may be found guilty of any Count Two of the Indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, the specific crime charged in Count Two of the Indictment was committed by someone;

Second, the defendant aided, counseled, commanded, induced or procured that person with

---

[14]       This instruction is based on the Ninth Circuit Model Criminal Jury Instructions and *Rosemond v. United States*, 572 U.S. 65 (2014).  In *Rosemond*, the Supreme Court held that aiding and abetting requires a defendant's "advance knowledge" of the commission of the underlying crime.  The Supreme Court explained that "advance knowledge" does not have to exist before the underlying crime is begun. Instead, it is sufficient if the knowledge is gained in the midst of the underlying crime, so long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw. *See, e.g.*, *Id.* at 78 ("advance knowledge" means, "knowledge that enables [the defendant] to make the relevant legal (and indeed, moral) choice."); *id.* at 77 ("We have previously found that intent requirement satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense."); *id.* at 78 ("For the reasons just given, we think [advance knowledge] means knowledge at a time the accomplice can do something with it – most notably, opt to walk away.")

respect to at least one element of the specific crime charged in Count Two of the Indictment;

Third, the defendant acted with the intent to facilitate the specific crime charged in Count Two of the Indictment; and

Fourth, the defendant acted before the crime charged in Count Two of the Indictment was completed.

It is not enough that the defendant merely associated with the person committing the crime charged in Count Two of the Indictment, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.   The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the specific crime charged in Count Two of the Indictment.

A defendant acts with the intent to facilitate a crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime. Advance knowledge means knowledge at a time the person can attempt to alter the plan or withdraw from the enterprise.   Knowledge may, but does not have to, exist before the underlying crime is begun.   It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the individual continues to participate in the crime and has a realistic opportunity to withdraw.   You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his or her participation in the crime after learning that it was being committed.

**Instruction 2.404 MULTIPLE DEFENDANTS—MULTIPLE COUNTS**

Each count of the indictment charges a separate offense. Moreover, each defendant is

entitled to have the issue of his/her guilt as to each of the crimes for which s/he is on trial determined from his/her own conduct and from the evidence that applies to him/her as if s/he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one or more of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

**Instruction 2.405 UNANIMITY--GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

**Instruction 2.407 VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction 2.501 EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence.   You may examine any or all of them as you consider your verdicts.   Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.502 SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.505 POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.508 CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may

be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.509 COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote

37

is for conviction or acquittal or on any other issue in the case.

**Instruction 2.510 ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.511 EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood,

we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**III.     Verdict Forms.**

Attached.

WHEREFORE, the government submits the foregoing proposed Jury Instructions and Verdict Form.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section
Civil Rights Division
4 Constitution Square
150 M St. NE, 7.121
Washington, D.C. 20530
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB Jr.
NY Bar No. 2367670
Assistant United States Attorney
Email: John.D.Crabb@usdoj.gov

REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorney
601 D Street, NW
Washington, DC 20001
Email: Rebecca.Ross2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **LAUREN HANDY,** | : | |
| **JOHN HINSHAW,** | : | |
| **HEATHER IDONI,** | : | |
| **WILLIAM GOODMAN, and** | : | |
| **HERB GERAGHTY,** | : | |
| | : | |
| **Defendants.** | : | |

## **JURY VERDICT FORM**

**DEFENDANT LAUREN HANDY**

### **COUNT ONE**

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant Lauren Handy

_____ Guilty                        _____ Not Guilty

### **COUNT TWO**

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant Lauren Handy

_____ Guilty                        _____ Not Guilty

41

**DEFENDANT JOHN HINSHAW**

<u>**COUNT ONE**</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant John

Hinshaw

_____ Guilty                                      _____ Not Guilty


<u>**COUNT TWO**</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant John

Hinshaw

_____ Guilty                                      _____ Not Guilty

**DEFENDANT HEATHER IDONI**

## <u>COUNT ONE</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant Heather Idoni

_____ Guilty                                      _____ Not Guilty


## <u>COUNT TWO</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant Heather Idoni

_____ Guilty                                      _____ Not Guilty

**DEFENDANT WILLIAM GOODMAN**

<u>**COUNT ONE**</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant William Goodman

_____ Guilty                              _____ Not Guilty

<u>**COUNT TWO**</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant William Goodman

_____ Guilty                              _____ Not Guilty

**DEFENDANT HERB GERAGHTY**

<u>**COUNT ONE**</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant Herb

Geraghty

_____ Guilty                                    _____ Not Guilty

<u>**COUNT TWO**</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant Herb

Geraghty

_____ Guilty                                    _____ Not Guilty

_____                          _____
DATE                                                         FOREPERSON

45

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | **:** | |
| **JONATHAN DARNEL,** | **:** | |
| **PAULA "PAULETTE" HARLOW,** | **:** | |
| **JEAN MARSHALL,  and** | **:** | |
| **JOAN BELL,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## JURY VERDICT FORM

### DEFENDANT JONATHAN DARNEL

### COUNT ONE

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant

Jonathan Darnel

_____ Guilty                         _____ Not Guilty

### COUNT TWO

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant

Jonathan Darnel

_____ Guilty                         _____ Not Guilty

46

**DEFENDANT PAULA "PAULETTE" HARLOW**

### <u>COUNT ONE</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant Paula "Paulette" Harlow

_____ Guilty                              _____ Not Guilty

### <u>COUNT TWO</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant Paula "Paulette" Harlow

_____ Guilty                              _____ Not Guilty

**DEFENDANT JEAN MARSHALL**

## <u>COUNT ONE</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant Jean

Marshall

_____ Guilty                                        _____ Not Guilty


## <u>COUNT TWO</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant Jean

Marshall


_____ Guilty                                        _____ Not Guilty

**DEFENDANT JOAN BELL**

<u>**COUNT ONE**</u>

With respect to the offense of Conspiracy Against Rights, we the jury find Defendant Joan

Bell

_____ Guilty                                    _____ Not Guilty

<u>**COUNT TWO**</u>

With respect to the offense of Clinic Access Obstruction, we the jury find Defendant 2Joan

Bell

_____ Guilty                                    _____ Not Guilty

_____                    _____
DATE                                                          FOREPERSON

49