# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-323 (GJP) |
| LAUREN HANDY | : | |

## DEFENDANT HANDY'S PROPOSED JURY INSTRUCTIONS

Lauren Handy, by and through undersigned counsel of record, pursuant to Federal Rule of Criminal Procedure 30, requests that this Court tender the following jury instructions and further requests leave to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

*/s/ Martin A. Cannon*
Martin A. Cannon, Esquire (Admitted *Pro Hac Vice*)
Thomas More Society
10506 Burt Circle, Suite 110
Omaha, Nebraska 68114
Email: mcannonlaw@gmail.com
Phone: (402) 690-1484


*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire
Blerina Jasari, Esquire
Boyle & Jasari
1050 Connecticut Ave, Suite 500
Washington, D.C., 20036
Email: dboyle@dennisboylelegal.com
        bjasari@dennisboylelegal.com
Phone: (202) 430-1900

# **TABLE OF CONTENTS**

**Instruction**                                                                                                                        **Page**

REQUEST NO. 1
    Role of Jury..............................................................................................................1

REQUEST NO. 2
    Evidence..................................................................................................................3

REQUEST NO. 3
    Direct and Circumstantial Evidence ....................................................................6

REQUEST NO. 4
    Credibility of Witnesses Β In General ................................................................8

REQUEST NO. 5
    Defendant's Choice Not to Testify or Present Evidence ...................................10

REQUEST NO. 6
    Defendant's Testimony......................................................................................11

REQUEST NO. 7
    Not All Evidence, Not all Witnesses Needed ...................................................12

REQUEST NO. 8
    Presumption of Innocence, Burden of Proof, Reasonable Doubt ......................13

REQUEST NO. 9
    Defense of Others………………………………………………………………..15

REQUEST NO. 10
    Necessity………………………………………………………………………16

REQUEST NO. 11
    Nature of Indictment .........................................................................................17

REQUEST NO. 12
    Separate Consideration, Single Defendant Charged with Multiple Offenses....................18

REQUEST NO. 13
    Elements of Count One......................................................................................19

REQUEST NO. 14
    Elements of Count Two .....................................................................................21

i

REQUEST NO. 15
    First Element of Count Two: The Defendant Used Force, Threat, or Physical
    Obstruction ............................................................................................................................22

REQUEST NO. 16
    Second Element of Count Two ............................................................................................23

REQUEST NO. 17
    Second Element of Count Two –Intentional and Attempt defined.......…………………24

REQUEST NO. 18
    Third Element of Count Two – Defendant Acted Because (Name) Was Providing or
    Obtaining Reproductive Health Services ...........................................................................26

REQUEST NO. 19
    Election of Foreperson Β Unanimous Verdict, Duty Not Consider Punishment,
    Duty to Deliberate, Communication With the Court……………………………………27

REQUEST NO. 20
    Verdict Form……………………………………………………………………………30

## REQUEST NO. 1

### Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, application or website such as Facebook, Instagram, Snapchat, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

1

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

---

Third Circuit Model Criminal Jury Instruction, No. 3.01.

2

## REQUEST NO. 2

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)     The testimony of the witnesses;

(2)     Documents and other things received as exhibits; and

(3)     Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4)     Any facts that have been judicially noticed; that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1)     The Indictment;

(2)     Statements and arguments of the lawyers for the parties in this case;

(3)     Questions by the lawyers and questions that I might have asked;

(4)     Objections by lawyers, including objections in which the lawyers stated facts;

(5)     Any testimony I struck or told you to disregard; and

(6)     Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

3

If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.

4

It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Third Circuit Model Criminal Jury Instruction, No. 3.02.

<u>**REQUEST NO. 3**</u>

<u>**Direct and Circumstantial Evidence**</u>

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses, something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Third Circuit Model Criminal Jury Instruction, No. 3.03.

<u>**REQUEST NO. 4**</u>

<u>**Credibility of Witnesses: In General**</u>

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

    (1)    The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

    (2)    The quality of the witness' knowledge, understanding, and memory;

    (3)    The witness' appearance, behavior, and manner while testifying;

    (4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

    (5)    Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

    (6)    Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

8

(7)     Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8)     Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Third Circuit Model Criminal Jury Instruction, No. 3.04.

**REQUEST NO. 5**

**Defendant's Choice Not to Testify or Present Evidence**

The defendant did not testify *(did not present evidence)* in this case. The defendant has an absolute constitutional right not to testify *(or to present any evidence)*. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Third Circuit Model Criminal Jury Instruction, No. 4.27 (2018).

**REQUEST NO. 6**

**Defendant's Testimony**

      In a criminal case, a defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Third Circuit Model Criminal Jury Instruction, No. 4.28.

## <u>REQUEST NO. 7</u>

**<u>Not All Evidence, Not All Witnesses Needed</u>**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

Third Circuit Model Criminal Jury Instruction, No. 3.05.

## **REQUEST NO. 8**

## **Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. The defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or

13

from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Third Circuit Model Criminal Jury Instruction, No. 3.06.

## **REQUEST NO. 9**

**Defense of Others**

A person may use force or other means reasonable under the circumstances to protect himself or another person from imminent death or serious bodily injury.

If you find that the defendant acted reasonably to protect another person from imminent death or serious bodily injury, you may find the defendant not guilty.

## REQUEST NO. 10

**Necessity**

A defendant's otherwise criminal conduct may be excused if :

(1) she was faced with a choice of evils and chose the lesser evil;

(2) she acted to prevent imminent harm;

(3) she reasonably anticipated a direct causal relationship between her conduct and the harm to be averted; and

(4) she had no legal alternatives to violating the law.

If you find that each of these elements is satisfied in this case, you may find the defendant not guilty.

*United States v. Schoon*, 955 F.2d 1238 at 1239-40. *See United States v. Turner*, 44 F.3d 900, 902 (10th Cir. 1995)

16

# REQUEST NO. 11

**Nature of Indictment**

The indictment contains two (2) counts.

At Count One, it charges Defendant with violating Title 18, United States Code, Section 241,

Conspiracy Against Rights. That law provides in pertinent part as follows:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, …they shall be [guilty of a crime against the United States].

At Count Two, it charges the defendant with violating Title 18, United States Code, Section

248(a)(1). That law provides in pertinent part as follows:

> Whoever – by force, threat of force or physical obstruction intentionally injures, intimidates or interferes with or attempts to injure, intimidate, or interfere with any person because that person is or has been, or in order to intimidate such person . . . from obtaining or providing reproductive health services . . . shall be [guilty of a crime against the United States].

18 U.S.C. § 248(a)(1)

17

## REQUEST NO. 12

### Separate Consideration – Single Defendant Charged with Multiple Offenses

While the defendant is charged with more than one offense, the number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

Third Circuit Model Criminal Jury Instruction, No. 3.12.

18

## REQUEST NO. 13

### Elements of the Offenses Charged in Count One

In order to find defendant guilty of the offense charged in Count One of the Indictment, you must find the government has proven the following elements beyond a reasonable doubt:

First: That defendant was one of two or more persons who conspired.

Second: That the object of the conspiracy was to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

The word "conspired" as used in this case, means that two or more persons formed an agreement to commit an offense against the United States.

To establish a criminal conspiracy, the government must prove beyond a reasonable doubt that:

(1) two or more persons formed an agreement either to commit an offense against [ ] the United States;

(2) the defendant knowingly participated in the conspiracy with the intent to commit at least one of the offenses charged [ ]; and

(3) at least one overt act was committed in furtherance of the common scheme.

The words "injure," "oppress," "threaten," or "intimidate" are words not used in any technical sense, but cover a variety of conduct intended to harm, frighten, punish or prevent the free action of other persons.

The term "right" has many and broad meanings, but rights are defined generally as "powers of free action" and the primal rights pertaining to persons , enjoyed by human beings purely as such, being grounded in personality, and existing before their recognition by positive law.

19

The term "privilege" means an exceptional or extraordinary power or exemption, or a peculiar right, advantage, exemption, power, or immunity held by a person or class, not generally possessed by others.

*United States v. Treadwell,* 245 U.S. App. D.C. 257, 760 F.2d 327, 333 (D.C. Cir. 1985).

*United States v. McDermott*, 29 F.3d 404, 408-09 (8th Cir. 1994) (upholding conspiracy conviction and approving jury instruction that defined the words "injure," "oppress," "threaten," or "intimidate" as words "not used in any technical sense, but . . . cover[ing] a variety of conduct intended to harm, frighten, punish or prevent the free action of other persons.").

Black's Law Dictionary, Sixth Edition

**REQUEST NO. 14**

**Elements of the Offenses Charged in Count Two**

In order to find defendant guilty of the offense charged in Count Two of the Indictment,

you must find the government has proven the following elements beyond a reasonable doubt:

First:          The defendant used force, threat of force or physical obstruction.

Second:      The defendant intentionally injured, intimidated, or interfered with _____ or the defendant attempted to do so.

Third:         The defendant acted as she did because _____ was obtaining or providing reproductive health services.

I will now explain each of these elements in more detail.

_____

18 U.S.C. § 248(a)(1)

*United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) ("[P]arsing this language, a violation of the Act has three elements. The first element is the use or threat of force or physical obstruction of a clinic. . .   The Act's second element is that the obstruction intentionally injure, intimidate or interfere with or attempt to injure, intimidate or interfere with persons. . . . [T]he Act's third element. . .  requires that the defendant's actions be taken because . . . the interfered-with person is or has been, or in order to intimidate such person or any other person or class of persons from, obtaining or providing reproductive health services.") (internal quotations, citations, and alteration omitted).

21

## REQUEST NO. 15

**First Element of Count Two – The Defendant Used Force, Threat of Force or Physical Obstruction**

The first element of Count Two requires the government to prove that the defendant used force, threat of force or physical obstruction.

The term force includes the exercise and application of physical power, or any physical force sufficient to injure a person.  In common usage, force means power and violence exerted upon or against a person.

The term "physical obstruction" means rendering impassable ingress to or egress from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.

*Merriam-Webster's on-line Dictionary*, 2022.

*Stokeling v. United States*, 139 S. Ct. 544, 551 (2019) (quoting dictionaries to explain that force means "power, violence, or pressure directed against a person or thing or unlawful violence threatened or committed against persons or property.") (internal quotations, citations, and alterations omitted).

*United States v. Shaw*, 891 F.3d 441, 452-53 (3d Cir. 2018) ("The requirement of force may be satisfied by a showing of . . . the use of such physical force as is sufficient to overcome, restrain, or injure a person").

*Dickson v. Ashcroft*, 346 F.3d 44, 50 (2d Cir. 2003) ("[F]orce is defined more broadly as power, violence, or pressure directed against a person or thing") (internal quotations and citations omitted).

*United States v. Dinwiddie*, 76 F.3d 913, 924 (8th Cir. 1996) ("Force" and "injures" are readily understandable terms that are used in everyday speech).

**REQUEST NO. 16**

**Second Element of Count Two**

The second element of the offense charged in Count Two requires the government to prove that the defendant intentionally injured, intimidated, or interfered with _____ or that the defendant attempted to do so.

The word *injure* has no technical meaning; it is to be understood in its ordinary meaning.

The term *intimidate* means to place a person in reasonable apprehension of bodily harm to himself.

The term *interfere* with means to restrict a person's freedom of movement.


18 U.S.C. § 248 (e)(2) (defining "interfere with") and (e)(3) (defining "intimidate").

*United States v. Dillard*, 795 F.3d 1191, 1198 (10th Cir. 2015) ("The statute defines 'intimidate' to mean 'to place a person in reasonable apprehension of bodily harm to him—or herself or to another.'").

*United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000) ("The Act defines interfere with as to restrict a person's freedom of movement.") (internal quotations and citations omitted).

*Allentown Women's Center, Inc. v. Sulpizio*, 403 F.Supp.3d 461, 467 (E.D.Pa August 28, 2019) (quoting FACE Act statutory definitions for "intimidate" and "interfere with").

*United States v. Dinwiddie*, 76 F.3d 913, 924 (8th Cir. 1996) ("Force" and "injures" are readily understandable terms that are used in everyday speech)

*United States v. McDermott*, 29 F.3d 404, 408-09 (8th Cir. 1994) (upholding conspiracy conviction and approving jury instruction that defined the words "injure," "oppress," "threaten," or "intimidate" as words "not used in any technical sense, but . . . cover[ing] a variety of conduct intended to harm, frighten, punish or prevent the free action of other persons.").

**REQUEST NO. 17**

**Second Element of Count Two – Defendant Intentionally Injured, Intimidated or Interfered With _____, or Attempted to Do So**

In deciding whether the defendant *intentionally* injured, intimidated, or interfered with _____, you may infer that the defendant intended the natural and probable consequences of acts knowingly done or knowingly omitted.  The defendant's intent or the knowledge he possessed at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what the defendant knew or what he intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge or intent.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Alternatively, in order for you to find that the defendant *attempted* to injure, intimidate, or interfere with _____, the government must prove that she intentionally performed an act that constituted a substantial step towards injuring, intimidating, or interfering with _____.  You must find that that the evidence proved beyond a reasonable doubt that the defendant's mental state actually intended to cause an injury, intimidation, or interference with _____, and that the defendant took some firm, clear, undeniable action to accomplish this intent.

If you find that the defendant acted voluntarily and purposely to injure, intimidate, or interfere with _____, or that she attempted to do so, rather than that the defendant acted inadvertently or by mistake, then you may find this element of the offense proved.

24

Third Circuit Model Criminal Jury Instruction Nos. 5.01, 5.03, 7.01.

*United States v. Weslin***,** 156 F.3d 292, 298 (2d Cir. 1998) ("It follows that the defendants, *whatever their motive may have been*, did intend to obstruct and interfere with the obtaining and provision of reproductive health services as defined by Congress.  That is all the intent that the statute requires.") (emphasis added).

*United States v. Gregg*, 32 F.Supp.2d 151, 156 (D.NJ December 11, 1998) ("For purposes of FACE, 'intent' means 'intending to perform the act and aware of the natural and probable consequences of it.'") (citations omitted).

**REQUEST NO. 18**

**Third Element of Count Two – Defendant Acted Because _____ \_\_\_\_\_Was Providing or Obtaining Reproductive Health Services**

 The third element of the offense charged in Count Two requires the government to prove that the defendant acted as she did because _____ was providing or obtaining reproductive health services.

 *Reproductive health services* means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy. Reproductive health service does not include the killing of a child born alive.

 A provider of reproductive health services includes any staff member who is an integral part of a business where reproductive health services are provided.  If you find that _____ was a staff member of a facility providing reproductive health services, then you may find that he or she provides reproductive health care.

18 U.S.C. § 248(e)(5) (defining "reproductive health services").

*United States v. Dinwiddie*, 76 F.3d 913, 927 (8th Cir. 1996) ("[W]orkers at an abortion clinic . . . [are providers of] reproductive-health services").

*United States v. Hill*, 893 F.Supp. 1034, 1038-39 (N.D.FL September 15, 1994) (In passing the FACE Act, "Congress was concerned not only with the safety of doctors and nurses, but also with the safety of others who are essential to the provision of clinic services").

## **REQUEST NO. 19**

## **Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk

27

with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, application or website such as Facebook, Instagram, Snapchat, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

Third Circuit Model Criminal Jury Instruction, No. 3.16 (2015).

<u>**REQUEST NO. 20**</u>

<u>**Verdict Form**</u>

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

*See* Third Circuit Model Criminal Jury Instruction, No. 3.17.