IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 22-cr-00096-CKK |
| | : | |
| v. | : | |
| | : | |
| LAUREN HANDY, et al., | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S SURREPLY IN OPPOSITION
TO DEFENDANT HANDY'S REPLY TO RESPONSE TO MOTION TO DISMISS

The United States of America, by and through its counsel of record, respectfully submits a surreply, as directed by this honorable Court, to defendant Handy's argument that retroactive application of *Dobbs*[1] precludes the government from prosecuting her under 18 U.S.C. § 241, the civil rights conspiracy statute. The arguments the government responds to were made in defendant Handy's Reply (ECF # 197) to the Government's Response (ECF # 189) to Handy's Motion to Dismiss (Doc 159).[2]

The conduct alleged in the Indictment occurred before the Supreme Court issued its opinion in *Dobbs*. Access to abortion-related services was then controlled by *Roe*,[3] which recognized a right to abortion, protected against governmental interference by the Fourteenth Amendment (albeit with recognized limitations against late term abortions). *Dobbs* overruled *Roe*, but because *Dobbs* does not apply retroactively, the right to abortion clearly existed at the time of the

---

[1] *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 213 L. Ed. 2d 545 (June 24, 2022).

[2] Co-defendants Jonathan Darnel, Joan Bell, William Goodman, and Paula Paulette Harlow have filed a joinder notice with respect to both replies. *See* Docs. 199 – 202.

[3] *Roe v. Wade*, 410 U.S. 113 (1973).

1

defendants' conduct. However, the government does not urge this Court to uphold the conspiracy count on this basis. Instead, the government continues to maintain that the source of the right to reproductive health can be found in the civil provisions of the FACE Act, which Congress had jurisdiction to enact under the Commerce Clause.

## Argument

### A. *DOBBS* DOES NOT APPLY RETROACTIVELY

This Court requested that the government's surreply focus on the "retroactive application of *Dobbs* as to 18 U.S.C. 241." (Minute Order of 7/20/23).[4] *Dobbs* does not apply retroactively. At the time of the events described in the Indictment, patients had the right to obtain (and health care professionals had the right to provide) those abortion-related services protected by *Roe*.[5] A contrary holding would allow any state that had anti-abortion laws on its books before *Dobbs* to impose civil fines – or even to prosecute – persons who obtained or provided these services at a time when this nation's highest court recognized that its most fundamental founding document protected that right. Such punishment would violate the *Ex Post Facto Clause* and deprive individuals of fair warning that their conduct was illegal. *See, e.g., Dobbs*, 142 S. Ct. 2228, 2309

---

[4] The Court directed the government's attention to p.25 of the defendant's reply brief, which states "Accordingly, there is no longer (and never was) a *federal civil right* to unimpeded access reproductive health care facilities (whatever one's *state and local rights* to be free from assaults and obstructions on public rights-of-way and in accessing clinics, etc.) to exercise a supposed (but not actual) civil right to obtain an abortion."

[5] To be sure, prior to *Dobbs,* some jurists, academics, and commentators expressed skepticism about the continued viability of *Roe*. Such skepticism is insufficient to undermine the application of *Roe*. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) (holding that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

(2022) (Kavanaugh, J., concurring) ("May a State retroactively impose liability or punishment for an abortion that occurred before today's decision takes effect?  In my view, the answer is no based on the Due Process Clause or the *Ex Post Facto* Clause."); *United States v. Gallagher*, No. 3:22-CR-00327, 2023 WL 4317264, at *12 (M.D. Tenn. July 3, 2023) ("The Supreme Court was clear, in *Dobbs*, that it was making a change in binding Supreme Court precedent, not interpreting a past rule.").

In sum, at the time of the conduct set forth in the Indictment, patients at the clinic had a right to abortion protected by *Roe*.  However, federal courts, including the D.C. Circuit, have not historically relied on the Fourteenth Amendment, as interpreted by *Roe,* as a basis for upholding the constitutionality of either the criminal or civil provisions of the FACE Act.  *See Terry v. Reno*, 101 F.3d 1412, 1417 (D.C. Cir. 1996) (upholding FACE Act under pre-enforcement challenge to its constitutionality).  The government, moreover, does not take the position that the constitutionality of the FACE is premised upon the Fourteenth Amendment.[6]

### B.  *DOBBS* DOES NOT AFFECT THE § 241 CONSPIRACY CHARGE.

Count One alleges that the defendants conspired to violate the right to obtain and provide reproductive health services.  As explained in the government's previous pleadings, this right is secured and protected by the civil provisions of the FACE Act.  18 U.S.C. § 248(c).  The FACE Act is itself is a constitutional exercise of Congress's Commerce Clause authority, which was left undisturbed by *Dobbs*.

The Supreme Court recently reiterated that federal laws providing remedies for violations of individual rights are enforceable through the nation's civil rights laws*. See Health & Hosp.*

---

[6] The Fourteenth Amendment serves only as a limitation on *state* authority and could serve as the jurisdictional basis for the prosecution of state actors but not for the prosecution of private persons. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993).

*Corp. of Marion Cnty. v. Talevski*, 143 S. Ct. 1444, 1450 (2023) (interpreting 42 U.S.C. § 1983, the civil analogue of the criminal civil rights acts, and holding that the Federal Nursing Home Reform Act, created a right "secured by the Constitution and laws"). Indeed, the *Talevski* Court stressed that laws creating such rights are *presumptively* enforceable under § 1983 (and thus, by extension, under § 241).[7]

### Conclusion

For the foregoing reasons, the Government requests that this Court deny the Motion to Dismiss.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670

---

[7] *United States v. Bigham*, 812 F.2d 943, 948 (5th Cir. 1987) (applying § 1983 jurisprudence to analyze charges brought pursuant to § 241 and § 242, and explaining that it was "of no significance" whether a case is "brought on the civil or criminal side of the docket," because both involve "deprivation of rights secured by the Constitution or laws of the United States" and "cover the same cases, though providing different remedies.") (collecting cases); *cf also United States v. Stewart*, No. 22-3682, 2023 WL 4411856, at *3 (6th Cir. July 10, 2023) (discussing parallels between criminal and civil civil rights statutes)

REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
Email: John.D.Crabb@usdoj.gov

## **CERTIFICATE OF SERVICE**

      SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the surreply has been electronically filed and accordingly served upon attorney for the defendant.

DATE: July 24, 2023                                         */s/ Sanjay H. Patel*
                                                                             Sanjay H. Patel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-96-CKK** |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREN HANDY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW**, this _____ day of _____ 202__, after reviewing the submissions by the Government and defense counsel, and a hearing on this matter;

It is hereby **ORDERED** that the defendant's motion to dismiss is **DENIED**.

**BY THE COURT:**

_____
**THE HONORABLE COLLEEN KOLLAR-KOTELLY**
United States District Judge