**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **LAUREN HANDY, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' REQUEST FOR
JURY INSTRUCTIONS REGARDING DEFENSE OF OTHERS AND NECESSITY
DEFENSES, AND MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OR
ARGUMENT ON THOSE DEFENSES AT TRIAL**

The United States hereby opposes the defendants' requests for jury instructions regarding the defense of a third person (or defense of others) and necessity. (ECF # 288, 277 at 18-19). The United States further requests an order precluding the defendants from offering any testimony, evidence, or argument on these defenses at trial.

**I.      Introduction.**

The defendants are charged with two offenses: (1) Conspiracy Against Rights, in violation of 18 U.S.C. § 241, which makes it unlawful for anyone to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured to him by the laws of the United States; and (2) Clinic Access Obstruction, in violation of 18 U.S.C. § 248(a)(1) (the FACE Act), which makes it unlawful for anyone by force or threat of force or by physical obstruction, to intentionally injure, intimidate or interfere with or attempt to injure, intimidate or interfere with any person because that person is or has been obtaining or providing reproductive health services. Neither defense of a third person nor necessity is a proper defense to these charges. *See, e.g., United States v. Kopp*, 562 F.3d 141, 145 (2d Cir. 2009) (holding that

the district court properly precluded both "necessity" and "defense of others" in a FACE Act prosecution). Accordingly, the defendants' requests that the jury be instructed on these defenses should be rejected. *United States v. Nwoye*, 663 F.3d 460, 462 (D.C. Cir. 2011) ("A defendant is only entitled to an instruction on an affirmative defense if there is 'sufficient evidence from which a reasonable jury could find' for the defendant on that theory."). They should further be precluded from presenting any evidence or argument on those defenses at trial.

## II.     The jury should not be instructed regarding the defense of a third person.

Defendants Idoni requests that the jury be given Redbook Instruction 9.510, defense of a third person. (ECF # 288). Defendant Handy similarly requests a "defense of others" jury instruction. (ECF # 277 at 18). These requests should be rejected because they are premised upon the flawed arguments that abortion is an unlawful attack, and that fetuses, which the defendants claim they sought to protect, were "persons."

The "defense of others" defense is derived from the other person's right of self-defense. *Fersner v. United States*, 482 A.2d 387, 390 (D.C. 1984). "In order to offer a viable defense based on defense of another, the intervenor must demonstrate that the third party was the innocent victim of an unlawful attack, *i.e.*, the intervenor must prove that the victim of the attack was himself entitled to the defense of self-defense." *Taylor v. United States*, 380 A.2d 989, 994 (D.C. 1977) (citations omitted). Here, the defendants cannot establish that they acted to aid an innocent victim of an unlawful attack.

First, the defendants cannot establish that anyone, let alone any fetus, was facing an unlawful threat because abortion was legal at the time of the offenses and continues to be in the District of Columbia. D.C. Code § 7-2086.01 (b) ("The District shall recognize the right of every

individual who becomes pregnant to decide whether to carry a pregnancy to term, to give birth, or to have an abortion.").

Second, the putative victim upon whose behalf the defendants claim to have been acting could not invoke self-defense. Fetuses are not considered "persons" under federal law, and thus not able to act in self-defense. *See* 1 U.S.C. § 8 (defining a "person" to include an infant who is "born alive"); *see also Gomez Fernandez v. Barr*, 969 F.3d 1077, 1084 (9th Cir. 2020) (quoting § 8 and noting that "federal law defines the term 'human being' to exclude an unborn fetus"); *Roe v. Wade*, 410 U.S. 113, 158 (1973) ("[T]he word 'person,' as used in the Fourteenth Amendment, does not include the unborn.").[1] *See also* 18 U.S.C. § 1841(c) (excluding from prosecution the provision of medical treatment to pregnant women, including abortions, causing injury or death to a fetus). The defendants cannot show that the reason they acted as they did was because another "person" – as defined by federal law – was at risk of an unlawful harm. Thus, a defense of others defense is not available to them.

Courts that have considered the defense of others defense in the context of a FACE Act or abortion clinic cases, where anti-abortion activists claimed to defend fetuses, have routinely rejected the "defense of others" defense. *See Kopp*, 562 F.3d at 145; *see also*, *e.g.*, *State v. Migliorino*, 150 Wis.2d 513, 540 (1989) (affirming trial court's exclusion of defense of others and noting that "it is unreasonable to believe that one must commit an act of criminal trespass in order to prevent an activity that is legal . . ."); *People v. Kurr*, 253 Mich.App. 317, 325-26 (2002)

---

[1] The Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022), does not affect *Roe* on this point. The Court in *Dobbs* explicitly noted twice in its opinion that they declined to weigh in on this precise issue: "our decision is not based on any view about when a State should regard prenatal life as having rights or legally cognizable interests . . ." and "[o]ur opinion is not based on any view about if and when prenatal life is entitled to any of the rights enjoyed after birth." *Id.* at 2256, 2261.

(holding that defense of others does not apply in cases where anti-abortion activists are on trial for criminal conduct); *Allison v. City of Birmingham*, 580 So.2d 1377, 1383 (Ala. Crim. App. 1991) (same); *State v. Aguillard*, 567 So.2d 674, 677 (La. Ct. App. 1990) (same); *State v. O'Brien*, 784 S.W.2d 187, 193 (Mo. Ct. App. 1989) (same); *City of Wichita v. Tilson*, 253 Kan. 285, 292 (1993) (same) (collecting cases), *cert. denied*, 510 U.S. 976 (1993).

In fact, Defendant Idoni has already failed in an earlier attempt to assert a defense of others defense in a separate state prosecution related to her role in a Michigan clinic blockade.[2]   *See People of the City of Sterling Heights v. Zastrow*, et al., 2021-0365-AV.  In that case, a Michigan Circuit Court of Appeals, in an unpublished opinion, held that Defendant Idoni and her co-defendants failed to "present[] any cognizable argument that any individual was under threat of an imminent unlawful use of force" that would warrant "a jury instruction on the defense of others." (*See* as Exhibit A - attached opinion).

As repeatedly recognized by courts as cited above, a defense of others argument in this context fails on both of its necessary prongs because an abortion is not an unlawful harm, and a fetus is not a person.  Therefore, the defendants' requested jury instructions on defense of others should be denied.

## III.   The jury should not be instructed regarding the affirmative defense of necessity.

Defendant Handy further requests that the jury be instructed on the affirmative defense of necessity.  (ECF # 277 at 19).  This request should be rejected, and the defendants should be ordered not to present evidence or arguments on this theory.

---

[2] Federal authorities indicted Defendant Idoni (and others) in the Eastern District of Michigan for civil rights conspiracy and FACE Act offenses in connection with this state case. *See United States v. Zastrow*, et al., 23-cr-20100 (EDMI).

The defense of necessity applies when the commission of a crime constitutes the "lesser of two evils." *United States v. Bailey*, 444 U.S. 394, 410 (1980); *United States v. Contento-Pachon*, 723 F.2d 691, 695 (9th Cir. 1984) ("The theory of necessity is that the defendant's free will was properly exercised to achieve the greater good and not that his free will was overcome by an outside force as with duress.").   A leading commentator explains the defense of necessity as follows:

> The pressure of natural physical forces sometimes confronts a person in an emergency with a choice of two evils: either he may violate the literal terms of the criminal law and thus produce a harmful result, or he may comply with those terms and thus produce a greater or equal or lesser amount of harm.  For reasons of social policy, if the harm which will result from compliance with the law is greater than that which will result from violation of it, he is by virtue of the defense of necessity justified in violating it.

§ 10.1. Necessity, 2 Subst. Crim. L. § 10.1 (3d ed.).

Inasmuch as the defense of necessity applies only when a defendant claims to have chosen the "lesser of two evils," it does not apply, when, as here, the legislature has already made that choice. *See United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 491 (2001) ("The defense [of necessity] cannot succeed when the legislature itself has made a 'determination of values.'").  As the Eight Circuit has explained, allowing a necessity defense in contravention of a legislative policy decision would violate separation of power principles:

> The necessity defense was never intended to excuse criminal activity by those who disagree with the decisions and policies of the lawmaking branches of government: in such cases the "greater harm" sought to be prevented would be the course of action chosen by elected representatives, and a court in allowing the defense would be making a negative political or policy judgment about that course of action. Judgments of that type, however, are not the province of judge (or jury) under the separation of powers established by our Constitution.

*United States v. Kabat*, 797 F.2d 580, 591–92 (8th Cir. 1986); *see also United States v. Schoon*, 971 F.2d 193, 198 (9th Cir. 1991), as amended (Aug. 4, 1992) ("as a matter of law, the

mere existence of a policy or law validly enacted by Congress cannot constitute a cognizable harm."); *United States v. Dorrell*, 758 F.2d 427, 432 (9th Cir. 1985) (citation omitted) ("While the policy underlying the necessity defense is the promotion of greater values at the expense of lesser values, it does not follow that the law should excuse criminal activity intended to express the protestor's disagreement with positions reached by the lawmaking branches of the government.").[3]

Thus, it is axiomatic when a defendant seeks to assert a necessity defense, the court should first determine whether there has been a legislative decision on the underlying conduct.   Where, as here, the defendants acted in contravention of a legislative decision, necessity is not a legally cognizable defense, and the inquiry ends.   As the Supreme Court has held, "under any conception of legal necessity, one principle is clear: The defense cannot succeed when the legislature itself has made a 'determination of values' . . . ."). *Oakland Cannabis Buyers' Co-op*., 532 U.S. 483, 491 (2001) (quoting 1 W. LaFave & A. Scott, Substantive Criminal Law § 5.4, p. 629 (1986)). There, the Court considered whether the defendants could assert a "medical necessity defense" to charges under the Controlled Substance Act.   *Id*., at 486.   In finding that they could not assert such a defense, the Court stated that because the Controlled Substances Act reflected a legislative determination that marijuana has no medical benefits worthy of an exception (outside the confines of a Government-approved research project), the defendants could not assert a necessity defense because the legislature itself had spoken.   *Id*. at 491.   In light of the Controlled Substances Act, the Court found that "the Court of Appeals <u>erred</u> when it held that medical necessity is a 'legally cognizable defense.' It further <u>erred</u> when it instructed the District Court on remand to consider 'the criteria for a medical necessity exemption.'"   *Id*., at 495 (citation omitted).   In other words, the Court found that where a statute addresses the conduct at issue, there is no "legally cognizable

---

[3] A defendant's motivation is not a legal defense or justification for committing a criminal offense. *United States v. Kroncke*, 459 F.2d 697, 704 (8th Cir. 1972).

defense" available, and there is no basis for considering the "criteria" for a necessity defense.  *Id*. The reasons underpinning this decision are clear: to permit a defense of necessity as justification for criminal acts because the defendant disagrees with the law "would not only be a recipe for disaster, but would call into question the very foundations of civil society and constitutional democracy."  *United States v. Turner*, 44 F.3d 900, 903 (10th Cir. 1995).

Here, the defense of necessity is incompatible with the FACE Act's statutory purpose. Congress passed the FACE Act to protect reproductive health care providers and patients from violence and obstruction.  18 U.S.C § 248(a)(1).  This is further demonstrated by other provisions of the United States Code.  *See, e.g.*, 1 U.S.C. § 8; 18 U.S.C. § 1841.  Congress's objectives in passing the FACE Act would be undone if a defendant were permitted to violate the statue by claiming that such violation was necessary.  *See Dixon v. United States*, 548 U.S. 1, 12-13 (2006) ("[F]ederal crimes 'are solely creates of statute' [and] . . . we are required to effectuate the duress defense as Congress 'may have contemplated' it in the context of these [charged] offenses.").  This Court recognized this very principle in denying defendant Idoni's motion to dismiss, finding "[a]s the caselaw addressing the FACE Act explains, the remedy to protect the purported rights of a fetus comes through the ballot box or peaceful protest, not through rope and chain."  (ECF # 299, Memorandum Opinion, at p. 6).

Likewise, the same principle governs the Section 241 count, as Congress made the value judgment as to the right at issue in passing the FACE Act.  And, since Conspiracy against Rights proscribes a conspiracy "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the . . . laws of the United States" (18 U.S.C. § 241), that statute too reflects a legislative "determination of rights."

Neither the FACE Act nor Conspiracy against Rights allows for, and Congress did not contemplate, the assertion of a necessity defense; it would, therefore, be error to instruct the jury on necessity in this case.  *Oakland Cannabis Buyers' Co-op.*, 532 U.S. at 494–95.[4]

## IV.   The defendants should be precluded from presenting testimony, evidence, and argument on these invalid defenses.

Since the defendants cannot establish the defenses of defense of others or necessity, they should be precluded from introducing any evidence related to those defenses at trial.  Any such evidence would be irrelevant, as it does not relate to a fact "of consequence in determining the action."  Fed.R.Evid. 401(b); thus, it is not admissible.  Fed.R.Evid. 402 ("Irrelevant evidence is not admissible.").  Such evidence would not have even a scintilla of relevance, but even if it did, it should still be excluded because any scant probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury."  Fed.R.Evid. 403.  That is, in essence, it would constitute nothing more than an impermissible argument for jury nullification.

Where a defendant is "not entitled to raise a defense of . . . necessity" because he cannot meet all the elements, any such evidence a defendant seeks "to introduce [i]s irrelevant to the case," and thus a district court may properly exclude it.  *United States v. Doles*, 453 F'Appx 805, 807 (10th Cir. 2011); *see also Zal v. Steppe*, 968 F.2d 924, 929 (9th Cir. 1992), as amended (July 31, 1992) (proper for trial court through "evidentiary orders . . . to ensure that the excluded defenses – (1) necessity, (2) defense of others, [and others] – would not be presented to the jury

---

[4] The necessity defense requires a defendant to establish that: "(1) he was faced with a choice of evils; (2) he acted to prevent imminent harm; (3) he reasonably anticipated a causal relationship between the conduct and the harm to be avoided; and (4) there were no legal alternatives to violating the law."  *Millican v. United States*, 744 F. Supp. 2d 296, 308 (D.D.C. 2010).  *Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, obviates the need to consider whether defendants could establish the defense of necessity; which here they cannot.  By way of example, defendants could not establish even the first prong, that they faced a choice of evils, for the reasons explained above.

through a back door . . . . [T]here can be no constitutional violation if [the defendant] had no right to present the excluded defenses."); *United States v. Silva-Rosa*, 275 F.3d 18, 22 (1st Cir. 2001) (affirming district court finding that where "the defense of necessity was irrelevant to" the charges, the district court could properly "bar[] its presentation at trial."); *United States v. Thompson*, 931 F.2d 898 (9th Cir. 1991) (affirming exclusion of necessity defense, holding that "[a] district court may properly preclude a defendant from presenting evidence of an affirmative defense if he cannot show any possibility of prevailing on that defense.") (citing *Bailey*, 444 U.S. at 416); *United States v. Jacobs*, 704 F.Supp. 629, 629 (E.D.N.C. 1988) (Where "evidence pertaining to the defendant's proffered defense of necessity is not material to the issues in this case . . . as a matter of law the court is required to exclude such evidence at trial based on the government's objection.").[5]

## V.   Conclusion.

The jury should not be instructed regarding either the defense of a third person or necessity. And, the defendants should be precluded from presenting evidence or arguments at trial regarding these improper defenses.

---

[5] In other contexts too numerous to recite, courts have regularly excluded defense evidence where it does not support legal defenses and would serve only to confuse the jury. *See*, *e.g.*, *English v. District of Columbia*, 651 F.3d 1, 9 (D.C. Cir. 2011) (in excessive force case, report regarding altercation properly excluded as it was likely to confuse jury and unfairly prejudice government, because whether detective violated police policy by firing second and third shots was only tenuously relevant to whether decedent's constitutional rights were violated by detective's actions); *United States v. Jones*, 768 F.3d 1096, 1104 (10th Cir. 2014) (in prosecution for allowing livestock to graze without authorization on public lands, official's "mere opinion" that Wyoming's fence-out law should apply properly precluded because it "would most likely have confused and misled the jury, keeping them from concentrating on applicable law or criminal elements required to convict or acquit"); *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2013) (in child pornography case, evidence that victim was emancipated at time defendant photographed her was excluded, because it "would 'confuse the jury'"); *United States v. Laguna*, 693 F.3d 727, 730-31 (7th Cir. 2012) (properly excluding defendant's proposed evidence—that Immigration and Custom Enforcement's indifference to whether he obtained a passport formed the basis of his belief that he did not willfully interfere with final deportation order—as "irrelevant" because it would do "nothing more than confuse the jury—or in this case, invite the jury to acquit even if the government satisfied each element of the charged offense").

Respectfully submitted,
KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
Email: John.D.Crabb@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the brief objecting to defendants' requests for jury instructions on defenses and motion in limine has been electronically filed and accordingly served upon attorney for the defendant.


DATE: July 24, 2023                                    <u>*/s/ Sanjay H. Patel*</u>
                                                       Sanjay H. Patel

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 22-cr-96-CKK** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **LAUREN HANDY, et al.** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## <u>ORDER</u>

      **AND NOW**, this _____ day of _____202__, after reviewing the submissions by the Government and defense counsel;

      It is hereby **ORDERED** that the defendants' requested jury instructions on defenses is **DENIED**.  It is further **ORDERED** that the Government's motion in limine to preclude evidence of affirmative defenses is **GRANTED**.

      **BY THE COURT:**

_____
**THE HONORABLE COLLEEN KOLLAR-KOTELLY**
United States District Judge