UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-CR-96 (CKK) |
| | : | |
| LAUREN HANDY, *et al.* | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S MOTION TO EXCLUDE CERTAIN DEFENSE EXHIBITS

The United States hereby objects to the admission of certain exhibits proffered by Defendant Handy.  *See* Defendant Handy's Exhibit List (ECF # 275) ("Ex. List").[1]

**I.   Introduction.**

As the Court has previously explained:

> [T]his case is not about whether abortion or any other reproductive health service is morally justified, does more harm than good, or is even lawful.  That's not what the two charges that you have are about.  It's about whether [the defendants] prevented patients or employees from receiving or providing abortion services and whether [the defendants] did so because [they] thought [the patients or employees] were receiving or providing abortion services.

7/24/23 Hrg. Tr. at 6.  Many of the exhibits proffered by Defendant Handy are not related to whether she was involved in preventing the delivery or receipt of reproduction health services; instead, they relate to whether abortion is "morally justified."  Accordingly, those exhibits are irrelevant; thus, they should not be admitted into evidence.

---

[1]   After filing her Exhibit List (ECF 275), Defendant Handy has also provided – but not filed – an amended exhibit list, which seems to contain substantially the same items.

## II.     Summary of Defendant's Proffered Exhibits to which the Government Objects.

A number of items on Defendant Handy's Exhibit List seem to be related to her personal views about the propriety of abortion – as opposed to the issues properly to be addressed in this trial. For example, she lists ten-year-old, surreptitious recordings of a Washington Surgi-Clinic reproductive health care provider describing abortion procedures (Exs. 4, 5), a "handout" about the provider (Ex. 6), and photographs and videos depicting fetal tissue (Exs. 7-19). She also lists materials prepared by "an attorney . . . contacted by an entity" (Ex. 20) – and associated documents, which pertain to abortion practices in the District of Columbia. (Exs. 20-24). Last, Defendant Handy lists an "Examination of Fetuses by OCME" (Ex. 25).[2] The government objects to the admission of these exhibits.[3]

## III.    Certain Exhibits Proffered by Defendant Handy are Irrelevant.

The Court should determine, pre-trial, the relevance of Defendant Handy's proffered exhibits. To be relevant the exhibit must make a fact of consequence more or less probable. Irrelevant exhibits should be excluded, and exhibits that have even some relevance should be excluded if they are likely to confuse or mislead the jury.

---

[2]     Inasmuch as Exhibit 25, purports to be the results of medical examinations performed by physicians, it constitutes an expert opinion. Pursuant to the Court's Scheduling Order (ECF # 155), this exhibit should, therefore, have been provided to the government by March 3, 2023. Additionally, if the Court were to nonetheless consider the admission of this exhibit (and associated testimony), the government requests an opportunity to challenge its reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (trial court obligated to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.'").

[3]     The government reserves the right to object to the more amorphous exhibits (Exs. 1-3), as appropriate.

A.      **The Court should determine pre-trial the relevant of certain defense exhibits.**

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d); *see also United States v. Young*, 470 U.S. 1, 10 (1985) ("[T]he trial judge has the responsibility to maintain decorum in keeping with the nature of the proceeding; the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct.") (internal quotation omitted)). In service of this responsibility, the Court has broad discretion to determine whether evidence or argument can properly be presented at trial. *See United States v. Morgan*, 581 F.2d 933, 936 (D.C. Cir. 1978) ("The district court has wide discretion to admit or exclude evidence where the question is one of relevancy or materiality."). This includes the exclusion of evidence or argument whose only purpose is to encourage the jury to nullify. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming exclusion of evidence relevant only to jury nullification) (*citing Sparf v. United States*, 156 U.S. 51, 106 (1895)); *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006) ("[A] juror . . . who commits jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role.").

Motions *in limine* assist the Court in serving its gate-keeping function to keep incompetent evidence or improper argument from the jury by affording the Court the opportunity to exclude such things in advance of trial. *Luce v. United States*, 469 U.S. 38, 41 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."); *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980) ("pre-trial ruling, if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations."). Here, the

Court has an ample basis to rule in advance of trial to exclude certain exhibits proffered by Defendant Handy and to ensure that those exhibits are not presented to the jury in any way.

**B.     Certain proffered exhibits are not relevant to any issue of consequence in this case.**

"Evidence is relevant if:   (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.   "In criminal cases, the governing hypothesis determining the relevance of evidence consists of elements of the offense charged and any defenses raised to defeat criminal liability."   2 Weinstein's Federal Evidence § 401.04; *see also United States v. Watkins,* 42 F.4th 1278, 1288 (11th Cir. 2022) ("Although a defendant has a right to present crucial, relevant evidence to his defense, he does not have a right to introduce evidence that 'does not bear a logical relationship to an element of the offense or an affirmative defense, whether direct or indirect.'"); *United States v. Hurn*, 368 F.3d 1359, 1365 (11th Cir. 2004) ("where the proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense, whether direct or indirect, a defendant has no right to introduce that evidence and a district court may properly exclude it.").

Here, Defendant Handy is charged with two offenses.   In Count One, she is charged with the offense of Conspiracy Against Rights.   This offense has three elements:   (1) two or more persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate the patients and employees of the Clinic; (2) Defendant Handy voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and (3) at the time Defendant Handy joined in the agreement or understanding, she intended to hinder, interfere with, or prevent the patients and

employees of the Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services. *See* Government's Proposed Jury Instructions (ECF #270) at 24.

In Count Two, Defendant Handy is charged with Clinic Access Obstruction. This offense also has three elements: (1) Defendant Handy used force or a physical obstruction; (2) Defendant Handy intentionally injured, intimidated, or interfered with Patient A or the employees of the Clinic, or the defendant attempted to do so; and (3) Defendant Handy acted as she did because Patient A was obtaining, or the Clinic was providing, reproductive health services. *Id.* at 28-29.

In summary, Defendant Handy is charged "with effecting a conspiracy to prevent patients from accessing a reproductive health clinic in the District of Columbia and injuring an employee of the clinic in the process." July 26, 2023 Amended Memorandum Order (ECF # 299), at 1; *see also* 7/24/23 Hrg. Tr. at 10 ("[T]he elements relate to in terms of [a defendant] going into this particular facility and taking measures that would prevent the patients and/or the staff to be involved in the abortion services. It has nothing to do specifically with whether abortion is good or bad."). None of the exhibits to which the government objects bears any logical relationship to an element of either of the charged offenses or to a properly asserted affirmative defense.

The exhibits at issue have nothing to do with determining whether Defendant Handy either did, attempted to, or agreed with others to interfere with patients or employees of the clinic, while they were seeking or providing reproductive health services. Instead, the exhibits have everything to do with Defendant Handy's personal views about abortion and her professed attempt to confuse and mislead the jury. Additionally, Defendant Handy has raised two affirmative defenses: (1) defense of a third person and (2) necessity (Defendant Handy's Proposed Jury Instructions (ECF

#277) at 15-16), but neither of those defenses may be asserted in this case.[4]  Inasmuch as the exhibits objected to by the government bear no logical connection to the elements of the charged offenses or to a properly asserted affirmative defense, they are irrelevant.

**C.  To the extent that certain defense exhibits have any relevance, it is substantially outweighed by the potential for prejudicing, confusing, or misleading the jury.**

Even if Defendant Handy's proffered exhibits had a scintilla of relevance, they still should be excluded as their scant probative value would be "substantially outweighed by a danger of" "unfair prejudice, confusing the issues, [and] misleading the jury."  Fed. R. Evid. 403.  *United States v. Dakins*, 872 F.2d 1061 (D.C. Cir. 1989), is instructive in this regard.

In *Dakins*, the defendant sought to introduce evidence of misconduct by the informant's handling agent.  *Id.* at 1063.  The D.C. Circuit held that the proffered evidence was irrelevant, and then noted that, even if relevant, the evidence was excludable because it had a tendency to confuse or mislead the jury.  *Id.*; *see also United States v. McQuarry*, 816 F.3d 1054, 1057–1058 (8th Cir. 2016) (excluding as misleading and confusing video offered by defendant as basis for her belief that she was not making false claims on her tax returns); *United States v. Townsend*, 987 F.2d 927, 931 (2d Cir. 1993) (excluding evidence pursuant to R. 403 regarding defendant's reason for commission of the charged offense because the "question of whether the defendant had a good or evil purpose" is irrelevant); *United States v. Reevey*, 364 F.3d 151, 157 (4th Cir. 2004) (excluding evidence not related to charged offenses because it had potential to confuse and mislead jury).  Since the exhibits at issue relate to the propriety of abortion – not facts of consequence – their admission would confuse and mislead the jury.

---

[4]  *See* Government's Opposition to Defendants' Requests for Jury Instructions (ECF # 301) at 2-8.

**V.      Conclusion.**

The exhibits objected to by the government are irrelevant; they, therefore, should not be admitted into evidence in this case.

                Respectfully submitted,

                KRISTEN CLARKE
                ASSISTANT ATTORNEY GENERAL
                CIVIL RIGHTS DIVISION
                */s/ Sanjay H. Patel*
                SANJAY H. PATEL
                IL Bar. No. 6272840
                Trial Attorney
                Criminal Section, Civil Rights Division
                Email: Sanjay.Patel@usdoj.gov

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052
                */s/ John Crabb Jr.*
                JOHN CRABB JR.
                NY Bar No. 2367670
                REBECCA G. ROSS
                NY Bar No. 5590666
                Assistant United States Attorneys
                601 D Street, NW
                Washington, DC 20001
                john.d.crabb@usdoj.gov