UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **LAUREN HANDY,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S REPLY TO HANDY'S OPPOSITON TO
MOTION TO EXCLUDE CERTAIN DEFENSE EXHIBITS**

The United States hereby replies to Defendant Handy's Opposition to the government's motion to preclude the admission of certain exhibits (ECF # 319):

Defendant Handy's rationale for the relevance of her proffered exhibits is nothing more than a flagrant attempt to inject into this trial, through the backdoor, her personal views about the propriety of abortion. She now claims that she obstructed the activities at the Washington Surgi-clinic because she believed that the clinic was murdering babies – not because the clinic was providing "reproductive health services." (ECF # 319 at 1). And she argues that her proffered exhibits corroborate her claim; thus rendering them admissible. Defendant Handy's argument for the admission of her proffered exhibits is footless.

First, Defendant Handy's most recent explanation for why she acted to obstruct activities at the clinic is disingenuous. Before – during – and after – Defendant Handy's actions at the clinic on October 22, 2020; she and her coconspirators repeatedly asserted that they were acting to stop

*abortions.*[1]  Neither Defendant Handy nor her coconspirators stated that they were acting as vigilantes to stop the murder of children, as proscribed by either 18 U.S.C. §1111 or D.C. Code § 22-2101.

Moreover, the exhibits proffered by Defendant Handy do not support her recently concocted claim that she acted in the belief that children were being murdered at the clinic.  First, Defendant Handy has not and cannot establish that videos and photographs of fetal material (Exhibits 10A-C; Exhibits 11-16) are evidence of murder as opposed to the results of lawfully administered abortions.[2]  Likewise, a document, which purports to establish the "gestational age" of a fetus (Exhibit 22), does not establish that a child had been murdered at the clinic. Additionally, documents purporting to demonstrate that others shared Defendant Handy's mistaken belief about activities at the clinic do not in any way corroborate her beliefs.  *See* Exhibits 17-21; *cf.* Exhibit 6.  Those documents, instead, constitute an obvious attempt by Defendant Handy to bootstrap her claims.  Last, the videos proffered by Defendant Handy (Exhibits 1-2) do not corroborate her claimed belief.  Instead, she has taken comments made on those videos out of context and attempted to twist their meaning.

---

[1] *See, e.g.*, (1) Def. Handy stated to law enforcement, when they arrived on the scene, that she and her coconspirators were at the clinic "basically to stop abortions today" (Gov. Ex. 1016); (2) during the incident Def. Handy referred to the clinic as an "abortion facility" and its staff as "abortion workers," (Gov. Ex. 1029); (3) during the incident Def. Handy made a social media post stating:  "We have 10 people acting as human shields to prevent our unborn siblings form being kill [sic]!," (Gov. Ex. 3004); (4) coconspirator Jonathan Darnel declared that the conspirators were acting to prevent the "murder of *pre-born babies*."  Gov. Ex. 1029 (emphasis added); and (5) coconspirator Jonathan Darnel posted a photograph on his Facebook page showing unindicted coconspirators holding signs referencing "PREBORN HUMAN" and advertising "PRO-LIFE PREBORN RESCUE RIGHT NOW!" outside the Clinic, (Gov. Ex. 3002).  Although the government provides five examples here, if the Court would like more, the government is prepared to provide numerous additional examples corroborating that Handy and her conspirators intended to stop *abortions*.

[2] Since Exhibits 10A-C and 11-16 are irrelevant, Exhibits 7-9, which purport to authenticate these exhibits, have no relevancy.

As Defendant Handy correctly states (with no apparent irony): "This case should not descend into a trial over whether children are in fact being killed illegally at the […] clinic." ECF # 319 at 9. Accordingly, her proffered exhibits should be excluded, as they are irrelevant and are very likely to confuse, mislead, and prejudice the jury. *See* Fed. R. Evid. 403. In sum, since none of the proffered exhibits corroborates Defendant's Handy's claim that she acted to prevent the murder of children, her claim is indeed "the ill-founded ramblings of an activist in the hot seat." ECF # 319 at 1.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
john.d.crabb@usdoj.gov