UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-CR-96 (CKK) |
| | : | |
| LAUREN HANDY, | : | |
| JONATHAN DARNEL, | : | |
| WILLIAM GOODMAN, and | : | |
| JOAN BELL, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE TO COURT AND
NOTICE REGARDING ADMISSIBLE RULE 404(b) EVIDENCE**

This Court has ruled that the following incidents are admissible at trial against the above captioned Defendants: (1) March 19, 2019, incident involving Defendant Handy[1]; (2) January 30, 2021, incident involving Defendants Handy and Darnel; (3) November 16, 2021, incident involving Defendants Handy, Darnel, and Bell; and (4) October 14, 2020, incident involving Defendants Goodman and Bell.  *See* Minute Order dated August 2, 2023.  The Court has ordered the government to provide notice "explaining whether it can present all evidence as to each incident through one witness each, and if not, why not."  *Id.*

Although the government will endeavor to present evidence of the intrinsic and Rule 404(b) incidents through one witness for each act, it is likely that the government will need to call more than one witness regarding each act in order to present the relevant evidence in accordance with the Rules of Evidence (*e.g.*, Fed.R.Evid. 802 (excluding hearsay)).  Additionally, the government should be afforded the opportunity to present its evidence in a persuasive manner.  *See Old Chief*

---

[1] The Court found that this proposed Rule 404(b) incident is in fact intrinsic evidence.  *See* ECF # 322, Memorandum Opinion, at 7-8.

*v. United States*, 519 U.S. 172, 188 (1997) ("This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them. Jury duty is usually unsought and sometimes resisted, and it may be as difficult for one juror suddenly to face the findings that can send another human being to prison, as it is for another to hold out conscientiously for acquittal.  When a juror's duty does seem hard, the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgement.").

The presentation of the "other acts" evidence will be short and only require approximately one-hour for the presentation of each incident.   Accordingly, presentation of this evidence will not create a risk of unduly extending the length of trial.   The government estimates that it can present its case-in-chief in five (5) trial days.

The government provided notice, through its amended witness list, of all the witnesses it may call to testify so that the Court may apprise the prospective jurors of potential witnesses at trial.   The government does not intend to call every witness to the "other acts" evidence to testify at trial.

        Respectfully submitted,

        KRISTEN CLARKE
        ASSISTANT ATTORNEY GENERAL
        CIVIL RIGHTS DIVISION

        */s/ Sanjay H. Patel*
        SANJAY H. PATEL
        IL Bar. No. 6272840
        Trial Attorney
        Criminal Section
        Civil Rights Division
        4 Constitution Square
        150 M St. NE, 7.121

Washington, D.C. 20530
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys for the
District of Columbia
John.D.Crabb@usdoj.gov
Rebcca.Ross2@usdoj.gov

## CERTIFICATE OF SERVICE

      SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the notice has been electronically filed and accordingly served upon attorney for the defendant.

DATED: August 3, 2023                                    */s/ Sanjay H. Patel*
                                                                                      Sanjay H. Patel