UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **v.** | : | CRIMINAL NO. 22-CR-96 (CKK) |
| | : | |
| LAUREN HANDY, *et al*. | : | |
| | : | |
| Defendants. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE A GOVERNMENT WITNESS

The United States hereby opposes Defendant Idoni's motion to exclude the testimony of

Caroline Davis.   (ECF # 332).

I.      **Introduction.**

Defendant Idoni moves to preclude the testimony of Ms. Davis, arguing that her testimony

would raise ethical issues that would prevent Defendant Idoni from being represented by her

counsel of choice.   Ms. Davis's testimony, however, would not in any way affect Defendant

Idoni's representation in this matter.

II.     **Background.**

Ms. Davis is Defendant Idoni's unindicted coconspirator in this matter.   She is also

charged with a FACE Act violation currently pending in the Eastern District of Michigan.

Yesterday, Ms. Davis agreed to plead guilty in that case and cooperate with the government to

include testifying in this matter.[1]   Ms. Davis was also previously charged in a related Michigan

state matter, in which she was represented by Defendant Idoni's counsel.

---

[1]      The government disclosed to the defense Ms. Davis's status as a witness as soon as it was established.   In fact, the government identified Ms. Davis's as a witness and disclosed a report summarizing her anticipated testimony on August 1, 2023, before she had even executed her plea agreement.   The government disclosed her plea agreement yesterday – the very day that it was executed.

III.    **Ms. Davis testifying in this matter will not implicate Defendant Idoni's choice of counsel.**

Ms. Davis's appearance as a witness in this matter will not create any ethical issue that could implicate Defendant Idoni's choice of counsel for two reasons.    First, the Court denied the government's request to introduce, pursuant to Fed. R. Evid. 404(b), the Michigan state matter, in which Ms. Davis was charged and represented by Defendant Idoni's counsel.    *See* Mem. Op. and Order (ECF # 322), at 11 (excluding "all incidents involving Defendant Idoni").    Accordingly, contrary to Defendant Idoni's assertions, there will not be any opportunity for Defendant Idoni's counsel to question Ms. Davis about the matter in which he previously represented her.    *See* ECF # 332, at p. 2, item 7.

Second – and more importantly – Ms. Davis's current counsel has advised that she will waive any potential conflict that Defendant Idoni's counsel may otherwise have had arising from his prior representation of Ms. Davis.    In other words, Defendant Idoni's counsel's representation of her in this matter will not be encumbered in any fashion as a result of his prior representation of Ms. Davis.    Notwithstanding Ms. Davis testifying in this matter, Defendant Idoni's counsel may continue to represent her; Defendant Idoni's choice of counsel will be undisturbed.

---

We note that the defense has no constitutional or statutory right to even know the identity of government witnesses pretrial.    *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); *see also Arcoren v. United States*, 929 F.2d 1235, 1242 (8th Cir. 1991) ("Criminal defendants, however, have no right in noncapital cases to disclosure of the names of government witnesses under Rule 16(a)"); *United States v. Sukumolachan*, 610 F.2d 685, 688 (9th Cir. 1980) ("the government need not furnish the defendant with a list of witnesses in a non-capital case."); 18 U.S.C. § 3432 (even in a capital case, the government is not required to disclose witness names until three days prior to trial).

And, as required by law, impeaching material regarding Ms. Davis has been disclosed in time for the defense to make effective use of it.    *See United States v. Mason*, 951 F.3d 567, 573 (D.C. Cir. 2020) ("[E]ven a grossly belated disclosure does not violate *Brady* unless the defendant suffers prejudice from the delay. Prejudice exists only if there is 'a reasonable probability that . . . the result of the proceeding would have been different' had the disclosure occurred earlier."); *United States v. Moore*, 867 F. Supp. 2d 150, 151–52 (D.D.C. 2012) ("In this Circuit, the government must disclose [exculpatory] material 'in sufficient time for the defendant to 'use the favorable material effectively in the preparation and presentation of [his or her] case.'"").

**V.      Conclusion.**

Since Ms. Davis's status as a witness in this matter will not implicate Defendant Idoni's

choice of counsel, her motion to preclude Ms. Davis's testimony should be denied.


      Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
john.d.crabb@usdoj.gov