SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

PHILIP CHARLAND, Individually, and as
Personal Representative of the Estate of
REBECCA CAREY CHARLAND, deceased, and
as Father and Next Friend to M.M.C. and P.D.C., Minors
14773 Keavy Ridge Court
Haymarket, VA 20169

      Plaintiff,

v.

      Civil Action No. 0004244-11

WASHINGTON SURGI-CLINIC, INC.
Serve R/A: Cesare F. Santangelo, M.D.
      2112 F. Street, N.W.
      Suite 400/401
      Washington, DC 20037

And

CESARE F. SANTANGELO, M.D.
Washington Surgi-Clinic, Inc.
2112 F. Street, N.W., #400/401
Washington, DC 20037



And

CHERYL V. LYNCH, CRNA
2400 Riverview Drive, #295
Colonial Beach, VA 22443



      Defendants.

**COMPLAINT**

(Medical Negligence – Wrongful Death – Survival)

**COUNT 1**
(Survival Action Claim)



1. Jurisdiction of this Court is founded on District of Columbia Code Section 11-921 (2001.Ed.)

2. Plaintiff, Philip Charland, is of full age, a citizen of the United States and a resident of the Commonwealth of Virginia. On or about July 20, 2010, Plaintiff was appointed Personal Representative of the Estate of Rebecca Carey Charland, deceased, Court File No. W-13564 by the Clerk of the Court for Prince William County Circuit Court, Virginia.

3. At all times relevant hereto, plaintiff Philip Charland was lawfully married to decedent Rebecca Carey Charland. M.M.C. and P.D.C. are the biological minor children of decedent Rebecca Carey Charland and plaintiff Philip Charland.

4. At all times relevant hereto, defendant Washington Surgi-Clinic, Inc., was a District of Columbia corporation, a medical business entity specializing in the field of obstetrics and gynecology, and providing healthcare services, through it employees and real and/or ostensible agents, to individuals in need thereof, including decedent Rebecca Carey Charland.

5. At all times relevant hereto, defendant Cesare F. Santangelo, M.D., was a physician practicing in the field obstetrics and gynecology, and at all times relevant herein was duly licensed in the District of Columbia to provide healthcare services to persons in need thereof, including decedent Rebecca Cary Charland. Dr. Santangelo is sued individually and as an employee and real and/or ostensible agent of, and was acting within the scope of his employment and/or agency with, defendant Washington Surgi-Clinic, Inc.

2

6. At all times relevant hereto, defendant Cheryl V. Lynch, CRNA, was a nurse anesthetist licensed to practice in D.C. and Virginia. Upon information and belief, Cheryl V. Lynch, CRNA is a resident of Virginia. Nurse Lynch is sued individually and as an employee and real and/or ostensible agent of, and was acting in the scope of her employment and/or agency with defendant Washington Surgi-Clini, Inc.

7. At all times relevant hereto, defendants held themselves out to the public as healthcare providers who would render reasonably competent treatment to those who came under their professional care.

8. Plaintiff's decedent Rebecca Carey Charland received obstetrical care and treatment for her pregnancy from Supriya Varma, M.D. in Reston, VA.

9. Plaintiff's decedent Rebecca Carey Charland was a high risk pregnancy with her condition of antiphospholipid syndrome and required Lovenox and aspirin.

10. On or about May 17, 2010 plaintiff's decedent Rebecca Carey Charland underwent an ultrasound which showed intra-uterine fetal demise. The gestational age of the fetus by last menstrual period was 20 2/7 weeks. On ultrasound the fetus's size was consistent with 16-17 weeks gestational age. Plaintiff's decedent discontinued her use of Lovenox and aspirin at that time.

11. On or about May 18, 2010 plaintiff's decedent Rebecca Carey Charland was referred by Dr. Varma to defendant Dr. Santangelo to undergo a dilatation and evacuation (D&E) procedure at his outpatient clinic.

12. On or about May 19, 2010 plaintiff Philip Charland and plaintiff's decedent Rebecca Carey Charland had an appointment with defendant Dr. Santangelo at Washington Surgi-Clinic, Inc., in Washington, D.C., during which time the procedure

3

was discussed and the first stage initiated with the insertion of the laminaria sticks. An appointment was made for May 20, 2010 for the procedure to be completed.

13.     On or about that same date defendant Dr. Santangelo was aware of plaintiff's decedent's antiphospholipid syndrome, her use of Lovenox and baby aspirin until 5/17/10, and that the ultrasound showed a fetus consistent with 16-17 weeks gestational age despite the gestational age by LMP was 20 2/7 weeks, indicating the fetus may have been deceased for 2+ weeks.

14.     On or about May 20, 2010 plaintiff and plaintiff's decedent arrived for their appointment at defendant Washington Surgi-Clinic, Inc. Plaintiff's decedent was examined and the dilatation was determined not to be sufficient so additional laminaria sticks were inserted and she was told to return to the clinic later that day.

15.     Plaintiff and plaintiff's decedent returned to defendant Washington Surgi-Clinic a couple of hours later and were told to wait for defendant Dr. Santangelo to return to the clinic.

16.     On that same day, while waiting in the clinic, plaintiff's decedent Rebecca Carey Charland began complaining of abdominal pain.

17.     At approximately 1438 the D&E procedure was performed by defendant Dr. Santangelo. Plaintiff's decedent's blood pressure was documented at that time as approximately 138/90 and her pulse as approximately 95.

18.     During the procedure being performed by defendant Dr. Santangelo plaintiff's decedent Rebecca Carey Charland's oxygen saturation levels decreased and she became cyanotic. This was documented in the Anesthesia Record as occurring at

4

approximately 1445. The plaintiff's decedent's blood pressure was recorded as approximately 120/70 and her pulse as approximately 100.

19. Plaintiff's decedent was intubated at or around 1449. Her blood pressure was recorded as approximately 100/58 and her pulse as approximately 70.

20. Plaintiff's decedent was given epinephrine, atropine, and bicarb.

21. At approximately 1458 911 was called.

22. At approximately 1503 D. C. Fire and Rescue arrived at defendant Washington Surgi-Clinic and found plaintiff's decedent to be pulseless and profoundly cyanotic with purple demarcation line from the nipple line up. CPR was initiated and after 1 minute of CPR plaintiff's decedent's color improved, torso, face, and extremities pink and pupils became PEARL.

23. At approximately 1512 plaintiff's decedent became pulseless and required defibrillation.

24. At approximately 1525 plaintiff's decedent Rebecca Carey Charland was transported by D.C. Fire & Rescue to George Washington University Hospital.

25. Plaintiff's decedent had massive uterine bleeding and went into disseminated intravascular coagulation (DIC).

26. On May 29, 2010, plaintiff's decedent Rebecca Carey Charland died.

27. The autopsy performed on the plaintiff's decedent showed that the microscopic examination of the lungs was consistent with the presence of squamous cells, lanugo hair, and fat (fetal debris).

28. At all times relevant hereto defendant Washington Surgi-Clinic, Inc., individually, and through their respective employees and real and/or ostensible agents,

5

including but not limited to, the individually named defendants; defendant Cesare F. Santangelo, M.D., individually, and as employee and/or agent, real and/or ostensible, of defendant Washington Surgi-Clinic, Inc., and defendant Cheryl V. Lynch, CRNA, individually and as an employee and/or agent real and/or ostensible, of defendant Washington Surgi-Clinic, Inc., were negligent in their care and treatment of decedent Rebecca Carey Charland by, including, but not limited to, the following particulars:

(a) Failed to treat and care for Rebecca Carey Charland adequately and completely under the circumstances existing;

(b) Failed to respond to the complaints, signs and symptoms of Rebecca Carey Charland;

(c) Failed to consider the medical risks to which Rebecca Carey Charland was particularly susceptible, including but not limited to, disseminated intravascular coagulation and hemorrhage;

(d) Failed to make proper diagnoses;

(e) Failed to carry out the proper medical procedures;

(f) Failed to administer appropriate and proper treatment;

(g) Failed to make proper differential diagnoses; and

(h) Failed to advise Rebecca Carey Charland of the risks to which she was particularly susceptible;

(i) Failed to advise Rebecca Carey Charland that (a) the D&E procedure could be done in a hospital setting; (b) given her medical history, including antiphospholipid syndrome, use of Lovenox and aspirin, and the fetal demise had occurred 2+ weeks prior that it would be safer for her to undergo the D&E procedure in a hospital setting; and (c) Dr. Santangelo did not have any hospital privileges and could not perform the D&E in a hospital setting;

(j) Failed to refer Rebecca Carey Charland to a physician that could perform the D&E procedure in a hospital setting;

(k) Failed to obtain lab work, including but not limited to, PT, PTT, INR, prior to performing the D&E procedure;

(l) Failed to perform appropriate resuscitation efforts, including but not limited to compressions;

(m) Failed to timely call 911;

(n) Plaintiff also relies on *res ipsa loquitur* and lack of informed consent; and

(o) defendants were otherwise negligent.

29. As a direct and proximate result of the aforementioned negligence of the defendants, decedent Rebecca Carey Charland, suffered pain and suffering, neurological injuries, bodily injuries, disabilities, mental anguish, apprehension of impending death, disfigurement, deformities, inconvenience and discomfort, and died on May 29, 2010.

30. The claim for damages of plaintiff's decedent Rebecca Carey Charland, occasioned by the injuries aforesaid, including an allowance for prospective loss of earnings during her normal life expectancy, the medical expenses incurred relating to her treatment May 19, 2010 through May 29, 2010, burial expenses, an allowance for pain and suffering, and the aforementioned injuries, passed under the Survival Act of the District of Columbia to the plaintiff as Personal Representative of the Estate of Rebecca Carey Charland, deceased.

WHEREFORE, plaintiff Philip Charland, as Personal representative of the Estate of Rebecca Carey Charland, deceased, demands judgment against defendants, Washington Surgi-Clinic, Inc., Cesare F. Santangelo, M.D., and Cheryl V. Lynch,

CRNA, jointly and severally, in the full sum of Twenty Million Dollars ($20,000,000.00), plus costs and interest.

## COUNT II

(Wrongful Death Act Claims on Behalf of Spouse and Minor Children)

1-30.   Plaintiff Philip Charland, individually and on behalf of decedent's minor children and heirs, M.M.C. and P.D.C., incorporates by reference the numbered paragraphs 1-30 of Count I as paragraphs 1 through 30 of Count II.

31.   As a direct and proximate result of defendants' negligence, plaintiff Philip Charland and M.M.C. and P.D.C., minors, have been injured and damaged, including, but not limited to, pecuniary loss, the value of lost support, lost care, education, training, guidance, parental advice, and services caused by decedent's death.

WHEREFORE, plaintiff Philip Charland, individually and on behalf of decedent's minor children and heirs, M.M.C. and P.D.C., demands judgment against defendants, Washington Surgi-Clinic, Inc., Cesare F. Santangelo, M.D. and Cheryl V. Lynch, CRNA, jointly and severally, in the full sum of Twenty Million Dollars ($20,000,000.00) for Philip Charland, the full sum of Twenty Million Dollars ($20,000,000.00) for M.M.C., and the full sum of Twenty Million Dollars ($20,000,000.00) for P.D.C., plus costs and interest.

_____
JACK H. OLENDER                    #9563

_____
HARLOW CASE                         #270645

8

_Sandra Robinson_
SANDRA ROBINSON                #386469

_Melissa Rhea_
MELISSA RHEA                   #367196

_Karen E. Evans_
KAREN E. EVANS                 #426067
JACK H. OLENDER & ASSOCIATES, P.C.
888 17th Street, N.W., 4th Floor
Washington, D.C. 20006
(202) 879-7777
Attorneys for Plaintiff

And

_Charles J. Zauzig_
CHARLES J. ZAUZIG, III         # 45176

_Melissa G. Ray_
MELISSA G. RAY                 # 48509
NICHOLS ZAUZIG SANDLER PC
12660 Lake Ridge Drive
Woodbridge, Virginia 22192
(703) 492-4200
Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury as to all issues so triable.

_Jack H. Olender_
JACK H. OLENDER               #9563

9

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

PHILIP CHARLAND, Individually, and as Personal Representative of the Estate of REBECCA CAREY CHARLAND, deceased, and as Father and Next Friend to M.M.C. and P.D.C., minors

14773 Keavy Ridge Court
Haymarket, VA 20169

Plaintiff

vs.

Case Number 0004244-11

CESARE F. SANTANGELO, M.D.

Washington Surgi-Clinic, Inc.
2112 F Street, N.W.
Suite 400/401
Washington, DC 20037

Defendant

**SUMMONS**

To the above named Defendant: CESARE F. SANTANGELO, M.D.

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jack H. Olender, Esq.
Jack H. Olender & Associates, P.C.
Name of Plaintiff's Attorney

888 17th Street, N.W., 4th Floor

Address
Washington, DC 20006

(202) 879-7777
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 5/27/2011

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

PHILIP CHARLAND, Individually, and as Personal Representative of the Estate of REBECCA CAREY CHARLAND, deceased, and as Father and Next Friend to M.M.C. and P.D.C., minors

14773 Keavy Ridge Court
Haymarket, VA 20169                    Plaintiff

vs.

Case Number  0004244-11

WASHINGTON SURGI-CLINIC, INC.
Serve: R/A, Cesare F. Santangelo, M.D.
2112 F Street, N.W.
Suite 400/401
Washington, DC 20037                    Defendant

**SUMMONS**

To the above named Defendant: WASHINGTON SURGI-CLINIC, INC.

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jack H. Olender, Esq.
Jack H. Olender & Associates, P.C.
Name of Plaintiff's Attorney

888 17th Street, N.W., 4th Floor
Washington, DC 20006
Address

(202) 879-7777
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 5/27/2011

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

PHILIP CHARLAND, Individually, and as Personal Representative of the Estate of REBECCA CAREY CHARLAND, deceased, and as Father and Next Friend to M.M.C. and P.D.C., minors

Plaintiff

14773 Keavy Ridge Court
Haymarket, VA 20169

vs.

CHERYL V. LYNCH, CRNA

Defendant

2400 Riverview Drive
#295
Colonial Beach, VA 22443

0004244-11

Case Number 0004244-11

## SUMMONS

To the above named Defendant: CHERYL V. LYNCH, CRNA

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jack H. Olender, Esq.
Jack H. Olender & Associates, P.C.
Name of Plaintiff's Attorney

888 17th Street, N.W., 4th Floor
Address
Washington, DC 20006

(202) 879-7777
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 05/27/2011

如需翻译,请电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                                         CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

PHILIP CHARLAND, et al.                              Case Number: 0004244-11

vs                                                   Date: _____

WASHINGTON SURGI-CLINIC, INC.                        ☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: (please print) Jack H. Olender | Relationship to Lawsuit ☒ Attorney for Plaintiff |
| Firm Name: Jack H. Olender & Associates, P.C. | ☐ Self (Pro Se) Other: _____ |
| Telephone No.: (202) 879-7777   Six digit Unified Bar No.: 9563 | |

TYPE OF CASE:   ☐ Non-Jury      ☒ 6 Person Jury      ☐ 12 Person Jury
Demand: $ 80,000,000.00                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____
Case No.: _____  Judge: _____  Calendar #: _____

---

NATURE OF SUIT:   (Check One Box Only)

**A. CONTRACTS**                                                  COLLECTION CASES
☐ 01 Breach of Contract        ☐ 07 Personal Property           ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 _____

**B. PROPERTY TORTS**
☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102(a)

**C. PERSONAL TORTS**
☐ 01 Abuse of Process          ☐ 09 Harassment                   ☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy
☐ 03 Assault and Battery       ☐ 11 Libel and Slander            ☐ 18 Wrongful Death (Not malpractice)
☐ 04 Automobile-Personal Injury ☐ 12 Malicious Interference      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution       ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal            ☐ 21 Asbestos
☐ 07 False Arrest              ☒ 15 Malpractice Medical (Including wrongful death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence-(Not Automobile, Not Malpractice)     ☐ 23 Tobacco
                                                                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   ☐ IF USED

CV-496/October 2010