UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-CR-96 |
| v. : | |
| : | |
| LAUREN HANDY, et al. : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S NOTICE OF INTENT TO AUTHENTICATE
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

On July 28, 2023, the government provided the Defendants with a proposed stipulation for certain exhibits the government intends to introduce at trial. The proposed stipulation was for authenticity only and allowed the Defendants to reserve objections to the exhibits on other grounds. Even so, the government and the Defendants have been unable to reach an agreement on the stipulation.

As part of the stipulation, the government asked the Defendants to stipulate to the authenticity of business records for which the Defendants have been provided with corresponding certificates of authenticity declarations. As the Defendants will not stipulate, the United States hereby provides notice of its intent to introduce business documents pursuant to Federal Rules of Evidence 902(11).

## INTRODUCTION

On October 22, 2020, the Defendants invaded a reproductive health clinic, and in doing so, injured one of its nurses and inflicted significant trauma on patients seeking health care. For this conduct the two-count superseding indictment charges each defendant with one count of 18 U.S.C. § 241 (conspiracy against rights) and one count of 18 U.S.C. § 248(a)(1) (clinic access obstruction). Trial against Defendants Handy, Hinshaw, Idoni, Goodman, and Geraghty is set to

begin August 9, 2023. Trial against Defendants Darnel, Harlow, Marshall, and Bell is set to begin September 6, 2023. These charges stem from the Defendants' participation in a scheme to obstruct access to a women's reproductive health clinic (the "Clinic") located in the District of Columbia on October 22, 2020, and their blockade of that facility.

## ANALYSIS

The government anticipates moving the admission of business records, which have been provided to the defense in discovery.  This pleading provides notice of the government's intent to authenticate the records with  declarations pursuant to Federal Rule of Evidence 902(11).

**Certain Records may be authenticated Pursuant to Rule 902(11).**

The Federal Rules of Evidence allow for business records to be admitted in evidence at trial without a custodian of records testifying about their authenticity.  *See* Fed. R. Evid. 902(11). Rule 902(11) also directs the party intending to offer a record in evidence pursuant to the rule to provide notice and to make the documents and declarations available to the opposing party.

Federal Rule of Evidence 104(a) provides that preliminary questions concerning the admissibility of evidence shall be determined by the Court, and that in making such determinations courts are "not bound by the rules of evidence" (except those with respect to privileges). The government seeks to admit the documents themselves and not the declarations.

Pursuant to Rule 902(11), the government hereby gives notice that its trial exhibits may include business records from the following entities:[1]

- Verizon
- T-Mobile
- Mercy Missions

---

[1] These materials, and the corresponding 901(11) certifications, have been made available to the defense in discovery.

- AirBnB[2]

## CONCLUSION

The government hereby provides notice of its intent to authenticate business records through Rule 902(11) declarations.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
Email: John.D.Crabb@usdoj.gov

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

---

[2] The government reserves its right to amend this list if additional records are obtained before trial.