IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-CR-96 (CKK) |
| | : | |
| LAUREN HANDY, | : | |
| JONATHAN DARNEL, | : | |
| PAULA "PAULETTE" HARLOW, | : | |
| JEAN MARSHALL, | : | |
| JOHN HINSHAW, | : | |
| HEATHER IDONI, | : | |
| WILLIAM GOODMAN, | : | |
| JOAN BELL, and | : | |
| HERB GERAGHTY, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO
SUPPLEMENT ITS PROPOSED JURY INSTURCTIONS**

The Defendants are charged in Count Two of the indictment for violating the Freedom of Access to Clinic Entrances Act (FACE Act) under 18 U.S.C. § 248(a)(1). Specifically, the Defendants are charged with using "force" or a "physical obstruction." (ECF # 113). Under § 248(b), the FACE Act provides the following applicable penalty provisions: "Whoever violates this section shall – (1) in the case of a first offense, be . . . imprisoned not more than one year . . . except that for an offense involving exclusively a nonviolent physical obstruction . . . the length of imprisonment shall be not more than six months . . . ."

The government respectfully submits a supplemental jury instruction and revised jury verdict form to account for the nuanced penalty provision. If the Defendants are convicted of Count Two, this Court must impose a sentence that requires a factual determination of how the statute was violated. Because the statute requires imposition of a lesser sentence in the case of an

exclusively nonviolent physical obstruction, a special verdict form will ensure that the jury determines which applicable penalty provision applies. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for the crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."); *Washington v. Recueno*, 548 U.S. 212, 220 (2006) (recognizing "that elements and sentencing factors must be treated the same" and therefore treating "sentencing factors, like elements, as facts that have to be tried to the jury and proved beyond a reasonable doubt"); *United States v. Law*, 528 F.3d 888, 895 (D.C. Cir. 2008) (explaining that jury found sentencing enhancement through special verdict).

Accordingly, the government submits the attached proposed supplemental jury instruction as to Count Two (Exhibit A) and a revised verdict form (Exhibit B) to account for the factual findings necessary to determine the applicable FACE Act penalty provision.

Respectfully submitted,
KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666

Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
Email: John.D.Crabb@usdoj.gov

## **CERTIFICATE OF SERVICE**

     SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the motion to supplement jury instructions has been electronically filed and accordingly served upon attorney for the defendant.

DATE: August 13, 2023                                */s/ Sanjay H. Patel*
                                                                               Sanjay H. Patel