UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 22-CR-96 (CKK)** |
| | : | |
| **LAUREN HANDY,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

GOVERNMENT'S RESPONSE TO HANDY'S OPPOSITON TO
MOTION TO EXCLUDE CERTAIN DEFENSE EXHIBITS

The United States hereby responds to Defendant Handy's latest submission regarding her proffered exhibits (ECF # 367):

Defendant Handy has stated that she seeks the admission of a surreptitious recording of Dr. Santangelo to support her claim that she did not invade the clinic to stop abortions; instead, she claims that she invaded it to stop infanticide. *See* ECF 319, at 1 (Handy "will testify that she acted here out of a belief that children are being killed at the Santangelo clinic outside the parameters of the reproductive health services defined and protected by the FACE act."); ECF # 367, at 1 ("It is Ms. Handy's position that since the video dramatically motivated her decision to address born alive abortion concerns and Dr. Santangelo's clinic specifically, she is entitled to introduce it to corroborate her good faith belief with respect to the intent element of the offense."). But, after reviewing the recording, the Court has already determined that it does not support Defendant Handy's belief: "Therefore, at no time in the video is there any indication that the doctor would, as Defendant characterizes it, either ensure a born-alive fetus's death or

affirmatively perform a post-birth abortion." August 3, 2023 Order (ECF # 333), at 4-5.[1] Defendant Handy's latest proffer (ECF #367) does nothing to cure the fallacy of her argument that the recording is relevant to her intent for invading the clinic.

In sum, the recording is not relevant to Defendant Handy's claim that she invaded the clinic because she believed that infanticide was being committed there. The recording is only relevant to Defendant Handy's views regarding the propriety of legal, medically appropriate abortions. As the Court has repeatedly stated, the propriety of abortion is not at issue in this trial. The recording, therefore, has no relevance to any issue before the jury. Seeking admission of the recording is nothing more than Defendant Handy's improper attempt to confuse the jury by injecting questions about the propriety of abortions and details about abortion procedures into this trial. *See also* ECF # 324 at 2-3. Thus, the recording should not be admitted.

---

[1] Furthermore, Dr. Santangelo does not suggest that any illegal or medically improper procedures were performed at the clinic.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar. No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20001
john.d.crabb@usdoj.gov