**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **NO. 22-cr-00096-CKK** |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREN HANDY, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE
IN OPPOSITION TO MOTION TO RECONSIDER
MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION**

The United States of America, by and through its counsel of record, respectfully submits its response in opposition to the Defendants' Motion to Reconsider Defendants' Motion to Dismiss Based on Selective Prosecution (the "Motion to Reconsider").  *See* Doc. 370.

On May 3, 2023, Defendant Idoni, joined by Defendants Goodman, Harlow, Hinshaw, and Geraghty, filed a motion to dismiss the indictment (the "Motion to Dismiss") arguing, among other things, that the government engaged in vindictive and selective prosecution.  *See* Doc. 215 at 3 ("[T]his entire case was undertaken for an improper motive, as retaliation for the Supreme Court's overruling *Roe v. Wade....*"); Doc. 235 at 1 (stating that "this charging decision penalizes Defendant for a political opinion" and asserting that prosecutorial discretion is subject to the restrictions of the Fifth Amendment Due Process Clause).

This Court denied the Motion to Dismiss based on a selective or vindictive prosecution, *see* Doc. 299 at 3, and Defendants Geraghty, Handy, Goodman, Idoni, and Hinshaw now seek reconsideration of the Court's July 24, 2023 order (the "Order").[1]  As explained in further detail

---

[1] The government notes that while Defendant Handy has joined in the Motion to Reconsider, she did not join the underlying Motion to Dismiss.  Rather, she separately moved to dismiss the indictment on other grounds.  *See* Doc. 159.  This Court denied that motion on July 25, 2023.  *See* Doc. 306.

below, the Defendants fail to establish that a controlling or significant change in the law has occurred, and they have not otherwise met the requisite standard to warrant reconsideration of the order.  The Motion to Reconsider should therefore be denied.[2]

### Argument

This Court has applied the "as justice requires" standard used in civil cases under Federal Rule of Civil Procedure 54(b) to analyze motions to reconsider interlocutory orders in criminal cases.  *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015); *United States v. Slough*, 61 F. Supp. 3d 103, 107 (D.D.C. 2014); *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013).  Specifically, this Court has explained that "[j]ustice may require reconsideration where a court patently misunderstood the parties, made a decision beyond the adversarial issues presented, [or] made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred."  *Hemingway*, 930 F. Supp. 2d at 12-13.  Importantly, a "motion for reconsideration is not simply an opportunity to reargue facts and theories upon which a court has already ruled."  *Hassanshahi*, 145 F. Supp. 3d at 80-81 (internal quotations omitted).

Here, Defendants have argued that a significant change in law has occurred based on the D.C. Circuit's recent decision in *Frederick Douglass Found., Inc. v. D.C.*, 2023 WL 5209556 (D.C. Cir. Aug. 15, 2023).  The Defendants are incorrect.  Contrary to the Defendants' assertions, *Foundation* represents a straightforward application of the same law that this Court already considered and applied in denying the Motion to Dismiss.  Both *Foundation* and the Order make clear that to establish a selective prosecution claim, the Defendants would need to make two showings: first, that they were similarly situated in material respects to other individuals against

---

[2] The government incorporates by reference the arguments set forth in its Response to the Motion to Dismiss.  *See* Doc. 223.

whom the law was not enforced, and second, that the selective enforcement infringed a constitutional right – here, as alleged by the Defendants, the Fifth Amendment right to equal protection. *See Foundation*, 2023 WL 5209556 at *4; Doc. 299 at 4.

Applying these factors, this Court found that the Defendants did not "make any effort to identify a similarly situated group compared to which they were treated differently," and therefore rejected the Defendants' selective prosecution claim. Doc. 299 at 4. Nothing about the *Foundation* holding changes this analysis. Rather, the Defendants attempt to use the Motion to Reconsider to "mak[e] a second attempt to cite relevant law and facts in support of an argument that has already been rejected on the merits" – circumstances under which this Court has found reconsideration to be improper. *Hemingway*, 930 F. Supp. 2d at 13.

Turning to the second prong of the selective prosecution analysis, the Defendants are correct that *Foundation* clarifies the standard to be applied when the constitutional right alleged to be infringed by a selective prosecution is based in the First Amendment. *Foundation*, 2023 WL 5209556 at *1 (explaining that discriminatory motive is an element of a Fifth Amendment equal protection selective enforcement claim but is not an element of a First Amendment free speech selective enforcement claim). The Defendants, however, alleged selective prosecution in violation of their Fifth Amendment right to equal protection – a separate and distinct constitutional right left wholly unchanged by *Foundation*. *Id.* at *12 ("Our conclusion that a First Amendment selective enforcement claim is distinct from an equal protection claim is consistent with decisions from our sister circuits…."). A motion for reconsideration "should not be used or seen as an opportunity to relitigate… 'arguments that could have been, but were not, raised previously.'" *United States v. Sutton*, 2022 WL 11744415 at *2 (D.D.C. Oct. 20, 2022) (quoting *United States v. Booker*, 613 F. Supp. 2d 32, 34 (D.D.C. 2009)). Further, even if the Defendants had originally alleged, or were

now permitted to allege, selective prosecution in violation of the First rather than Fifth Amendment, the Court's ruling that they failed to identify a similarly situated group remains unchanged, as described above. *See* Doc. 299 at 4. Thus, because the Defendants do no more than "reargue facts and theories upon which a court has already ruled," the Motion for Reconsideration should be denied. *See Hassanshahi*, 145 F. Supp. 3d at 80-81.

Finally, none of the other circumstances under which justice may require reconsideration of the Order are present in this case. The Defendants do not allege or attempt to show that the Court misunderstood the Motion to Dismiss, made a decision beyond the issues presented by the Motion to Dismiss, or failed to consider controlling case law when it issued the Order. Reconsideration of the Court's order is therefore not warranted.

## Conclusion

For the foregoing reasons, the Government requests that this Court deny the Motion for Reconsideration.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS

NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
Email: John.D.Crabb@usdoj.gov

## **CERTIFICATE OF SERVICE**

       SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the government's response has been electronically filed and accordingly served upon attorney for the defendant.

DATE: August 22, 2023

                                                   */s/ Sanjay H. Patel*
                                                   Sanjay H. Patel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-96-CKK** |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREN HANDY, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____ 202__, after reviewing the

submissions by the Government and defense counsel, and a hearing on this matter;

It is hereby **ORDERED** that the defendant's motion for reconsideration is

**DENIED**.

BY THE COURT:

_____
**THE HONORABLE COLLEEN KOLLAR-KOTELLY**
United States District Judge