FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 22-CR-96 (CKK) |
| | : |
| LAUREN HANDY, | : |
| JONATHAN DARNEL, | : |
| PAULA "PAULETTE" HARLOW, | : |
| JEAN MARSHALL, | : |
| JOHN HINSHAW, | : |
| HEATHER IDONI, | : |
| WILLIAM GOODMAN, | : |
| JOAN BELL, and | : |
| HERB GERAGHTY, | : |
| | : |
| Defendants. | : |

**DEFENDANTS HANDY, GOODMAN, HINSHAW, AND GERAGHTY'S PROPOSED ALTERNATIVE JURY INSTRUCTION RE FACE**

Instruction No. __

<u>Freedom of Access to Clinic Entrances ("FACE") Act—COUNT TWO</u>

Count Two charges the defendants with obstructing access to a reproductive health clinic. The Government must prove the following elements beyond a reasonable doubt:

1. A defendant used force or physical obstruction;

2. A defendant <span style="color:red">intentionally</span> injured, intimidated, or interfered with Patient A or the employees of the Washington Surgi-Clinic, or attempted to do so; and

3. A defendant did so because Patient A was obtaining, or the Washington Surgi-Clinic was providing, reproductive health services.

As to the first element, the term "force" means physical power and/or

**violence exerted upon or against a person or property. The term "physical obstruction" means rendering impassable an entrance to or an exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.**

**As to the second element, the term "intimidate" means to place a person in reasonable expectation of bodily harm to themself or another. The term "interfere" means to restrict a person's freedom of movement.**

**As to the third element, "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy. A provider of reproductive health services includes any staff member who is an integral part of the business were reproductive health services are provided.**

**So long as Patient A's status as a reproductive health services patient, or the Washington Surgi-Clinic's employees' roles as reproductive health services providers was <span style="color:red">the but for</span> cause of the defendant's conduct, meaning that without that cause the defendant would not have acted, even if the defendant had other reasons for acting that is enough to satisfy the third element. ~~Nor need either person's status be the sole reason why the~~**

~~**defendant took action against them, so long as either the provision or receipt of reproductive health services was *one* reason why the defendant took action against them.**~~