FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 22-CR-96 (CKK) |
| | : |
| LAUREN HANDY, | : |
| JONATHAN DARNEL, | : |
| PAULA "PAULETTE" HARLOW, | : |
| JEAN MARSHALL, | : |
| JOHN HINSHAW, | : |
| HEATHER IDONI, | : |
| WILLIAM GOODMAN, | : |
| JOAN BELL, and | : |
| HERB GERAGHTY, | : |
| | : |
| Defendants. | : |

**DEFENDANTS HANDY, GOODMAN, HINSHAW, AND GERAGHTY'S PROPOSED ALTERNATIVE JURY INSTRUCTION RE AIDING AND ABETTING**

Instruction No. __
**<u>AIDING AND ABETTING</u>**

A defendant may be found guilty on Count Two of the indictment even if the defendant did not personally commit the act(s) constituting the offense but nevertheless aided and abetted in the crime's commission. For a defendant to be guilty of aiding and abetting on Count Two, the Government must show the following elements beyond a reasonable doubt:

1. That the accused had specific intent to facilitate the commission of a crime by another;

2. That the accused had the requisite intent of the underlying substantive offense;

3. That the accused assisted or participated in the commission of the

underlying substantive offense; and

    4. That someone committed the underlying offense.

    1.

    2. The defendant acted before the offense charged in Count Two was completed.

It is not enough that the defendant merely associated with the person committing the offense charged in Count Two or unknowingly or unintentionally did things that were helpful to that person. Rather, the evidence must show beyond a reasonable doubt that the defendant acted with

**the knowledge and intent of helping that person commit the offense charged in Count Two. The First Amendment does not allow the Government to hold a protest leader liable anytime a protestor does something unlawful. Rather, liability must be tailored such that there is a sufficiently close relationship between the leader's actions and the protestor's unlawful conduct.**


**[https://www.justice.gov/archives/jm/criminal-resource-manual-2474-elements-aiding-and-abetting][**


**[*Doe v. Mckesson*, 71 F.4th 278, 290–91 (5th Cir. 2023)]**