## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| **v.** | : | |
| | : | |
| **LAUREN HANDY** | : | **NO. 1:22-cr-00096CKK** |

### DEFENDANT LAUREN HANDY'S EMERGENCY MOTION FOR
### RECONSIDERATION OF ORDER OF DETENTION
### <u>PENDING IMPOSITION OF SENTENCE</u>

Defendant Lauren Handy hereby moves this Court for emergency reconsideration of its

August 29, 2023, Minute Order immediately detaining each Defendant before sentencing, pursuant

to 18 U.S.C. § 3143(a)(2), based on this Court's conclusion "that Defendants have been convicted

of a crime of violence." Defendant is entitled to such emergency reconsideration because, under

federal statute and binding precedents from the D.C. Circuit Court of Appeals and the Supreme

Court, the Freedom of Access to Clinic Entrances ("FACE") Act is not *categorically* a "crime of

violence," and thus pre-sentencing detention is governed under the more lenient provisions of 18

U.S.C. § 3143(a)(1), not those of § 3143(a)(2).

The D.C. Circuit Court of Appeals teaches that courts must apply the "categorical rule" in

interpreting the phrase "crime of violence" for purposes of 18 U.S.C. § 3143(a)(2) (referencing 18

U.S.C. § 3142(f)(1)(A) ("crime of violence"). *See* 18 U.S.C. § 3156(a)(4) (defining "crime of vi-

olence"). *United States v. Singleton*, 182 F.3d 7, 11 (D.C. Cir. 1999) ("Each of the three prongs of

the statutory definition [of 'crime of violence' in § 3156(a)(4)] identify a fixed category of offenses

that does not expand or contract based on the factual peculiarities of a particular case."). Under

that rule, the FACE Act is not a *categorical* crime of violence. *See, e.g.*, 18 U.S.C. § 248(b)(2)

(FACE violations include "*nonviolent* physical obstruction" (emphasis added)). The same is also

necessarily true of Defendants' conspiracy convictions under 18 U.S.C. § 241, which are

predicated on an alleged conspiracy to violate the FACE Act. Accordingly, Defendants have not been convicted of a "crime of violence" as a *categorical* matter, and thus their pre-sentencing detainment under § 3143(a)(2) is improper.[1]

### A. "Crime of Violence" under § 3156(a)(4) is determined by the categorical rule, which requires that the government must prove the use of force to convict.

In *Singleton*, the D.C. Circuit explicitly "conclude[d] from the plain meaning of § 3156 that a categorical approach is required." 182 F.3d at 11. It specifically rejected an "alternative, case-by-case, approach." *Id.* at 12. "[T]he underlying facts of a particular case are *irrelevant*." *Id.* (emphasis added).

The Supreme Court has instructed how to apply the categorical rule when interpreting the nearly identical definition of "crime of violence" in 18 U.S.C. § 924(c)(3), which provides for increased punishments when one uses a firearm in connection with a "crime of violence." *See United States v. Taylor*, 142 S. Ct. 2015, 2019 (2022). The language of § 3156(a)(4)(A), which is at issue here, and that used in § 924(c)(3)(A), which was at issue in *Taylor*, is substantively the same. Both define "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); *see* § 3156(a)(4)(A). This is known as the "elements clause." *Taylor*, 142 S. Ct. at 2019. This clause by its very terms "demand[s]" a "categorical inquir[y]." *Id.* at 2020. Under this sort of inquiry, determining what constitutes a "crime of violence" "does not require—*in fact, it precludes*—an inquiry into *how any particular defendant may commit the crime.*" *Id.* (emphasis added). "The *only* relevant question is whether the federal felony at issue *always requires the*

---

[1] As also discussed below, there is additionally "clear and convincing evidence" here that Defendants are "not likely to flee [n]or pose a danger to the safety of any other person or the community if released," and thus they *must* be released under 18 U.S.C. § 1343(a)(1). *See infra*.

*government to prove*—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* (emphasis added).[2]

How any particular defendant may have been found to have violated FACE in this case is therefore irrelevant for determining whether any of them has been convicted of a "crime of violence." Indeed, "the term of art 'element of the offense' makes clear that a court need look no further than the statute creating the offense to decide whether it describes a crime of violence." *Singleton*, 182 F.3d at 11.[3]

---

[2] 18 U.S.C. § 3156(a)(4)(B) is not a valid alternative because it is irrefutably unconstitutional: it is materially identical to § 924(c)(3)(B), which has been held unconstitutionally vague by the Supreme Court. *See Taylor*, 142 S. Ct. at 2023. These "residual clauses"—§§ 3156(a)(4)(B) & 924(c)(3)(B)—both vaguely define "crime of violence" to include an offense that "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See Taylor*, 142 S. Ct. at 2023 ("Pretty plainly, that language called for an abstract inquiry into whether a particular crime, by its nature, poses or presents a substantial risk (or 'threat') of force being used"; "[o]f course, this Court [has] held the residual clause to be *unconstitutionally vague*.") (emphasis added) (quoting *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019)). The Supreme Court has reached the same conclusion with respect to similar text in *other* statutes. *See, e.g., Johnson v. United States*, 576 U.S. 591 (2015) (deeming unduly vague the residual clause in the Armed Career Criminal Act defining "violent felony" to include offenses presenting "serious potential risk of physical injury to another"); *Sessions v. Dimaya*, 584 U.S. 1204, 1216 (2018) (deeming unduly vague residual clause defining "crime of violence" for purposes of 18 U.S.C. § 16, because it required courts "to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents some not-well-specified-yet-sufficient-large degree of risk"); *see, generally, Davis*, 139 S. Ct. at 2325-2326.

Even if § 3156(a)(4)(B) were constitutional, which it is not, it would still not apply here because neither FACE nor § 241 conspiracy violations involve "by [] nature" a substantial risk of physical force to another, *see, e.g., United States v. Mahoney*, 247 F.3d 279 (D.C. Cir. 2001), discussed *infra*, and Defendant's FACE conviction was a misdemeanor, not a felony. Regardless, this "residual clause" is unconstitutionally vague under controlling Supreme Court precedent.

Finally, § 3156(a)(4)(C), which defines "crime of violence" to also include "any felony under chapter 77, 109A, 110, or 117," is also plainly inapplicable, as the FACE Act and 18 U.S.C. § 241 are located in chapter 13.

[3] *See also Taylor*, 142 S. Ct. at 2036 (Thomas, J., dissenting) (noting Court's holding necessarily precludes looking at indictment where the statutory offense has alternative elements, allegedly

Accordingly, a FACE violation is a "crime of violence" only if it satisfies the "elements clause" as a categorical matter—that is, if the government must *always* show an actual, attempted, or threatened *use of force* to prove a violation of FACE.

**B.  The FACE Act prohibits conduct that does *not necessarily* involve actual, attempted, or threatened use of force, and thus it is *not* a "crime of violence" under the elements clause.**

The FACE Act's plain text explicitly prohibits using "force," "threat of force," "*or* [] *physical obstruction*" to intentionally injure, intimidate, "*or*" interfere with another because that person is or has been, or to intimidate such person from, obtaining or providing reproductive health services. 18 U.S.C. § 248(a)(1) (emphasis added). Thus, by its plain terms the FACE Act does *not* "*always require the government to prove*—… as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020.

Specifically, the government can prove a completed FACE violation by showing, in part, that the defendant engaged in "physical obstruction" *regardless of whether the person used actual or threatened force.* The Act specifically distinguishes "physical obstruction" from "force" and "threat of force," defining "physical obstruction" to mean "rendering impassable ingress to or egress from a" reproductive health facility, or rendering such passage "unreasonably difficult or hazardous." 18 U.S.C. § 248(e)(4).

Additionally, to prove a FACE violation, the government also need not show that one intended to injure another. A person violates the FACE Act if he or she merely intended to "*interfere with*" another, even if he does not intend or cause any injury. 18 U.S.C. § 248(a)(1) (emphasis added). Even acting with the mere intent to injure is not a categorical "crime of violence." *Accord*

---

departing from prior use of "modified" categorial rule in such circumstances); *see also Singleton*, 182 F.3d at 11 (holding that § 3156 is subject to per se categorical rule).

*Taylor*, 142 S. Ct. at 2020 (holding that Hobbs Act violations can be shown by a mere attempted Hobbs Act robbery—"but an intention" to commit robbery "is just that, no more"). Indeed, the FACE Act expressly contemplates that the government can establish a violation by showing "a *nonviolent physical obstruction*." 18 U.S.C. § 248(b)(2). Thus, the FACE Act does not require a showing of force or even violence to establish a violation.

This straightforward analysis is consistent with the D.C. Circuit Court's previous decision finding FACE violations where the defendants simply knelt or sat in front of an abortion facility's main entrance, without engaging in any use of force or threats thereof. *United States v. Mahoney*, 247 F.3d 279, 283 (D.C. Cir. 2001) (holding that defendants engaged only in "physical obstruction" violations of FACE).

Accordingly, a FACE violation is not *categorically* a "crime of violence" under the "elements clause" of § 3156(a)(4). And, as noted, § 3156(a)(4)'s residual clause is unconstitutionally vague under directly applicable Supreme Court precedent. Therefore, Defendants have not been convicted of a "crime of violence" as properly interpreted under the categorical rule. Their pretrial detention under § 3143(a)(2) is thus legally erroneous and must be vitiated.

### C.    Defendants are also entitled to be released under § 3143(a)(1) because they have already proven to not be a flight risk nor a danger to others.

Under § 3143(a)(1), this Court "*shall* order the release of the" Defendants where it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." (Emphasis added). But Defendants have been on pre-trial release since their arrest in March 2022. Defendants have never posed any flight risk or threat of danger to others or the community during that time—otherwise, they would not have been eligible for such release. *See* 18 U.S.C. § 3142(b) (authorizing pre-trial release unless a judicial officer determines there would be a flight risk or a danger to

others). The Government has not contested otherwise, and it did not request pre-sentencing deten-

tion. Simply, Defendants' more-than-17-months of prior good behavior on pre-trial release pro-

vides overwhelming evidence that they satisfy the terms for mandatory release under § 3143(a)(1),

prior to sentencing.

To determine whether a defendant subject to § 3143 poses a risk of flight or danger, the

Court may consider the factors set forth in § 3142(g). *See United States v. Tann,* No. 04–392, 2006

WL 1313334, at *4 (D.D.C. May 12, 2006).  These factors include the nature and circumstances

of the offense charged, the weight of the evidence, the defendant's history and characteristics,

which include whether the defendant was on parole or probation at the time of the current offense,

and the danger that the defendant's release could pose to any person or to the community. 18 U.S.C.

§ 3142(g).

Ms. Handy is a prominent national nonprofit leader. In 2017, she founded Mercy Missions,

a mutual aid organization dedicated to helping families and mothers in crisis pregnancies and

providing survival aid for houseless people. Her charitable work and desire to help people and

particularly families have led to previous arrests and charges for, primarily, trespassing. There is

no evidence that Ms. Handy poses a danger to the safety of any person or the community.

As noted, Ms. Handy also does not pose a flight risk. On March 30, 2022, this Court set

conditions of release for Ms. Handy pending her trial. Since then, Ms. Handy had not violated any

conditions of her release and had appeared for every scheduled court proceeding. She made no

efforts to flee, and there is no evidence that she would attempt to flee now. Clear and convincing

evidence exists that Ms. Handy is not likely to flee or pose a danger to the safety of any other

person or the community if released under § 3143(a)(1). Ms. Handy must be released pending

sentencing.

**Conclusion**

Accordingly, Defendant Lauren Handy respectfully requests that this Court urgently reconsider, as an emergency matter, its Minute Order sentencing Ms. Handy to pre-sentencing detention, and that Ms. Handy be immediately released from that ongoing detention.

Respectfully submitted,

*/s/ Martin A. Cannon*
Martin A. Cannon, Esquire (Admitted *Pro Hac Vice*)
Stephen Crampton, Esquire (Admitted *Pro Hac Vice*)
Thomas More Society
10506 Burt Circle, Suite 110
Omaha, Nebraska 68114
Email: mcannonlaw@gmail.com
Phone: (402) 690-1484


*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire
Blerina Jasari, Esquire
Boyle & Jasari
1050 Connecticut Ave, Suite 500
Washington, D.C., 20036
Email: dboyle@boylejasari.com
        bjasari@boylejasari.com
Phone: (202) 430-1900

*Counsel for Defendant Lauren Handy*

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 30th day of August 2023, I electronically filed the foregoing

Motion and proposed Order with the Clerk of Court using the CM/ECF system, which will send

an electronic notification of such filing to all counsel of record.

           */s/ Dennis E. Boyle*
           Dennis E. Boyle, Esquire