IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : |
| LAUREN HANDY | : NO. 1:22-cr-00096CKK |

**DEFENDANT LAUREN HANDY'S OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND TIME TO RESPOND TO HER EMERGENCY MOTION**

The question here is simple: is a violation of the FACE Act a "crime of violence"? Considering that the FACE Act criminalizes nonviolent acts of civil disobedience, the answer appears similarly simple: "No."

The Government has nearly 30 years of experience bringing FACE Act prosecutions—there is no excuse for the Department of Justice not to have an answer ready to this simple question. The Government did not ask that Defendants be imprisoned pre-trial nor did it request that Defendants be detained following yesterday's conviction—presumably because the Government knows that a violation of the FACE Act is not a crime of violence. There is no sound reason to delay: either agree with the simple answer put forth by Defendant, which tracks the test laid out by the D.C. Circuit and the Supreme Court, or put forward some good reason why the FACE Act provides some special exception to the rule set out in *United States v. Taylor*, 142 S. Ct. 2015, 2019 (2022), that, "The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." A FACE Act violation[1] does not "always require[]" this proof, so it is not a "crime of violence."

---

[1] And obviously, a violation of 18 U.S.C. § 241, premised on an alleged conspiracy to violate the FACE Act is not a "crime of violence" for the same reason.

1

Defendant is languishing in jail, in direct violation of controlling law, and must be released immediately. And if the Government intends and is allowed to drag out this motion practice, Defendant should be released for the pendency of any briefing, hearing, and decision on the motion.

Respectfully submitted,

*/s/ Martin A. Cannon*
Martin A. Cannon, Esquire (Admitted *Pro Hac Vice*)
Stephen Crampton, Esquire (Admitted *Pro Hac Vice*)
Thomas More Society
10506 Burt Circle, Suite 110
Omaha, Nebraska 68114
Email: mcannonlaw@gmail.com
Phone: (402) 690-1484


*/s/ Dennis E. Boyle*
Dennis E. Boyle, Esquire
Blerina Jasari, Esquire
Boyle & Jasari
1050 Connecticut Ave, Suite 500
Washington, D.C., 20036
Email: dboyle@boylejasari.com
          bjasari@boylejasari.com
Phone: (202) 430-1900

2