IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Crim. No. 22-cr-96 (CKK) |
| : | |
| **v.** : | |
| : | |
| **LAUREN HANDY, et al.,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER OF DETENTION PENDING IMPOSITION OF SENTENCE

The United States of America opposes Defendant Lauren Handy's Emergency Motion for Reconsideration of Order of Detention Pending Imposition of Sentence ("Motion for Reconsideration"). *See* Doc. 387.[1]

On August 29, 2023, following the jury's verdicts convicting Defendants Handy, Hinshaw, Idoni, Goodman, and Geraghty of violating 18 U.S.C. §§ 241 and 248(a)(1), the Court remanded all five defendants pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), which mandates detention following conviction of a "crime of violence," absent certain circumstances which are not present here. *See* 18 U.S.C. §§ 3143(a)(2) (incorporating by reference crimes identified at 18 U.S.C. § 3142(f)(1)(A), including a "crime of violence") and 3156(a)(4)(A) (defining a "crime of violence").

Defendant Handy seeks reconsideration of the Court's detention order, arguing that the predicate offense, 18 U.S.C. § 248(a)(1), is not a crime of violence. Defendant Handy is correct that whether the predicate offense is a "crime of violence" is determined by the "categorical

---

[1] Defendants Goodman, Geraghty, and Idoni have joined Defendant Handy's motion. *See* Docs. 388, 389, 391. The principles outlined in this Response apply equally to all defendants.

1

approach" but is incorrect regarding the application of the "categorical approach" to the predicate offense.

The D.C. Circuit has explained that when "we are dealing with a so-called 'divisible' statute, we are to employ the 'modified categorical approach' to determine which alternative crime the defendant committed." *United States v. Redrick*, 841 F.3d 478, 482 (D.C. Cir. 2016). The modified categorical approach is a "tool to implement the categorical approach." *Id.* (citing *Descamps v. United States*, 570 U.S. 254, 263-64 (2013)).

A divisible statute is one that "comprises multiple, alternative versions of the crime." *Descamps*, 570 U.S. at 262. In other words, a divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 579 U.S. 500, 505 (2016). "[Elements] are what the jury must find beyond a reasonable doubt to convict the defendant." *Id.* at 504. "If statutory alternatives carry different punishments, then…they must be elements." *Id*. at 518.

The predicate offense, 18 U.S.C. § 248(a)(1), is a divisible statute. In relevant part, it provides that, "[w]hoever by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services shall be subject to the penalties provided in subsection (b)." The statute can therefore be violated by using *either* force *or* physical obstruction. Turning to the penalties, a first offense involving only non-violent physical obstruction is subject to a maximum sentence of six months' imprisonment, while a first offense involving force is subject to a maximum sentence of one year. *See* 18 U.S.C. § 248(b). In other words, the "statutory alternatives" – force and physical obstruction – "carry different

punishments" and therefore must be elements such that § 248(a)(1) defines multiple offenses. *See Mathis*, 579 U.S. at 505, 518.

Because 18 U.S.C. § 248(a)(1) is a divisible statute, the Court should employ the modified categorical approach in determining whether the crime committed by the defendants is a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(A). *See United States v. Klein*, 533 F. Supp. 3d 1, 8-9 (D.D.C. 2021) (applying modified categorical approach to determine whether offense was a crime of violence under the BRA). In employing the modified categorical approach, courts "look beyond the statute to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime with what elements [the] defendant was convicted of." *Redrick*, 841 F.3d at 482 (quoting *Mathis*, 579 U.S. at 505-506).

Here, the superseding indictment charged that the defendants, "did *by force and physical obstruction*, intentionally injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with, Patient A and the employees of the Clinic, because Patient A was obtaining, and the Clinic was providing, reproductive health services." Doc. 113 at 7 (emphasis added). The jury instructions specified that the jury could convict the defendants of violating 18 U.S.C. § 248(a)(1) by unanimously agreeing that the Government proved beyond a reasonable doubt that a defendant used only physical obstruction, used only force, or used both physical obstruction *and* force in committing the charged crime by indicating as such on the verdict form. Using a special verdict form, the jury clearly indicated its finding that the Government had proved the divisible offense of using force to violate § 248(a)(1), which as explained below, is a crime of violence, in addition to proving the divisible offense of using physical obstruction to violate § 248(a)(1). *Cf. United States v. Hari*, 67 F.4th 903, 911 (8th Cir. 2023) ("The element – which is the focus of the *Taylor* inquiry – is intentionally obstructing by force or threat of force the enjoyment of a person's

3

free exercise of religious beliefs. *See Mathis v. United States*, 579 U.S. 500, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016). Thus, considering this offense under the modified categorical approach, the elements fall within the force clause as defined in § 924(c)(3).).

The relevant divisible offense of which the defendants were convicted, therefore, is violating § 248(a)(1) by using force. A "crime of violence," as relevant here, is defined as "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 3156(a)(4)(A). The defendants were convicted of a crime that falls under this definition. Detention pending sentencing is therefore mandated by 18 U.S.C. § 3143(a)(2), and the Motion for Reconsideration should be denied.

Respectfully submitted,

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
*/s/ Sanjay H. Patel*
SANJAY H. PATEL
IL Bar No. 6272840
Trial Attorney
Criminal Section, Civil Rights Division
Email: Sanjay.Patel@usdoj.gov

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052
*/s/ John Crabb Jr.*
JOHN CRABB JR.
NY Bar No. 2367670
REBECCA G. ROSS
NY Bar No. 5590666
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
Email: John.D.Crabb@usdoj.gov

## CERTIFICATE OF SERVICE

      SANJAY H. PATEL, attorney for the United States, hereby certifies that a true and correct copy of the government's response has been electronically filed and accordingly served upon attorney for the defendant.

DATE: August 30, 2023                                       */s/ Sanjay H. Patel*
                                                                              Sanjay H. Patel