IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| LAUREN HANDY | : | NO. 1:22-cr-00096CKK |

**DEFENDANT LAUREN HANDY'S REPLY IN SUPPORT OF EMERGENCY MOTION
FOR RECONSIDERATION OF ORDER OF DETENTION
<u>PENDING IMPOSITION OF SENTENCE</u>**

The Government's Response ignores the Supreme Court's most recent case addressing the categorical rule and wrongly applies the "modified categorical approach" by conflating the *elements* of the crime with the *means* of committing the crime.

The Supreme Court made clear in *United States v. Taylor* that "[t]he *only* relevant question is whether the federal felony at issue *always* requires the government to prove--…as an element of its case—the use, attempted use, or threatened use of force." 142 S. Ct. 2015, 2020 (2022) (emphasis added). The Court thus held that attempted Hobbs Act robbery—which prohibits attempted robbery by actual or threatened force, among other means—is not a crime of violence (which includes attempted use of force) because "there will be cases, appropriately reached by a charge of attempted robbery, where the actor does not actually harm or even threaten harm." *Id.* (internal quotes omitted). Critically, the Supreme Court *rejected* Justice Alito's dissenting position that regardless, because the Hobbs Act allegedly contains alternative elements that *do* require attempted use of actual force, the Court should have at least applied the modified categorical approach and looked to the actual record. *Id.* 142 S. Ct. at 2034-36 (Alito, J., dissenting).[1]

---

[1] Defendant's Motion unintentionally cited this as Justice Thomas's dissent, not Justice Alito's.

Accordingly, *Taylor* means what it says, and the FACE Act is not a crime of violence because it does not *always* require the government to prove "use, attempted use, or threatened use of force against the person or property of another" as an element of its case, because the Act itself expressly contemplates that there are ways of violating the statute that do not involve force or any sort of violence. 18 U.S.C. § 248(a)(1) (distinguishing physical obstruction from force); § 248(b)(2) (recognizing FACE can be violated by exclusively nonviolent physical obstruction).

Even assuming the modified categorical rule applies, the Government ignores the critical distinction between means and elements of a crime. The modified categorical approach applies only where the conviction at issue involves different *elements*, not different *means*. "[A] means, or (as we have called it) 'non-elemental fact,' is by definition *not* necessary to support a conviction." *Mathis v. United States*, 579 U.S. 500, 515 (2016) (cleaned up). It is "clear that a court may not look behind the elements of a generally drafted statute to identify the means by which a defendant committed a crime." *Id.* at 516. That is precisely what the Government asks this Court to do.

However, the FACE Act is clear that physical obstruction and force are alternative *means* of intentionally injuring, interfering with, or intimidating one from obtaining/providing or because they obtained/provided reproductive health services; they are not separate *elements*. 18 U.S.C. § 248(a)(1). This conclusion is supported by the verdict form, which asked the jury whether Defendants were guilty of violating FACE "either" by force *or* physical obstruction. As even the Government concedes, FACE can "be violated by using *either* force *or* physical obstruction." Doc. 395 at 2. Moreover, interfering with abortion access via these separate means carries the same general punishment, subject to a reduced penalty authorized in a separate subsection regarding sentencing, not the elements of the crime itself. *See* 18 U.S.C. § 248(b)(2). Accordingly, the modified

categorical approach does not apply (to the extent it survives *Taylor*), and the Government need not always prove *as an element* the use, attempted use, or threat of force to prove a FACE violation.

This conclusion is only supported by the Eighth Circuit's decision in *United States v. Hari*. 67 F.4th 903 (8th Cir. 2023). In *Hari*, the Court was dealing with expressly different crimes enumerated in two entirely different subsections. The subsection the *Hari* Court analyzed (18 U.S.C. § 247(a)(2)), prohibited obstruction of one's free exercise of religion "by force or threat of force," without providing any other alternative means of violation. 67 F.4th at 907 and n.2. Here FACE prohibits the relevant interfere by force, threat of force, *or physical obstruction* as a single element within subsection (a)(1) of § 248. The problem of trying to shoehorn FACE into the "crime of violence" framework is highlighted with the defense raised in *Hari*–that the charged crimes did not require proof of a "use of physical force against the person or property *of another*." The jury here was charged merely that Defendant must have used either "used force or physical obstruction," not that either of those were directed against the person or property *of another*, as required for a "crime of violence" under 18 U.S.C. § 3156(a)(4)(A). *See* Jury Instructions, at 36. *Hari* supports Defendant, insofar as it applies here.

Moreover, even were the Court to accept the Government's invitation to look beyond the elements of the crime, which it should not do, the "force" prong of FACE does not match up with the "physical force against . . . another" required for a "crime of violence." The Supreme Court has defined "physical force" under "crime of violence" to mean "force capable of causing physical pain or injury in another person." *Johnson v. United States*, 559 U.S. 133, 140. But at least one U.S. Circuit Court has expressed that "force" in FACE prohibits even "de minimis" contact with another. *New York v. Griepp*, 991 F.3d 81, 124 (2d Cir.), *reh'g granted and opinion vacated sub nom. People v. Griepp*, 997 F.3d 1258 (2d Cir. 2021), and *on reh'g sub nom. New York by James v.*

3

*Griepp*, 11 F.4th 174 (2d Cir. 2021) (indicating that even though the panel decision had been vacated, individual judges on that panel still believed FACE could apply to such "de minimis" contact but that they merely deferred to the district court's contrary conclusion there). And here, the jury was instructed that "'force' [includes] power . . . exerted upon . . . a person or property." Jury Instructions, at 36. This fact is even more stark in view of the second element of FACE, which allows the jury to find a violation if the defendant merely intended to "*interfere with*" another, even if she does not intend or cause any injury. 18 U.S.C. § 248(a)(1) (emphasis added). Accordingly, FACE is not a "crime of violence," and Ms. Handy should be immediately released from custody.

                    Respectfully submitted,

                    */s/ Martin A. Cannon*
                    Martin A. Cannon, Esquire (Admitted *Pro Hac Vice*)
                    Stephen Crampton, Esquire (Admitted *Pro Hac Vice*)
                    Thomas More Society
                    10506 Burt Circle, Suite 110
                    Omaha, Nebraska 68114
                    Email: mcannonlaw@gmail.com
                    Phone: (402) 690-1484

                    */s/ Dennis E. Boyle*
                    Dennis E. Boyle, Esquire
                    Blerina Jasari, Esquire
                    Boyle & Jasari
                    1050 Connecticut Ave, Suite 500
                    Washington, D.C., 20036
                    Email: dboyle@boylejasari.com
                                bjasari@boylejasari.com
                    Phone: (202) 430-1900

                    *Counsel for Defendant Lauren Handy*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 31st day of August 2023, I electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to all counsel of record.

/s/Stephen M. Crampton
Stephen M. Crampton
