# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAUREN HANDY, *et al.*<br><br>Defendants. | Criminal Action No. 22-096 (CKK) |

## MEMORANDUM OPINION AND ORDER
(August 31, 2023)

The indictment in this case charged Defendants[1] with (1) conspiracy against rights, in violation of 18 U.S.C. 241; and (2) forcibly obstructing a reproductive health clinic, in violation of 18 U.S.C. § 248(a). On August 29, 2023, a jury found Defendants guilty on both counts. The jury made an additional special finding, concluding that each Defendant used force to prevent access to or provision of reproductive health services at the clinic at issue. The jury further found that, in addition to force, Defendants also used physical obstruction. Based on this special finding, the Court concluded that Defendants had been found guilty of a "crime of violence" within the meaning of 18 U.S.C. § 3156(a)(4)(A). The Court further concluded that there was not a substantial likelihood of success on any post-trial motion. Because the Government also represented that it would seek a term of incarceration at sentencing, the Court found that it had no choice but to order Defendants detained pending sentencing. *See* 18 U.S.C. § 3143(a)(2) ("The judicial officer *shall* order that a person who has been found guilty of [among other things, a crime of violence and is] awaiting imposition or execution be detained" under these circumstances. (emphasis added)).

---

[1] Lauren Handy (1), John Hinshaw (6), Heather Idoni (7), William Goodman (8), and Herb Geraghty (10).

1

Defendants have now moved for reconsideration on an emergency basis.[2]  Defendants argue that 18 U.S.C. § 248, commonly called the Freedom of Access to Clinic Entrances Act (or FACE Act), is not categorically a crime of violence, because a defendant may violate the statute through nonviolent means.  Though a point well taken, the Court concludes that the FACE Act creates distinct offenses, some of which are crimes of violence.  Because the jury clearly convicted each Defendant on a sub-offense exclusively criminalizing violence against person or property, the Court shall **DENY** the [387] and [389] Emergency Motions for Reconsideration.

To determine whether the jury convicted Defendants of a "crime of violence," the Court begins with elements of the offense as set forth in the statute.  *See Descamps v. United States*, 570 U.S. 254, 260-61 (2013).  The FACE Act criminalizes the use of "force," the "threat of force," or "physical obstruction" in order to "injure, intimidate, or interfere with" a person provided or receiving "reproductive health services."  18 U.S.C. 248(a)(1).  Any one type of conduct suffices to violate the statute.  *See Terry v. Reno*, 101 F.3d 1412, 1418 (D.C. Cir. 1996).  The statute does not stop there, however.  It also provides for certain penalties based on the kind of conduct a defendant employed.  For violent physical obstruction, force, or threat of force, it provides for a year of imprisonment.  18 U.S.C. § 248(b)(1).  For nonviolent physical obstruction on a first offense (which applies to all Defendants here), it provides for six months of imprisonment.  *Id.* (b)(2).  Where "bodily injury results," it carries a ten-year term of incarceration.  *Id.*  Where "death results," it carries a term of up to life.  *Id.*

By delineating different penalties for certain violations of the statute, the FACE Act is "divisible," i.e., it defines "multiple crimes" based on punishment.  *See Mathis v. United States*,

---

[2]  ECF Nos. 387 (Defendant Handy) and 389 (Defendant Idoni).  By minute order, the Court alerted the parties that the Court would assume that all Defendants joined the [387] Motion unless otherwise stated.

579 U.S. 500, 518 (2016).  In such a circumstance, the Court looks to, among other things, "the indictment[ and] jury instructions" in order to determine of which sub-offense a defendant was convicted and, thereby, whether that sub-offense is a crime of violence.  *See United States v. Redrick*, 841 F.3d 478, 482 (D.C. Cir. 2016).  For present purposes, a crime of violence is "an offense that has as an element of the offense the use, the attempted use, or threatened use of physical force against the person or property of another."  *See United States v. Sabol*, 534 F. Supp. 3d 58, 57 (D.D.C. 2021) (quoting 18 U.S.C. § 3156(a)(4)(A)).  The more serious misdemeanor delineated in 18 U.S.C. § 248(b)(1) is exactly that—the use of force, the threat of force, or the use of *violent* physical obstruction.  All such violations of this subsection are necessarily crimes of violence, because *nonviolent* physical obstruction constitutes a separate offense within the same statutory section.

      Here, the Government charged each Defendant with *both* force *and* physical obstruction.  Superseding Indictment, ECF No. 113 ¶ 38 (Oct. 14, 2022).  Recognizing that the jury could then either convict for force or violent physical obstruction under 18 U.S.C. § 248(b)(1) or for nonviolent physical obstruction under subsection (b)(2), the Court prepared a special verdict form that directed the jury to choose either or both if it found a Defendant guilty of violating the FACE Act.  The Court further instructed the jury that "force" means "power and/or violence exerted upon or against a person or property."   Therefore, if the jury returned a guilty verdict as to "force," the Court would conclude that the jury convicted a Defendant under subsection (b)(1), misdemeanor, violent violation of the FACE Act.  If the jury returned a guilty verdict only as to "physical obstruction," the Court would conclude that the jury convicted a Defendant under subsection (b)(2).  Because the jury returned a guilty verdict as to "force," the jury convicted each Defendant of a crime of violence.  The jury having done so, the Court has no choice but to

order Defendants detained pending sentencing.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant Handy's [387] Emergency Motion for Reconsideration and Defendant Idoni's [389] Emergency Motion for Reconsideration are **DENIED**.

**SO ORDERED**.

Dated: August 31, 2023

                                                             /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge