IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, | ) |
| v. | ) Crim. No.22cr96 |
|  | ) Hon. Colleen Kollar-Kotelly |
| LAUREN HANDY, *et al*. | ) |
| Defendants. | ) |

DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION

Comes now Defendant Herb Geraghty, by counsel, and, on behalf of all Group 1 Defendants, replies to the Government's Amended Response in Opposition (Doc 386, "Response") to the Defendants' Motion to Reconsider their Motion to Dismiss Based on Selective Prosecution ("Motion", Doc 370).

**I.      Reconsideration is Warranted and the Motion is Timely.**

Allowed by the Court to redo its initial Response in Opposition[1], the Government expends the Court's largesse by spending the first four pages of its amended Response arguing that the Defendants' Motion should be denied as duplicative and untimely. Contrary to the Government's assertions, Rule 54(b)'s "as justice requires" admonition is fully applicable here, where a new decision from the U.S. District Court of Appeals for the District of Columbia Circuit directly on point is announced during trial. Second, the Motion was promptly filed. Defendants filed the Motion (in the middle of trial) within six days of and consequent to *Frederick Douglass Found. v. District of Columbia*, 2023 WL 5209556 (D.C. Cir. Aug. 15, 2023). This Court observed in its Minute Order that the case "at this stage… [connotes] a small

---

[1] Minute Order of August 23, 2023 ("Minute Order").

1

shift in the law of this Circuit governing the [defendants'] claim." Minute Order. The Motion is timely and should be heard.

## II. Defendants Have Stated a Prima Facie Claim of Selective Prosecution and the Government has Failed to Rebut it.

The Government explores confusingly the requirements of a "facial" as opposed to an "as applied" challenge to a statute's enforcement, Response at 9-10, notwithstanding that Defendants have assumed the facial constitutionality of FACE for the purposes of the Motion – as was the case with the statute subject of *Frederick Douglass*. Indeed, though the Government's Response runs 12 pages they devote less than two pages to the *Frederick Douglass* case. The Government's feint does not detract from that decision's straightforward ruling.

> A selective enforcement claim has two elements: a plaintiff must demonstrate (1) he was similarly situated in material respects to other individuals against whom the law was not enforced, and (2) the selective enforcement infringed a constitutional right.

*Frederick Douglass* at 11. Defendants satisfy both elements.

Pertinent to the first element, this Court directed the Government to "assume that Defendant has proffered comparators… " Minute Order. These the Government grossly understates as "two incidents." Response at 7. In fact, Defendants have proffered over 200, Motion at n.2, n. 5, notwithstanding only one would be enough. *Frederick Douglass* at 42 (citing *Thomas v. Chi. Park District*, 534 U.S. 316, 325 (2002)). Further, the number of the Defendants' proffered comparators belies the government's hollow claim that the Defendants "cannot obtain constitutional immunity from prosecution by violating a statute more frequently than any other group." Response at 8.

This Circuit acknowledged the practical difficulties confronting a movant in marshalling evidence to support a claim of selective prosecution. Certainly, the Defendants' proffered

2

comparators constitute a showing sufficient to "raise a reasonable expectation that discovery will reveal evidence." *Frederick Douglass* at 41 (quoting *Baker v. District of Columbia*, 326 F. 3d 1302, 1307 (D.C. Cir. 2003)).  Should the Court remain unpersuaded, however, that the proffered comparators connote "no distinguishable legitimate prosecutorial factors" justifying selective enforcement, *Federick Douglass* at 14, the appropriate response is to demand disclosure of their pertinent circumstances as recorded by the only entity that compiles records of local and federal crimes nationwide - the Government.

    Such additional evidence may not be required here, however. As Defendants argued in their Motion, Defendants are similarly situated with the "Jane's Revenge" and "Ruth Sent Us" and other individuals and groups vandalizing and assaulting pregnancy resource centers and churches: both groups have gathered to disseminate political messages; the types of locations are the same ("reproductive health care" facilities); the evidence strongly suggests that the pro-abortion vandals have blatantly violated FACE; and the differential response entirely fails to correspond to the two group's relative culpability and deterrence value of enforcement, given the single-incident nature of Defendants' conduct compared to the continuous and repetitive violence carried out for months against pro-life pregnancy centers in direct violation of FACE.

    The Government suggests that the mere fact that the pro-abortion perpetrators acted under cover of darkness is sufficient to differentiate the cases. Response at 6-7. But surely the mere fact that the Government refuses to undertake diligent efforts to identify the perpetrators is not enough to render the groups dissimilar. Justice demands that the Government not benefit from its own failure to act.  The groups are similarly situated, and the Government's refusal even to acknowledge the hundreds of acts by the pro-abortion vandals is itself a silent concession of

its palpable political bias and selective prosecution.  As Justice Alito remarked in his concurrence with a First Amendment decision of the Supreme Court,

> "The government has no authority to license one side to fight freestyle, while forbidding the other side to fight at all.

*Iancu v. Brunetti*, 139 S. Ct. 2294, 2302 (2019) (Alito, J., concurring).

As to the second element required by *Frederick Douglass*, the Government seeks unconvincingly to calve the Defendants' conduct from its inherent protected message.  "In sum, like the defendant in *Wayte*, the Defendants here cannot avoid prosecution simply by being vocal about why they broke the law."  Response at 11 (citing *Wayte v. United States*, 470 U.S. 598, 614 (1985)).  *Wayte*, however, entailed an accused who committed two discrete acts – he broke the law and then broadcast in letters his having done so.  The totality of the Defendants' actions herein was expressive in all its parts.  Even the Government has acknowledged that "the D.C. Circuit has recognized that the conduct prohibited by the FACE Act 'might have expressive value.'"  Response at 8 (quoting *Terry v. Reno*, 101 F. 39 1412, 1419 (D.C. Cir. 1996)).  Here, the Defendants' actions included singing, praying, leafleting, and speaking directly to expectant mothers - publicly exposing what they reasonably considered to be illegal activity at the clinic in question resulting in the deaths of innocent children as well as their larger opposition to abortion.  Defendants' actions most assuredly had "expressive value."

Finally, *Wayte* entailed the Supreme Court's endorsement of a "passive enforcement" policy whereby the Government restricted draft registration enforcement to a specified subset of violators in deference to administrative considerations.  *Wayte* offers little guidance to this Court unless the Government is prepared to acknowledge a policy of favoring enforcement of FACE against opponents of abortion.

Try as it might, the Government cannot distinguish *Frederick Douglass* or avoid the result it impels – dismissal of the charges.

>Respectfully Submitted,
>
>HERB GERAGHTY
>By Counsel
>_____/s/_____
>John C. Kiyonaga
>
>510 King Street, Ste. 400
>Alexandria, Virginia 22314
>Telephone: (703) 739-0009
>Facsimile: (703) 340-1642
>E-mail: john@johnckiyonagaa.com
>
>Counsel for Herb Geraghty
>    on behalf of all Group 1 Defendants

<u>Certificate of Electronic Service</u>

I hereby certify that on Sept. 6, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

_____/s/_____
John C. Kiyonaga