# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

**LAUREN HANDY (1),**
**JOHN HINSHAW (6),**
**HEATHER IDONI(7),**
**WILLIAM GOODMAN (8),**
**HERB GERAGHTY (10)**

Defendants.

Criminal No. 22-096 (CKK)

## JURY INSTRUCTIONS
(August 25, 2023)

JURY INSTRUCTIONS ........................................................................................................ i

PART ONE ........................................................................................................................... 2

   INSTRUCTION NO. 1 - FUNCTION OF THE COURT ............................................. 3

   INSTRUCTION NO. 2 - FUNCTION OF THE JURY .................................................. 4

   INSTRUCTION NO. 3 - JURY'S RECOLLECTION CONTROLS ............................... 6

   INSTRUCTION NO. 4 – INADMISSIBLE AND STRICKEN EVIDENCE ................... 7

   INSTRUCTION NO. 5 - EVIDENCE IN THE CASE .................................................. 8

   INSTRUCTION NO. 6 - STATEMENTS OF COUNSEL ............................................ 9

   INSTRUCTION NO. 7 - BURDEN OF PROOF ....................................................... 10

   INSTRUCTION NO. 8 - REASONABLE DOUBT ..................................................... 11

   INSTRUCTION NO. 9 - DIRECT AND CIRCUMSTANTIAL EVIDENCE ................ 12

   INSTRUCTION NO. 10 - REDACTED EXHIBITS .................................................. 13

   INSTRUCTION NO. 11 - CREDIBILITY OF WITNESSES ...................................... 14

   INSTRUCTION NO. 12 - ACCOMPLICE'S TESTIMONY ........................................ 16

   INSTRUCTION NO. 13 - WITNESS WITH A PLEA AGREEMENT ........................ 17

INSTRUCTION NO. 14 – LAW ENFORCEMENT OFFICIAL'S TESTIMONY ................ 18

INSTRUCTION NO. 15 - EVIDENCE ADMITTED FOR A LIMITED PURPOSE – HEARSAY .................................................................................................................... 19

INSTRUCTION NO. 16 – OTHER ACTS EVIDENCE ADMITTED FOR A LIMITED PURPOSE .................................................................................................................... 21

INSTRUCTION NO. 17 - RIGHT OF DEFENDANT NOT TO TESTIFY ..................... 23

INSTRUCTION NO. 18 - DEFENDANT AS A WITNESS ............................................ 24

INSTRUCTION NO. 19 - INDICTMENT NOT EVIDENCE ......................................... 25

INSTRUCTION NO. 20 - NUMBER OF WITNESSES AND EXHIBITS ...................... 26

INSTRUCTION NO 21 - UNCALLED WITNESSES ..................................................... 27

INSTRUCTION NO. 22 - NATURE OF CHARGES NOT TO BE CONSIDERED .............. 28

**PART TWO** ....................................................................................................................... **29**

INSTRUCTION NO. 23 - EXPLANATION OF THE CHARGES/ ................................. 30

MULTIPLE DEFENDANTS—MULTIPLE COUNTS ................................................... 30

INSTRUCTION NO. 24 - CONSPIRACY AGAINST RIGHTS—COUNT ONE ................ 31

INSTRUCTION NO. 25 – FREEDOM OF ACCESS TO CLINIC ENTRANCES ("FACE") Act—COUNT TWO .................................................................................................... 36

INSTRUCTION NO. 26 - WILLFULLY CAUSING AN ACT TO BE DONE ................... 38

INSTRUCTION NO. 27 - AIDING AND ABETTING .................................................... 39

INSTRUCTION NO. 28 - CO-CONSPIRATOR LIABILITY ........................................ 41

INSTRUCTION NO. 29 - PROOF OF STATE OF MIND ............................................. 43

INSTRUCTION NO. 30 – "On or About" – Proof Of ................................................... 44

**PART THREE** ................................................................................................................... **45**

INSTRUCTION NO. 31 - SELECTION OF FOREPERSON .................................... 46

INSTRUCTION NO. 32 - COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS ........................................................................................ 47

INSTRUCTION NO. 33 - UNANIMITY—GENERAL .................................................. 48

INSTRUCTION NO. 34 - POSSIBLE PUNISHMENT NOT RELEVANT ........................... 49

INSTRUCTION NO. 35 - ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS ...................................................................................................... 50

INSTRUCTION NO. 36 - EXHIBITS DURING DELIBERATIONS .................................... 51

INSTRUCTION NO. 37 - FURNISHING JURY WITH A COPY OF THE INSTRUCTIONS .................................................................................................................................... 52

INSTRUCTION NO. 38 - VERDICT FORM EXPLANATION ............................................ 53

INSTRUCTION NO. 39 - CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH ....................................................................... 54

INSTRUCTION NO. 40 - EXCUSING ALTERNATE JURORS ........................................... 55

INSTRUCTION NO. 41 - INSTRUCTIONS TO JURY BEFORE POLLING ....................... 56

Ladies and Gentlemen, the time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers. It is now up to me to instruct you on the law that should control your deliberations in this case. My instructions will be roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the elements of the offenses charged in this case. Finally, I will have some closing remarks about your deliberations in this matter.

## PART ONE

Let me begin with some general principles.   First, I am sure you understand by now that the jury and the court -- you and I -- have quite different responsibilities in a trial.

## INSTRUCTION NO. 1 - FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them. If counsel or a witness has stated the law differently than the Court, my instruction of the law controls.

## INSTRUCTION NO. 2 - FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism, or consideration of public opinion. You may decide the case only based on the law and the facts before you.

Moreover, you are not to be concerned with the wisdom of any law or rule of law as I state them. Nor should you be concerned with your opinion, good, bad, or neutral, of the Defendants' advocacy or the services the clinic in this case provided at the time of the charged conduct. It would be a violation

4

of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, it was unintentional and you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## INSTRUCTION NO. 3 - JURY'S RECOLLECTION CONTROLS

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## INSTRUCTION NO. 4 – INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party they represent. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Again, questions are not evidence, and simply because an attorney may have proposed a fact to a witness in a question does not mean that purported fact is true or, even if true, a fact that you may consider. You may only consider the testimony and exhibits in evidence.

## INSTRUCTION NO. 5 - EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses and the exhibits that were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## INSTRUCTION NO. 6 - STATEMENTS OF COUNSEL

Statements and arguments of the lawyers are important because they are intended to help you understand the evidence and the contentions of the parties. However, the statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Moreover, occasionally during argument a lawyer for one side or the other may appear to state his belief or opinion concerning the facts in the case or the credibility of testimony. A lawyer is not permitted to state his belief or opinion during argument. Nor may a lawyer state his belief or opinion during an objection. He is permitted only to argue to you based upon what the evidence in this case shows. Thus, if you think a lawyer has expressed his personal belief or opinion during argument, you must disregard any such expression and judge the case only on the evidence.

## INSTRUCTION NO. 7 - BURDEN OF PROOF

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he or she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require any defendant to prove their innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which a defendant is charged, it is your duty to find that defendant guilty of that offense.

On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find one or more of the defendants not guilty of that offense.

## INSTRUCTION NO. 8 - REASONABLE DOUBT

The government has the burden of proving separately each defendant guilty beyond a reasonable doubt as to each count or charge against them. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him or her guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him or her the benefit of the doubt and find him or her not guilty.

## INSTRUCTION NO. 9 - DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

12

## <u>INSTRUCTION NO. 10 - REDACTED EXHIBITS</u>

In addition, during the course of this trial, a number of exhibits admitted into evidence were also redacted. Sometimes only portions of an exhibit were admitted, such as a document with some words blacked out or otherwise removed. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy, in order to conform with local rules of procedure. As you examine these exhibits, you should consider only the portions that were admitted in these exhibits. On the whole, you are to decide the facts only from the evidence that is before you.

# INSTRUCTION NO. 11 - CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has a friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between

the event and any later recollections of the events, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any inconsistencies in a witness's testimony. You may also consider any inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## INSTRUCTION NO. 12 - ACCOMPLICE'S TESTIMONY

You have heard testimony from Government witness Caroline Davis. The government is permitted to use a witness who testifies that she participated in the offense(s) charged against the defendants, although the testimony of such a witness should be considered with caution. You should give her testimony as much as weight as in your judgment it deserves.

## INSTRUCTION NO. 13 - WITNESS WITH A PLEA AGREEMENT

You have heard evidence that Government witness Caroline Davis entered into a plea agreement with the government pursuant to which Ms. Davis agreed to testify truthfully in this case and the government agreed to bring Ms. Davis' cooperation to the attention of her sentencing judge in Michigan.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict one or more of the defendants on the basis of this testimony alone, if it convinces you of one or more of the defendants' guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect her against a prosecution for perjury or false statement, should she lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated her to testify falsely against the defendants. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

17

## INSTRUCTION NO. 14 – LAW ENFORCEMENT OFFICIAL'S TESTIMONY

In this case, you heard testimony from an agent of the Federal Bureau of Investigation and local police officers. A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because they are a law enforcement officer.

## INSTRUCTION NO. 15 - EVIDENCE ADMITTED FOR A LIMITED PURPOSE – HEARSAY

Members of the jury, over the course of this trial, you have heard me sustain the parties' objections on the basis of something called "hearsay." Hearsay statements are those made outside of this trial that are offered for the statement's truth. Although there are some exceptions to "hearsay," this evidence is usually not admissible because it is less reliable.  When I sustain a "hearsay" objection, it is because I have concluded that the question for the witness asks for unreliable "hearsay."  When a statement is not offered for its truth, but instead for some other purpose (for instance, what a person believed to be true), that statement is not "hearsay," but it still must not be considered to determine whether the statement is true or not.

As an example, take the following statement:  it rained last night.  If a witness testified on the stand that someone told the witness that it rained last night, that statement that it rained last night is hearsay if the purpose of presenting that statement for your consideration is to show that it in fact rained last night.  Statements offered for any other purpose, however, are not hearsay.  For example, if the purpose of presenting that statement is to show that the witness believed that it had rained the night prior, that statement would not be hearsay.

During the course of Ms. Handy's direct examination, you have heard her characterize certain videos and out-of-court conversations about the clinic at issue, along with research she's done. This testimony is hearsay when considered for whether the statements in the video, for example, are true. You are not to consider these assertions for their truth. For example, when Ms. Handy stated one of the videos claims that the clinic performed a certain kind of abortion, you may not consider Ms. Handy's testimony for whether or not the clinic performed *in fact* one kind of abortion or another. You are to consider these statements only as to whether you think Ms. Handy *believed*, rightly or wrongly, that, for example, the clinic performed certain kinds of abortions. Moreover, you are instructed that Ms. Handy's beliefs about the clinic are irrelevant except to the extent that they bear on what she intended to accomplish through her actions leading up to and on October 22, 2020.

More generally, when I have instructed you that a statement is admitted for a limited purpose, you must use the statement for only that purpose. You have heard or might hear testimony about other statements that you are permitted to accept for their truth (or falsity). The only limitations on your use of any statements admitted as evidence are those statements in my instructions, this instruction included.

# INSTRUCTION NO. 16 – OTHER ACTS EVIDENCE ADMITTED FOR A LIMITED PURPOSE

A.

Members of the jury, the defendants in this case are charged with having committed specific acts leading up to and on October 22, 2020.  The Government has presented evidence that one Defendant, Ms. Handy has committed acts other than those charged in this case.  This evidence concerns Ms. Handy's alleged conduct on or about November 16, 2021 in Alexandria, Virginia.  This evidence is offered to prove Ms. Handy's intent and motive leading up to and on October 22, 2020.  The evidence is also offered to show whether or not Ms. Handy conspired with others up to and on October 22, 2020.  The evidence is offered for these purposes only, and you may not consider the evidence for any other purpose.  You must decide whether you believe the Government's evidence and whether you find that it helps you decide whether Ms. Handy committed the unlawful conduct charged in this case.  Your responsibility is to decide whether the Government proves beyond a reasonable doubt the unlawful conduct charged in this case.  This evidence is to be considered as to Ms. Handy only.  Ms. Handy is on trial only for the acts charged in he indictment, and may not be held responsible in this case for any other acts.

21

B.

Members of the jury, the defendants in this case are charged with having committed specific acts leading up to and on October 22, 2020.  The Government has presented evidence that certain Defendants, Ms. Handy and Mr. Goodman, have committed acts other than those charged in this case.  This evidence concerns Ms. Handy's alleged conduct on or about January 30, 2021 in Maryland and Mr. Goodman's alleged conduct on or about October 14, 2020 in New Jersey.  This evidence is offered to prove Ms. Handy's and Mr. Goodman's intent and motive leading up to and on October 22, 2020.  The evidence is also offered to show whether or not Ms. Handy and/or Mr. Goodman planned or conspired with others leading up to an on October 22, 2020.  The evidence is offered for these purposes only, and you may not consider the evidence for any other purpose.  You must decide whether you believe the Government's evidence and whether you find that it helps you decide whether Ms. Handy and/or Mr. Goodman committed the acts charged in this case.  Your responsibility is to decide whether the Government proves beyond a reasonable doubt the acts charged in this case.  The defendants here are on trial only for those acts and may not be held responsible in this case for any other acts.

## <u>INSTRUCTION NO. 17 - RIGHT OF DEFENDANT NOT TO TESTIFY</u>

Every defendant in a criminal case has an absolute right not to testify. Mr. Hinshaw and Mr. Goodman have each chosen to exercise this right. You must not hold this decision against either of them, and it would be improper for you to speculate as to the reason or reasons for each of the Defendants' decisions. You must not assume each Defendant is guilty because each chose not to testify.

## INSTRUCTION NO. 18 - DEFENDANT AS A WITNESS

A defendant has a right to become a witness in his or her own behalf.  Ms. Handy, Ms. Idoni, and Mr. Geraghty have each chosen to exercise that right. Their testimony should not be disbelieved merely because he or she is a defendant.  In evaluating their testimony, however, you may consider the fact that each has an interest in the outcome of this trial.  As with the testimony of any other witness, you should give each defendant's testimony as much weight as in your judgment it deserves.

## INSTRUCTION NO. 19 - INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of any defendant's guilt or draw any inference of guilt from it.

## **INSTRUCTION NO. 20 - NUMBER OF WITNESSES AND EXHIBITS**

The relative weight of the evidence on a particular issue is not determined by the number of exhibits or witnesses on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

## INSTRUCTION NO 21 - UNCALLED WITNESSES

If it is peculiarly within the power of either the Government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that the testimony would have been unfavorable to that party.  You may not draw such an inference in this case, however, because all witnesses were equally available to both parties, and some testimony of some witnesses would have been repetitive or cumulative.

## <u>INSTRUCTION NO. 22 - NATURE OF CHARGES NOT TO BE CONSIDERED</u>

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict, including the Government's decision as to which charges to bring.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## PART TWO

Ladies and Gentlemen, I would now like to talk with you about the specific offenses charged in this case.

## INSTRUCTION NO. 23 - EXPLANATION OF THE CHARGES/ MULTIPLE DEFENDANTS—MULTIPLE COUNTS

Again, each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of his or her guilt as to each of the crimes for which he or she is on trial determined from his own conduct and from the evidence that applies to him or her as if he or she were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find either of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. You will be provided with a verdict form to record your verdicts, which I will show you and explain to you later.

## INSTRUCTION NO. 24 - CONSPIRACY AGAINST RIGHTS—COUNT ONE

First, I will explain to you the elements of the offense of conspiracy against rights. It is against the law to agree with someone to commit a crime. That is called a conspiracy. More specifically, it is against the law to agree with someone to injure, oppress, threaten, or intimidate any person in the free exercise of any right or privilege secured to him or her by the laws of the United States. You are instructed that the laws of the United States provide employees of a reproductive health clinic to provide reproductive health services, including abortion, where permitted by state law without being unlawfully obstructed or impeded. You are instructed that the laws of the United States provide patients seeking such services the same right. I will explain what I mean by "obstructed or impeded" later.

The indictment in this case charges the defendants with conspiring and agreeing to injure, oppress, threaten, and/or intimidate patients and employees of the Washington Surgi-Clinic, a reproductive health clinic in the District of Columbia. To prove a conspiracy against rights, the Government must show the following three elements beyond a reasonable doubt:

1. That two or more persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate the patients and/or employees of the Washington Surgi-Clinic;

31

2. The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while the agreement or understanding was ongoing; and

3. At the time that the defendant joined in the agreement or understanding, the defendant intended to hinder, interfere with, or prevent the patients and/or employees of the Washington Surgi-Clinic in their right to obtain or seek to obtain, or to provide or seek to provide, reproductive health services permitted by state law.

As to the first element, the Government must show that a defendant joined the alleged conspiracy between on or about October 7, 2020 and on or about October 22, 2020. This does not have to be a formal agreement or plan in which everyone involved sat down and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists. For this first element, it is enough that the Government prove beyond a reasonable doubt that there was a common understanding among those who were involved to injure, oppress, threaten, or intimidate the patients and/or employees of the Washington Surgi-Clinic.

As to the second element, the Government must show that a defendant voluntarily and intentionally joined in the alleged agreement or understanding

to disrupt patients and/or employees of the Washington Surgi-Clinic.  It is not necessary to find that a defendant agreement to all the details of the alleged conspiracy or knew the identity of all the other people that the Government claims were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor role, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  The defendant, however, need not know that the object of the conspiracy violated any particular law or any law at all.  Instead, the defendant must enter an agreement to perform acts which are in fact illegal. Even if a defendant is not part of the agreement at every stage, he or she can become a member of the conspiracy later, so long as the Government proves beyond a reasonable doubt that he or she intentionally joined in the agreement.

That said, mere presence at the scene of the agreement of the crime, or merely being with the other participants does not show that a defendant knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself without more, does not make a defendant part of the conspiracy.

Some of the people who may have been involved in the conspiracy are not on trial.  This does not matter.  There is no requirement that all members of a

conspiracy be charged or prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the defendant conspired with one or more of them.

In determining whether a conspiracy between two or more persons existed and whether the defendant was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against all of the defendants whether done in or out of his or her presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the act or statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before the conspiracy's existence or after its termination may be considered as evidence only against the person making such statements.

As to the third element, the Government must show beyond a reasonable doubt that a defendant's purpose or intent in joining the conspiracy was to use force and physical obstruction to hinder, interfere with, or prevent the patients and employees of the Washington Surgi-Clinic in their legal right to obtain or

seek to obtain, or to provide or seek to provide, reproductive health services, including, but not necessarily limited to, abortion services.  The Government need not show that any of the defendants actually succeeded in preventing any patient or employee of the Washington Surgi-Clinic from accessing any particular reproductive heath services, merely that a defendant conspired with another to do so.  To meet this element, you need only find that the purpose of the conspiracy was to violate a right protected by the Constitution or laws of the United States.  This element can be met even if the conspirators were also motivated by some other emotion or aim, so long as one purpose of the conspiracy was to deprive the Washington Surgi-Clinic's patients and/or employees from exercising the statutory right to be free from the use of force, threats of force, or physical obstruction to stop them from accessing and/or providing one or more reproductive health services.

## INSTRUCTION NO. 25 – FREEDOM OF ACCESS TO CLINIC ENTRANCES ("FACE") Act—COUNT TWO

Count Two charges the defendants with obstructing access to a reproductive health clinic.  The Government must prove the following elements beyond a reasonable doubt:

1. A defendant used force or physical obstruction;

2. A defendant intentionally injured, intimidated, or interfered with Ashley Jones or the employees of the Washington Surgi-Clinic, or attempted to do so; and

3. A defendant did so because Ashley Jones was obtaining, or the Washington Surgi-Clinic was providing, reproductive health services.

As to the first element, the term "force" means power and/or violence exerted upon or against a person or property.  The term "physical obstruction" means rendering impassable an entrance to or an exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.  A defendant need not obstruct a particular person at a particular time, but rather need only obstruct an entrance to or exit from a clinic with the specific intent to do so.

As to the second element, the term "intimidate" means to place a person in reasonable expectation of bodily harm to themself or another.  The term "interfere" means to restrict a person's freedom of movement.

36

As to the third element, "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy. A provider of reproductive health services includes any staff member who is an integral part of the business where reproductive health services are provided. You are instructed that there is no law in the District of Columbia limiting the stage of pregnancy at which an abortion may be performed.

So long as Ashley Jones' status as a reproductive health services patient, or the Washington Surgi-Clinic's employees' roles as reproductive health services providers was one cause of the defendant's conduct, that is enough to satisfy the third element. Nor need either person's status be the sole reason why the defendant took action against them, so long as either the provision or receipt of reproductive health services was *one* reason why the defendant took action against them.

## INSTRUCTION NO. 26 - WILLFULLY CAUSING AN ACT TO BE DONE

You may find a defendant guilty of the crime charged in Count Two without finding that they personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is liable for an act which they willfully cause to be done if the act would be criminal if performed by them directly or by another. To "cause" an act to be done means to bring it about. You may convict one or more of the defendants of the offense charged in Count Two if you find that the Government has proven beyond a reasonable doubt each element of that offense and that that defendant willfully caused such an act to be done, with the intent to commit the offense.

## INSTRUCTION NO. 27 - AIDING AND ABETTING

A defendant may be found guilty on Count Two of the indictment even if the defendant did not personally commit the act(s) constituting the offense but nevertheless aided and abetted in the crime's commission. For a defendant to be guilty of aiding and abetting on Count Two, the Government must show the following elements beyond a reasonable doubt:

1. The specific offense charged in Count Two was committed by someone;

2. The defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the offense charged in Count Two;

3. The defendant acted with the intent to facilitate the offense charged in Count Two; and

4. The defendant acted before the offense charged in Count Two was completed.

It is not enough that the defendant merely associated with the person committing the offense charged in Count Two or unknowingly or unintentionally did things that were helpful to that person. Rather, the evidence must show beyond a reasonable doubt that the defendant acted with

the knowledge and intent of helping that person commit the offense charged in Count Two.

A defendant acts with the intent to facilitate a crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.    Advance knowledge means knowledge at a time the person can attempt to alter the plan or withdraw from the enterprise.    Knowledge may, but does not have to, exist before the underlying crime is begun.    It is sufficient if the knowledge gained in the midst of the underlying crime, as long as the individual continues to participate in the crime and has a realistic opportunity to withdraw.    You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his or her participation in the crime after learning that it was being committed.

## <u>INSTRUCTION NO. 28 - CO-CONSPIRATOR LIABILITY</u>

A member of a conspiracy who commits another crime during the existence or life of a conspiracy and commits this other crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy. The illegal actions of this conspirator in committing this crime may be attributed to other individuals who are then members of the conspiracy. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the Government has proven a particular defendant guilty of conspiracy beyond a reasonable doubt, as charged in Count One of the indictment, you may also find that defendant guilty of the crime alleged in Count Two of the indictment, provided you find that the elements of that count as defined in these instructions have been established beyond a reasonable doubt, and provided further, that you also find beyond a reasonable doubt that:

1. The offense charged in Count Two was committed by a member of the conspiracy as detailed in Count One of the indictment;

2. The offense charged in Count Two was committed during the existence or life of and in furtherance of the goals or objectives of the conspiracy detailed in Count One of the indictment;

3. The commission of the offense charged in Count Two was reasonably foreseeable as a necessary or natural consequence of the conspiracy detailed in Count One of the indictment. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan; and

4. At the time that the offense charged in Count Two was committed, the particular defendant was a member of the conspiracy detailed in Count One of the indictment.

## INSTRUCTION NO. 29 - PROOF OF STATE OF MIND

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by any defendant, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that any defendant acted with the necessary state of mind.

## <u>INSTRUCTION NO. 30 – "On or About" – Proof Of</u>

The indictment claims that the charged offenses were committed "on or about" October 7, 2020 and October 22, 2020.  The proof need not establish with certainty the exact date of each alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## PART THREE

Ladies and Gentlemen, I would now like to talk with you about your deliberations in this matter.

## INSTRUCTION NO. 31 - SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission— to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## INSTRUCTION NO. 32 - COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## INSTRUCTION NO. 33 - UNANIMITY—GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

## INSTRUCTION NO. 34 - POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of either defendant in the event of any conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## INSTRUCTION NO. 35 - ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## INSTRUCTION NO. 36 - EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## INSTRUCTION NO. 37 - FURNISHING JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## <u>INSTRUCTION NO. 38 - VERDICT FORM EXPLANATION</u>

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## <u>INSTRUCTION NO. 39 - CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH</u>

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## <u>INSTRUCTION NO. 40 - EXCUSING ALTERNATE JURORS</u>

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected <u>three</u> seats to be the alternate seats before any of you entered the courtroom.  Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats <u>THREE (3)</u>, <u>THIRTEEN (13)</u>, and <u>FOURTEEN (14)</u>.

Before you <u>three</u> leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

## <u>INSTRUCTION NO. 41 - INSTRUCTIONS TO JURY BEFORE POLLING</u>

I am going to ask each of you, by seat number, if you agree with the verdicts as stated by your foreperson.  We do this to make sure your verdicts are unanimous.  If you agree with all the verdicts, simply say "yes" when I call your seat number.  If you disagree with any of the verdict(s), simply say "no when I call your seat number.

Ladies and Gentlemen, at this time you may retire to begin your deliberations, but before you retire I must extend my thanks and appreciation for the participation up to this point of jurors in seats numbered <u>THREE,</u> <u>THIRTEEN, AND FOURTEEN</u>. They were determined at the outset of the trial to be the alternate jurors in this matter, and I am required to excuse the prior to the beginning of deliberations. I wish to thank all of you, and you may return to the jury room.

Marshal, will you please escort the jury to the jury room?

<u>THE END</u>