# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-3143**  **September Term, 2023**

1:22-cr-00096-CKK-1
1:22-cr-00096-CKK-10
1:22-cr-00096-CKK-2
1:22-cr-00096-CKK-5
1:22-cr-00096-CKK-8

**Filed On:** November 3, 2023

United States of America,

    Appellee

    v.

Lauren Handy,

    Appellant

------------------------------

Consolidated with 23-3146, 23-3147,
23-3156, 23-3158

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:** Henderson*, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's August 29, 2023 and September 15, 2023 minute orders detaining appellants pending sentencing, and the district court's August 31, 2023 memorandum opinion and order denying

___

\* Circuit Judge Henderson would reverse the district court's orders detaining appellants pending sentencing and the district court's memorandum opinion and order denying reconsideration.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3143**                                                      **September Term, 2023**

reconsideration of the district court's August 29 detention order, be affirmed. Appellants have not demonstrated that the district court erred in concluding that they had been found guilty of a crime of violence and therefore should be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

Appellee argues that the Freedom of Access to Clinic Entrances ("FACE") Act, 18 U.S.C. § 248, is "divisible," and therefore that the court should apply the "modified categorical approach." See Mathis v. United States, 579 U.S. 500, 505-06 (2016); Descamps v. United States, 570 U.S. 254, 263-64 (2013). Appellants do not argue otherwise. Thus, the court assumes, without deciding, that the statute is divisible, and because appellants were found guilty of violating the FACE Act by force and by physical obstruction, that appellants were found guilty of a separate offense from one "involving exclusively a nonviolent physical obstruction." 18 U.S.C. § 248(a)(1), (b).

Notably, the parties agree that the level of "force" required to support a FACE Act conviction is "violent force . . . capable of causing physical pain or injury to another person," Johnson v. United States, 559 U.S. 133, 140 (2010), so the court does not decide whether a lesser degree of force might suffice. This leaves the court with appellants' contention that the plurality opinion in Borden v. United States, 141 S. Ct. 1817 (2021), introduced a rule that an offense is not categorically a crime of violence unless it requires a specific intent to harm, and that the FACE Act lacks such a requirement. However, appellants have failed to persuade the court that the plurality opinion did in fact introduce this rule, or that such a rule would apply to the present case, which involves differently-worded statutes.

The plurality opinion in Borden concluded that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner." 141 S. Ct. at 1825; see also id. at 1826 ("[T]he pairing of volitional action with the word 'against' supports that word's oppositional, or targeted, definition."). While the opinion does state that offenses criminalizing reckless conduct will not categorically qualify as violent felonies under the relevant statute, appellants have not demonstrated that the Justices intended to establish a requirement – in addition to the intent needed for the crime – that the perpetrator act with a specific intent to harm or injure another. See Amaya v. Garland, 15 F.4th 976, 983 (9th Cir. 2021).

Furthermore, even if the plurality opinion in Borden did conclude that the definition of "violent felony" in the Armed Career Criminal Act encompasses only crimes committed with a specific intent to harm another, appellants have not demonstrated that that requirement would apply here, where the crime of violence definition encompasses

Page 2

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3143**                                                         **September Term, 2023**

"an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person <u>or property</u> of another." 18 U.S.C. § 3156(a)(4)(A) (emphasis added).

Appellants argue that the FACE Act permits a conviction based on force used with the specific intent to "interfere with," rather than "injure," another, and therefore is not a crime of violence under <u>Borden</u>. But, for the reasons stated, appellants have not demonstrated that 18 U.S.C. § 3156(a)(4)(A) requires a specific intent to injure. Moreover, the FACE Act appears to satisfy <u>Borden</u>'s requirement that the force be "directed" or "targeted." It imposes penalties on one who "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services." 18 U.S.C. § 248(a)(1). The most natural reading of that language appears to foreclose appellants' argument that one could intentionally use force, with an intent to "injure, intimidate or interfere with" another, because that person is obtaining or providing reproductive health services, and yet act with a state of mind of mere recklessness.

Appellants also contend that a conviction for the "more serious" FACE Act misdemeanor based on "physical obstruction" is not categorically a crime of violence because it can include nonviolent physical obstruction. The FACE Act provides lower penalties for "offense[s] involving exclusively a nonviolent physical obstruction." 18 U.S.C. § 248(b). Appellants reason that one could therefore be guilty based on "physical obstruction" but not fall into that lower penalty category either by using violent physical obstruction or by using nonviolent physical obstruction in addition to force or threat of force (thereby making it not "exclusive"). However, appellants have not demonstrated that the district court erred in concluding that a FACE Act conviction based on the use of force is a crime of violence, so one found guilty of violating the FACE Act by both force and nonviolent physical obstruction would still necessarily have been found guilty of a crime of violence.

Finally, appellants do not challenge the district court's conclusion that there was no "substantial likelihood that a motion for acquittal or new trial will be granted" or that the government intended to recommend a sentence of imprisonment, 18 U.S.C. § 3143(a)(2)(A). They have therefore forfeited the issue. <u>See</u> <u>United States ex rel. Totten v. Bombardier Corp.</u>, 380 F.3d 488, 497 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

### United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———————

**No. 23-3143**  **September Term, 2023**

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                      **FOR THE COURT:**
                      Mark J. Langer, Clerk

BY:   /s/
        Daniel J. Reidy
        Deputy Clerk